201903909
kj

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## AT COLUMBUS

| | |
|---|---|
| IN RE: | Case No. 19-52868 |
| LEONARD NYAMUSEVYA, SR. FDBA ACADEMIC I AM | Chapter 13 |
| | Judge John E. Hoffman, Jr. |
| Debtor | |
| | **OBJECTION TO DEBTOR'S PLAN BY CITIMORTGAGE, INC.** |
| | **(PROPERTY ADDRESS: 2064 WORCESTER COURT COLUMBUS, OH 43232)** |

Now comes CitiMortgage, Inc. (hereinafter "Creditor"), a secured creditor, and respectfully objects to the proposed Chapter 13 Plan filed herein by the Debtor on May 1, 2019 as PACER Docket No. 9 and Amended Chapter 13 Plan filed herein by Debtor on May 6, 2019 (hereinafter "Plan") upon the grounds that the plan has been filed not in good faith and is not in a posture for confirmation. The Court should enter an order denying confirmation for the reasons set forth below and dismissing the case pursuant to 11 U.S.C. §1307(c). This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor. Creditor reserves the right to amend and/or supplement this objection should additional information be necessary. This Objection is supported by the following Memorandum.

**MEMORANDUM**

**I.  STATEMENT OF FACTS**

On June 26, 2002, Leonard Nyamusevya and Consolata Nkurunziza obtained a loan in the amount

of $136,700.00. Such loan was evidenced by a promissory note dated June 26, 2002 (the "Note"). To secure payment of the Note and performance of the other terms contained in it, Debtor Leonard Nyamusevya and Consolata Nkurunziza, also executed a Mortgage secured by Debtor's principal residence located at 2064 Worcester Court, Columbus, OH 43232 ("Real Property").

Based upon Debtor's failure to abide by the terms of the Note and Mortgage as contractually agreed upon, Creditor declared the debt evidenced by the Note due and owing. Creditor filed a Foreclosure Complaint against the Real Property on September 14, 2010 under Franklin County, Ohio Court of Common Pleas Case No. 10 CV 013480.

The defendants in the Foreclosure Complaint are Leonard Nyamusevya, his former wife, Consolata Nkurunziza, unknown spouses for them, and the Franklin County, Ohio, Treasurer. The named defendants answered separately, and they are unmarried. In response to the complaint, Defendant Leonard Nyamusevya filed counterclaims and approximately 35 motions, primarily seeking dismissal of the action. By Decision entered July 10, 2013, the common pleas court resolved all of the pending motions and granted summary judgment to Plaintiff. Five days later, Debtor, Leonard Nyamusevya, removed the case to federal district court. Creditor sought remand, and ultimately the federal district court remanded the case to the common pleas court on March 21, 2014 (docketed March 31, 2014). The common pleas court rendered a Judgment and Decree in Foreclosure on May 20, 2014, a copy of which is attached as Exhibit A, and the first judicial foreclosure sale was scheduled for August 22, 2014. Debtor Leonard Nyamusevya appealed.

However, the appeal was interrupted and the Foreclosure action was stayed due to the filing of Debtor Leonard Nyamusevya's first Chapter 13 bankruptcy petition on August 18, 2014 under Southern District of Ohio Case Number 14-55846. Creditor filed its secured Proof of Claim on December 17, 2014 detailing a pre-petition mortgage arrearage in the amount of $72,419.67, to which no party objected. Debtor's Confirmed Chapter 13 Plan provided for regular mortgage payments to be paid on a conduit

basis by the Trustee to Creditor and cure of an estimated pre-petition arrearage of $75,000.00. The Chapter 13 Trustee filed a Motion to Dismiss Debtor for Debtors Failure to Make Plan Payments on March 18, 2015 which was resolved by an Agreed Order holding the Trustee's Motion to Dismiss be held in abeyance to allow Debtor the opportunity to perform under the confirmed Chapter 13 Plan. However, an Affidavit of Default was filed by the Trustee and the case was dismissed on August 3, 2015 for Debtor's failure to comply with the terms of the Court's Agreed Order.

Creditor reactivated its State Court Foreclosure action. However, the Foreclosure action was again stayed due to the Co-Debtor, Consolata Nkurunziza, filing a Chapter 7 bankruptcy petition on June 10, 2015 under Southern District of Ohio Case No. 15-53820. Creditor filed a Motion for Relief from Stay on August 31, 2015. Debtor sought to interject himself in to Consolata Nkurunziza's bankruptcy case by filing a 99 page objection to Creditor's Motion for Relief from Stay, but failed to attend the hearing on the Motion for Relief from Stay. Creditor obtained relief from stay via an Order Granting Motion for Relief on December 14, 2015. Debtor filed a Motion to Alter or Amend the Court's Order Granting Relief from Stay on December 28, 2015 and on January 7, 2016, followed by a Motion "for Leave 1) to File Instanter Long Motion Ordered by this Court's December 31, 2015 Court's Order; and 2) for Extension of Time for Hearing to Allow getting Counsel; and 3) to File Bilatedly." The bankruptcy case closed on April 17, 2017.

The appeal was reactivated. By Decision rendered August 30, 2016, the Court of Appeals affirmed in part and reversed in part the common pleas court's Judgment and Decree in Foreclosure. The appellate court affirmed that Plaintiff had standing to commence the foreclosure, but found an issue of fact existed with regard to the amount Plaintiff asserted was due based on an affidavit filed by Debtor. The court of appeals "remand[ed] the matter for further proceedings to determine the amount appellant owes on the loan." 10th Dist. No. 14AP-464, *Decision* entered August 30, 2016, page 13. Debtor Leonard Nyamusevya

sought reconsideration in the court of appeals, as well as further review of the matter in the Supreme Court of Ohio, on the issue of Plaintiff's standing. But, both courts denied his further requests for relief.

On remand, Debtor Leonard Nyamusevya insisted on trial by jury, which was scheduled for November 5, 2018. On October 31, 2018, Debtor filed a new Complaint for Writ of Mandamus and for a Writ of Prohibition in the Ohio Supreme Court, in which he sought to block the jury trial. Nevertheless, jury trial went forward as scheduled, and the common pleas court issued another Judgment and Decree in Foreclosure to Creditor on November 15, 2018, a copy of which is attached as Exhibit B, and a judicial foreclosure sale was scheduled for May 3, 2019. Just a few hours after the entry of judgment, Debtor Leonard Nyamusevya filed a "Motion to Stay the 11-15-2018 Trial Court Final and Appealable Default Decision," and subsequently appealed to the Tenth District Court of Appeals. The Court set a supersedeas bond to protect the Creditor against damages caused by an unsuccessful appeal, and Debtor has thus far failed to post any bond. Instead, Debtor filed numerous additional motions for a stay of the sheriff's sale scheduled for May 3, 2019. The common pleas court overruled all of them. On January 23, 2019, the Supreme Court of Ohio dismissed the Complaint for Mandamus and Prohibition.

Debtor attempted to stay the state court foreclosure action by moving to reopen his 2014 Bankruptcy case on April 19, 2019, which was promptly denied by this court on May 13, 2019.

The May 3, 2019 foreclosure sale was postponed to July 5, 2019, however, the state court foreclosure action was ultimately stayed due to Debtor Leonard Nyamusevya filing another Chapter 13 petition *pro se* on May 1, 2019 under the within proceeding as Southern District of Ohio Case No. 19-52868.

The mortgage loan account remains in default, resulting in an estimated pre-petition arrearage of $149,963.91.

## II. LEGAL ANALYSIS

### THE PLAN HAS IS NOT IN A POSTURE FOR CONFIRMATION AND HAS NOT BEEN PROPOSED IN GOOD FAITH IN VIOLATION OF SECTION 1325(a) OF THE BANKRUPTCY CODE.

The Plan is not in a posture for confirmation pursuant to 11 U.S.C. §1325(a)(1) and Debtor is unable to prove the current bankruptcy was filed in good faith. To be confirmed, a Chapter 13 plan must be proposed in good faith. 11 U.S.C. § 1325(a)(3); *Ed Schory & Sons. Inc. v. Francis (In re Francis)*, 273 B.R. 87, 91 (B.A.P. 6th Cir. 2002 ) ("[A] debtor's plan cannot be confirmed unless it is proposed in good faith . . . .") (citing *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir. 1990); *In re Carver*, 110 B.R. 305, 307 (Bankr. S.D. Ohio 1990) ("It is axiomatic that good faith is essential to the confirmation of every Chapter 13 plan."). "[W]hile the objecting party must meet the initial burden of producing evidence in support of his objection, the debtor bears the ultimate burden of persuasion on the issue of compliance with the confirmation criteria contained in § 1325(a)." *Carver*, 110 B.R. at 311. *See also Francis*, 273 B.R. at 91 ("[T]he debtor bears the burden of proving his good faith.").

The relevant elements to be considered to determine whether the Debtor filed the within petition in good faith include: Debtor's income; probable or expected duration of the plan; Debtor's sincerity, motivations, and degree of effort, and ability to earn; likelihood of fluctuation in Debtor's earnings; frequency with which Debtors have sought bankruptcy relief; circumstances of debts; demonstration of good faith in dealing with creditors; the Debtor's employment history; Debtor's intent to frustrate Creditor's foreclosure efforts; the accuracy of the plan's statement of debts; expenses and percentage repayment of unsecured debt; whether any inaccuracies are an attempt to mislead the Court; and, whether the Debtor is attempting to abuse the spirit of the Bankruptcy Code. *In re Caldwell*, 851 F. 2d 852 (6th Cir. 1988); *Ed Schory & Sons. Inc. v. Francis (In re Francis),* 273 B.R. 87, 91 (6th Cir. BAP 2002); *In re Doersam*, 849 F. 2d 237 (6th Cir. 1988); *In re Barrett*, 964 F. 2d 588 (6th Cir. 1992); *In re*

*Stulley*, 108 B.R. 174 (Bankr., S.D. Ohio, Eastern Div., 1989, Cole, Judge); see also, *In re Okeoreeh-Baah*, 836 F.sd 1030 (6th Cir. 1998)(detailing a "totality of circumstances" test).

The Plan fails to comply with 11 U.S.C. §1325(a)(1) and is not in a posture for confirmation. Debtor's Plan contains inconsistent information. For example, section 2 of the plan provides for monthly plan payments in the amount of $1,960.00 per month. However, the first nonstandard plan provision in section 13 proposes monthly plan payments in the amount of $2,100.00 per month. Section 2.1 provides the Debtor shall commence payments within thirty (30) days of the petition date. However, section 2.1.1 provides payments will commence on July 1, 2019, in violation of 11 U.S.C. §1326(a).

Debtor's 74 page Plan, which includes 35 nonstandard provisions in section 13, and which has not been property served pursuant to Fed. R. Bankr. R. 7004, highlights Debtor's latest attempt to further abuse the bankruptcy process.  Debtor fails to recognize Creditor's secure claim status and makes no provision for payment on Debtor's mortgage.  Debtor is asking this court to frustrate the decision of the state court in an attempt to use the bankruptcy court as a further appeal of the decision that Creditor has a valid judgment, which has been repeatedly upheld.  The Rooker-Feldman doctrine prohibits this court from acting as an appellate court over state court decisions, disallowing "federal district courts from hearing 'cases brought by state-court losers complaining of injuries caused by state-court judgments.'" <u>Nathan Hake Farms, LLC v. Simpson (In re Hake)</u>, 2019 U.S. App. LEXIS 13141, 2019 WL 1941480 (6th Cir. 2019) (unpublished) (quoting <u>Brent v. Wayne Cty. Dep't of Human Servs</u>., 901 F.3d 656, 674 (6th Cir. 2018).

The circumstances of the instant case, in conjunction with Debtor's prior dismissed bankruptcy case and repeated failed attempts to attack the state court foreclosure judgment in favor of Creditor, support a finding of bad faith. Debtor's actions, taken as a whole, are indicative of a person intent on abusing the bankruptcy process.  The Debtor clearly has not satisfied his burden to establish good faith.

Debtor has established neither a substantial change in his financial affairs since the prior bankruptcy filing nor any other reason to conclude that the pending case will be successful.

WHEREFORE, based on the foregoing, Creditor respectfully requests that confirmation of the proposed plan be denied.

/s/Mia L. Conner
Mia L. Conner, Case Attorney
Ohio Supreme Court Reg. No. 0078162
LERNER, SAMPSON & ROTHFUSS
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
(513) 241-4094 Fax
(877) 661-7891 Toll Free Fax
sohbk@lsrlaw.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing Objection to Debtor's Plan was served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by ordinary U.S. Mail on June 26, 2019 addressed to:

Leonard Nyamusevya Sr.
PO Box 314
Reynoldsburg, OH 43068

              /s/Mia L. Conner
              Mia L. Conner, Case Attorney
              Ohio Supreme Court Reg. No. 0078162
              LERNER, SAMPSON & ROTHFUSS
              P.O. Box 5480
              Cincinnati, OH 45201-5480
              (513) 241-3100
              (513) 241-4094 Fax
              (877) 661-7891 Toll Free Fax
              sohbk@lsrlaw.com

201903909
kj

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## AT COLUMBUS

| | |
|---|---|
| IN RE: | Case No. 19-52868 |
| LEONARD NYAMUSEVYA, SR. FDBA ACADEMIC I AM | Chapter 13 |
| | Judge John E. Hoffman, Jr. |
| Debtor | |
| | **NOTICE OF FILING OF OBJECTION TO DEBTOR'S PLAN BY CITIMORTGAGE, INC.** |
| | **(PROPERTY ADDRESS 2064 WORCESTER COURT COLUMBUS, OH 43232)** |

## **OFFICIAL FORM 20A**

CitiMortgage, Inc. has filed papers with the Court objecting to the confirmation of the debtor's Chapter 13 Plan.

**YOUR RIGHTS MAY BE AFFECTED**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the objection sought in the objection to plan, or if you want the court to consider your views on the objection to plan, then you or your attorney must:

\* attend the confirmation hearing scheduled to be held at:

U.S. Bankruptcy Court
170 North High Street
Columbus, OH  43215

      If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to plan and said objection may be granted by the Court.

DATED: June 26, 2019

          /s/Mia L. Conner
          Mia L. Conner, Case Attorney
          Ohio Supreme Court Reg. No. 0078162
          LERNER, SAMPSON & ROTHFUSS
          P.O. Box 5480
          Cincinnati, OH 45201-5480
          (513) 241-3100
          (513) 241-4094 Fax
          (877) 661-7891 Toll Free Fax
          sohbk@lsrlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Filing Objection to Debtor's Plan was served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by ordinary U.S. Mail on June 26, 2019 addressed to:

Leonard Nyamusevya Sr.
PO Box 314
Reynoldsburg, OH 43068

    /s/Mia L. Conner
Mia L. Conner, Case Attorney
Ohio Supreme Court Reg. No. 0078162
LERNER, SAMPSON & ROTHFUSS
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
(513) 241-4094 Fax
(877) 661-7891 Toll Free Fax
sohbk@lsrlaw.com