UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

In Re:

**LEONARD NYAMUSEVYA**                    ]        **Case No. 2:19-bk-52868**
                                          ]        **Chapter 7**
              **Debtor.**                 ]
                                          ]        **Judge John E. Hoffman, Jr.**
                                          ]
                                          ](Trial by Jury Requested Hereon, Fed. R. Civ. P. 38)
                                          ]
Debtor-Plaintiff does consent to entry of final orders or judgment by the bankruptcy court.

---

## DEBTOR'S AMENDED MOTION FOR OBJECTION TO AMENDED MOTION OF CITIMORTGAGE, INC., FOR RELIEF FROM THE AUTOMATIC STAY (DOC. NO. 110).

---

**NOW COMES** the Debtor, Leonard Nyamusevya, (hereinafter the "Debtor,") and hereby respectfully and truthfully moves meritoriously this Bankruptcy Court (hereinafter this "Court") in good faith, for an Order Wholly Objecting to Citimortgage, Inc.'s frivolous; unsupported; deficient; fraudulent; unmeritorious; and unlawful October 15, 2019 "Amended Motion of Citimortgage, Inc., for Relief from the Automatic Stay (hereinafter the "stay") (Property Located at 2064 Worcester Court, Columbus, Ohio 43232) (Doc. No. 110), (hereinafter the "Amended Motion 110")."

Amended Motion 110 was made in bad faith and is deceitful and frivolous. Citimortgage, Inc., filed it (Doc. No. 110) in order to fraudulently mislead this Court, into the belief that its June 19, 2017 Affidavit of Correction (hereinafter "Affidavit F") (Doc. No. 110: Exhibit "F"), which was recorded as Instrument No. 20170 61900 82077, assigned the Debtor's June 26, 2002 Mortgage that was recorded as Instrument No. 20020 70501 65696 (hereinafter the "Mortgage 65696") to ABN AMRO Mortgage Group, Inc., (hereinafter "ABN AMRO"). On March 19, 2019 and on April 02, 2019, the Franklin County Recorder's Office deputies asserted that Citimortgage, Inc., never recorded its interest in the Debtor's real property to date; and that Citimortgage, Inc.'s name is not mentioned in the Chain of Title Transfer of the Debtor's real property; and that the June 26, 2002 Assignment of Mortgage needs re-recorded; and that the Debtor's Mortgage 65696 was never assigned to ABN AMRO to date; consequently, Citimortgage, Inc., fraudulently committed an unlawful dishonesty upon this Court. This Court should deny lifting the stay, because there is no justification and no evidences to lift the stay.

Citimortgage, Inc., relied upon its perpetuation of unlawful and fraudulent and deceitful conduct upon the Courts; and its fraudulent concealment of required evidentiary documents; and its fraudulent and misleading tactics; and its fraudulent misrepresentations of material facts, maliciously in bad faith; and its willful and deliberate abuse of this Bankruptcy process, in its pursuit to seek the

relief from the automatic stay (hereinafter the "stay"), by deceitfully and misleadingly and fraudulently avoiding this Bankruptcy Court's forum (hereinafter the "Bankruptcy forum"), over its preferred State Court forum, which disregarded the mandate of O.R.C. § 2329.191 and its own Local Rule 96, and which unduly wasted the State Court resources and judicial economy, and increased the litigation cost.

There is no justified ground for the lifting of the stay, because in the State Court's forum (hereinafter the "State forum"), for more than 9 years of massive litigation and waste of judicial economy and Courts' resources, this Case was not ended; and that Citimortgage, Inc., was procured with its invalid and subject to collateral attacks' State Court's November 15, 2018 Judgment for Plaintiff and Decree in Foreclosure (hereinafter the "Judgment **M**") (Doc. No. 110: Exhibit "**M**"), which *for justified reason for not being against the Debtor's Mortgage 65696 that had been satisfied and paid in full, Citimortgage, Inc., denied to presenting it to this Court, in support to its claims.* Citimortgage, Inc., concealed and denied attaching it to its July 10, 2019 Proof of Claim No. 6 (hereinafter the "P.O.C. No. 6"), because it was against the Mortgage that was assigned as Instrument No. 20020 70101 60742 (Doc. No. 19: Exhibit "5" and exhibit "6") (hereinafter the "Mortgage 60742"), and the Mortgage that was assigned as Instrument No. 20020 70901 68790 (Doc. No. 19: Exhibit "2") (hereinafter the "Mortgage 68790"), which never belonged to the Debtor; consequently, Citimortgage, Inc., filed its Amended Motion No. 110 and vainly supported it with its June 19, 2017 Affidavit F (Doc. No. 110: Exhibit "**F**"), which is deficient and futile and has no legal force and precluded under Rule 3001(c)(2)(D)(i) from being presented in any form as evidence in this instant Case, and which under existing law, never assigned the Debtor's June 26, 2002 Mortgage 65696 to ABN AMRO Mortgage Group, Inc.,(hereinafter the "ABN AMRO") to date; and which never re-recorded the Capitol Mortgage Services, Inc.'s (hereinafter the "Cap.Mortg.Serv, Inc.,") June 26, 2002 Corporation Assignment of Mortgage (hereinafter the "Corp.Ass.Mortg. 'D'"), which only and specifically assigned the Mortgage 60742 (Doc. No. 110: Exhibit "D"), to ABN AMRO; and which incontestably affirms that Citimortgage, Inc.'s original allegations in its September 14, 2010 Foreclosure Complaint (hereinafter the "2010 Complaint") and in its Amended Motion No. 110 are incontestably and convincingly false and abuse of this Bankruptcy process; and are substantially deceitful; and fraudulent; and frivolous; and ungrounded; and malicious in bad faith; and thus constitute Citimortgage, Inc.'s lack of the jurisdiction standing to invoking the State Court's jurisdiction, and to prosecuting the Debtor.

Pursuant to 11 U.S.C. § 558; and 11 U.S.C. § 105(a); and 11 U.S.C. § 362(g)(1); and 11 U.S.C. § 362(g)(2); and 11 U.S.C. § 101(10)(A); and 24 C.F.R. § 201.50(b); and Rule 6007; and S.D. LBR 6007-1(c)(3); and S.D. LBR 6007-1(c)(5); and S.D. LBR 6007-1(d); and Rule 3001(c)(2)(D)(i); and

2

Fed. R. Bankr. P. 9011; and Civ. R. 11; and O.R.C. §§ 1701.82(A)(1); and O.R.C. §§ 1701.82(A)(3); and O.R.C. § 2329.191; and O.R.C. §§ 5301; and O.R.C. §§ 5301.25; and O.R.C. §§ 5301.28; and O.R.C. §§ 5301.31; and O.R.C. §§ 5301.32; and O.R.C. §§ 5309.53; and O.R.C. §§ 5309.54; and the Fraud Exception to the *Rooker-Feldman* Doctrine; and the Doctrine of Estoppels; and both the State of Ohio and the U.S. Constitutions, the Debtor respectfully demands that this Court denies lifting the stay and grant a Quiet Title to the Debtor; and grant the Debtor's Motion (Doc. No. 22), to wholly ending and disposing the more than 9 years of Citimortgage, Inc.'s litigation against the Debtor.

Because Citimortgage, Inc., was never the owner or holder of the Debtor's Mortgage 65696; and because Citimortgage, Inc., lacks its Preliminary and Final Judicial Reports, which are required for jurisdiction standing, in this Ohio foreclosure case; consequently, for more than 9 years of Citimortgage, Inc.'s endless litigation against the Debtor, in the State Court forum, this instant Case will endlessly continue, because the State Court disregarded existing law; and its own Local Rule 96; and the mandate of O.R.C. §§ 2329.191; unless and only a federal Bankruptcy or a federal District Court's judge would intervene and wholly end and dispose this instant Case, under federal jurisdiction and law, in order to timely providing the Bankruptcy relief of a fresh start to the Debtor.

Because Citimortgage, Inc., was procured on November 15, 2018 with its Judgment M (Doc. No. 110: Exhibit "M") and there is a stayed pending appeal for the Judgment M; consequently, the Debtor cannot file his Motion under Civ. R. 60; consequently, since this Court is an "All Writs" Federal Court of competent power to accomplish the relief sought by Citimortgage, Inc., without having to litigate anew in the State Court forum, through endless litigation against the Debtor; consequently, this Court should not disturb the stay in order to prevent Citimortgage, Inc., from aborting the relief of a fresh start to the Debtor; consequently, should it be adjudicated at anytime by this Court, as necessary to sell the Debtor's real property, for the purpose of paying creditors; consequently, the Debtor will concede to this Court's term, for this Court to sell the Debtor's real property without going through the online foreclosure auctioning process, which will be devastating.

This Court should grant this Motion in order to avoid serious prejudice affecting the Debtor, and to avoid the irreparable loss of the Debtor's real property. Citimortgage, Inc., is losing nothing at all and is not affected by the denial to lift the stay. Citimortgage, Inc., did not allege any pre-petition and post-petition decline in value of the Debtor's real property. The Debtor preserves the right to amend or supplement this Motion. The attached Memorandum and Affidavit in Support set forth the ground for granting this Motion. This Motion is the most substantial to the Debtor's interest and outcome in this matter. The Debtor will file his Affidavit in Support tomorrow. The Debtor is working hard to get his file and evidentiary documents that are unlawfully held by Attorney Michael O'Reilly.

## MEMORANDUM IN SUPPORT

## INTRODUCTION AND FACTS:

In this Case at bar, Citimortgage, Inc.'s claim and lien against the Debtor's real property has a $0.00 account balance; thus unlike § 101(10)(A), Citimortgage, Inc., is no longer a creditor with standing in this instant Bankruptcy Case, because Citimortgage, Inc.'s $0.00 account balance on its Note and the Debtor's June 26, 2002 Mortgage 65696 had been satisfied and paid in full; consequently, based on this Court's record, under Rule 9011, on September 20, 2019 (Doc. No. 91) and on October 15, 2019 (Doc. No. 110), Citimortgage, Inc., conceded and attested and agreed and represented to this Court, under S.D. LBR 600-1(c)(3) that a statement of the payoff amounts of any Citimortgage, Inc.'s encumbrances on the Debtor's real property as of September 20, 2019, the date of the filing of its Notice of Proposed Abandonment of Citimortgage, Inc. (Doc. No. 91); and an explanation why the statement is unnecessary or unavailable *do not exist*; and under S.D. LBR 600-1(c)(5) that the copies of all the documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's real property, were created or perfected, or an explanation why the copies are unnecessary or unavailable *do not exist*, because there is no Citimortgage, Inc.'s encumbrances against the Debtor's real property as of September 20, 2019; consequently, there is no justified ground to lift the automatic stay, because any Citimortgage, Inc.'s encumbrances or lien against the Debtor's real property had been wholly satisfied and paid in full and had a $0.00 accounting balance. The Debtor's real property is in the hands and heart of the judge and only the continued impartiality of the judge will save it.

The judge in this Case is a very impartial judge and had protected the Debtor's real property, from the Citimortgage, Inc.'s fraudulent July 05, 2019 Franklin County Foreclosure Sheriff's Sale of the Debtor's real property; and had advised the Debtor to convert to a Chapter 7 Case, when the Debtor became very sick and partially blind due to several eyes surgeries and speedy heart rates, as a direct cause of Citimortgage, Inc.'s endless litigation against the Debtor. This judge needs to be told the truth by Citimortgage, Inc.; consequently, this Court should not condone Citimortgage, Inc.'s dishonesty, misrepresentation, and fraudulent concealment of evidentiary facts upon this Court.

Based on this Court's record, under Rule 9011, Citimortgage, Inc., conceded and attested and agreed and represented to this Court, under O.R.C. §§ 5309.53 and O.R.C. §§ 5309.54 that Citimortgage, Inc., lacks any perfected certificate of a State Court's judgment lien that attached against the Debtor's real property. The Debtor asserts he does not owe $189,417.09 to Citimortgage, Inc.

Based on this Court's record, under Rule 9011, Citimortgage, Inc., correctly and incontestably and convincingly conceded and attested and agreed and represented on July 10, 2019 to this Court, under Rule 3001(c)(2)(D)(i) that Citimortgage, Inc.'s November 15, 2018 State Court's Judgment M

4

and all evidentiary documents that were not attached to its July 10, 2019 P.O.C. No. 6 are precluded from being presented as evidences in this Case; consequently, Citimortgage, Inc., represented and established that it will not seek the lifting of the stay, due to its willful and deliberate concealment of evidentiary documents. On September 20, 2019 Citimortgage, Inc., attested and agreed and conceded that Citimortgage, Inc., incontestably abandoned the Debtor's real property; consequently, there is no justification and no supporting evidentiary facts for the lifting of the stay, in order to seriously prejudicing the Debtor and causing him to suffer the irreparable loss of his hard earned real property.

## LAW; ARGUMENTS; AND LEGAL ANALYSIS:

At the utmost, the relief from the stay is unobtainable in this instant case. Citimortgage, Inc.'s request for relief from the stay constitutes bad faith and abuse of this Bankruptcy process. It is its unlawful attempt to avoid this Court forum, in order to defraud upon other creditors, in the event the Debtor's real property could be sold in this Court forum. It wholly constitutes its highly sophisticated and misleading forum shopping; and thus constitutes its pursuit to abort the Bankruptcy relief for a fresh start to the harmless Debtor. Based on this Court's record and pursuant to Rule 9011, Citimortgage, Inc., had beforehand conceded and attested and affirmed and agreed that under Rule 3001(c)(2)(D)(i) any evidentiary writing documents that were not attached on July 10, 2019 to its P.O.C. No. 6, are forever precluded from being presented in any form as evidences in this instant Case.

The Debtor is vehemently pressing and ultimately enforcing to the highest extent of the law, for judicial economy, that under Rule 3001(c)(2)(D)(i), any Citimortgage, Inc.'s evidentiary writing documents that were not attached on July 10, 2019 to its P.O.C. No. 6, are forever precluded from being presented in any form as evidences in this instant Case; consequently, pursuant to Rule 9011 and Rule 3001(c)(2)(D)(i) and 11 U.S.C. § 558; and 11 U.S.C. § 105(a); and 11 U.S.C. § 362(g)(2); and 11 U.S.C. § 101(10)(A); and 24 C.F.R. § 201.50(b); and Rule 6007; and S.D. LBR 6007-1(c)(3); and S.D. LBR 6007-1(c)(5); and S.D. LBR 6007-1(d); and Civ. R. 11; and O.R.C. § 1701.82(A)(1); and O.R.C. § 1701.82(A)(3); and O.R.C. § 2329.191; and O.R.C. § 5309.53; and O.R.C. § 5309.54; Citimortgage, Inc.'s request for relief from the stay is unobtainable and unjustified and fraudulent and should be wholly denied, as Citimortgage, Inc., had beforehand agreed to preclude its November 15, 2018 State Court Judgment M (Doc. No. 110: Exhibit "M"), from being presented in any form, as evidence in this instant Case; and thus Citimortgage, Inc., lacks the ground to seek the relief from the stay, for going to proceed with the State Court's foreclosure litigation, as a matter of law and the facts.

At the utmost, Citimortgage, Inc.'s lacked the standing to seek the relief from the stay. At the utmost, Citimortgage, Inc.'s request for relief from the stay is deceitful; and was in bad faith with disrespect of this Court and the judge; and is frivolous; and an abuse of this Bankruptcy process; and a

5

perpetuation of Citimortgage, Inc.'s unlawful and fraudulent and malicious concealment of evidentiary material facts, and disregard of existing law; and is wholly fraudulent and unlawful and unmeritorious and unconstitutional; and is not supported by existing law and facts; consequently, on September 23, 2019, the Debtor filed a *Motion for 21 Days Safe Harbor Notice Pursuant to Rule 9011(c)(1)(A)* (Doc. No. 107), against Citimortgage, Inc. The Debtor will be filing his Motion for Sanction against Citimortgage, Inc., for its unlawful conduct.

The Debtor is vehemently relying in In re *Williams*, 2012 WL 2974914, at *2 (Bankr. W.D. Tenn. July 20, 2012) (citing *Garzoni v. K–Mart Corp.* (In re *Garzoni*), 35 Fed. Appx. 179, 181 (6th Cir.2002)), by asking this Court to wholly deny the lifting of the automatic stay, by considering various factors, not limited to judicial economy; trial readiness; the resolution of preliminary bankruptcy issues; Citimortgage, Inc.'s lack of chance of success on its lack of merits, including Citimortgage, Inc.'s $0.00 encumbrances; the Debtor's cost of defense in the State Court forum; and other potential burden to the bankruptcy estate; and the impact of the litigation on other creditors.

In the event this Court would adjudicate that the Debtor's real property would be sold for top dollars outside of State Court's online foreclosure sale, for the benefit of paying unsecured creditors, because the Debtor's real property is fully upgraded and remodeled, and is currently worth around $230,000.00 as its fair market value, hence the Debtor would concede to this Court's ruling for its own appraisal of the Debtor's real property, on the Debtor's expenses to pay for the appraisal cost.

This matter is before this Court after more than 9 years of Citimortgage, Inc.'s endless of protracted and fraudulent; and frivolous; and unmeritorious; and deficient (Doc. No. 19: Exhibit "10"); and unlawful; and unconstitutional litigation against the Debtor in State Court; upon which on August 30, 2016, the 10th District Court of Appeals correctly and unanimously denied on the merit to grant a foreclosure judgment to Citimortgage, Inc., against the Debtor (Doc. No. 110: Exhibit "J"). The fact that Citimortgage, Inc.'s P.O.C. No. 6 never included an itemization of attorney fees constitutes that Citimortgage, Inc., is fraudulently making up its unsupported claim and lien against the Debtor's real estate; and further constituted and established that the Debtor owes $0.00 to Citimortgage, Inc. The Debtor was already out of the State of Ohio to seek income, so that he can pay unsecured creditors; but is prevented to do so because of traveling back to Columbus, Ohio for defending against the Citimortgage, Inc.'s Amended Motion 110; consequently, litigating anew in the State forum will cause the cost of defense to be an exorbitantly unwarranted burden on the Bankruptcy estate, and will unnecessarily have an adverse impact on other creditors. At minimum, the Debtor should be spared from being a fulltime legal researcher for litigation defense; in order to generate income to pay his child support arrearage and his student loans and make an offer in compromise with the IRS.

6

The Debtor vehemently at the utmost respectfully demands that this Court should deny lifting the automatic stay; in order to save the Debtor from irreparably suffering a heart attack; and irreparably losing his residential real property, for the public great interest in the integrity of the Ohio judicial system. Citimortgage, Inc., is losing nothing at all and the State Court and this Bankruptcy Court's records convincingly and incontestably corroborate with the Debtor's Official Form 106D and the Debtor's Official Form 108, that the Debtor owes $0.00 to Citimortgage, Inc.

## Debtor's Position in Objection to Lifting the Automatic Stay:

### Arguments and Application of Relevant Factors
### Leading to a Conclusion that Relief from Stay Should be Denied

In *Garzoni*, the Sixth Circuit stated that:

Bankruptcy Code § 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay **for cause**. *See* 11 U.S.C. § 362(d)(1). The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *See* In re *United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996).

The stay should not be disturbed because the Debtor owes $0.00 to Citimortgage, Inc.; and thus cannot afford to losing his residential real property that is satisfied and paid in full; and that this Court's record substantiates that the Debtor owes $0.00 to Citimortgage, Inc.; and that Citimortgage, Inc.'s Motions and pleadings substantiate that the Debtor owes $0.00 to Citimortgage, Inc., and Citimortgage, Inc., lacks any perfected State Court's certificate of judgment lien that attached to the Debtor's real property and that Citimortgage, Inc., lacks its standing to prosecute the Debtor in Courts and that Citimortgage, Inc., concealed the Debtor's Mortgage accounting records ledger, for substantiating a $0.00 account balance; consequently, the Debtor vehemently preserves in this Court these issues as reviewable issues upon a direct appeal. This Court should deny to lifting the stay.

### The Debtor is Pressing and Enforcing Rule 3001(c)(2)(D)(i) and Rule 9011 and
### 11 U.S.C. § 558; 11 U.S.C. § 105(a); 11 U.S.C. § 362(g)(1); and 11 U.S.C. § 362(g)(2)

**Rule 3001(c)(2)(D)(i)** provides in pertinent part as follows:

**(2)(D)** If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

**(i)** preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case...

After more than 9 years of litigating in the State Court, this is the substantial defense that the Debtor is vehemently pressing and enforcing, in order to start a new life that is provided by the

7

Bankruptcy relief of a fresh start, that this Court should firmly enforce that the failure by Citimortgage, Inc., to attaching and submitting and presenting its required evidentiary documents under Rule 3001(c)(2)(D)(i) and S.D. LBR 6007-1(c)(3) and S.D. LBR 6007-1(c)(5) and S.D. LBR 6007-1(d) cannot be substantially justified and cannot be harmless, for preventing serious prejudice to the Debtor and serious irreparable loss of the Debtor's real property and irreparable harm and injury to the Debtor.

The Debtor will be severely and seriously and substantially prejudiced, and will suffer a manifest injustice and abortion of justice and irreparable harm and injury and irreparable loss of the Debtor's real property, and an exorbitantly humongous financial loss and hardship for defending this Case in the State Court forum, in the absence of the stay that is caused by a disregard to strongly enforcing the mandate of Rule 3001(c)(2)(D)(i) and Rule 9011 and S.D. LBR 6007-1(c)(3) and S.D. LBR 6007-1(c)(5) and S.D. LBR 6007-1(d), at the fullest extent of the law, in favor of the honest and harmless and exhausted and persecuted and unjustly suffering Debtor, in order for this Court to timely providing the Bankruptcy relief for a fresh start to the Debtor, as provided by the Bankruptcy law.

On July 10, 2019 Citimortgage, Inc., filed its P.O.C. No. 6, and under Rule 9011 failed and concealed and denied attaching the required documents; consequently, based upon Citimortgage, Inc.'s lack of standing in Courts; and its willful and deliberate disregard of the existing law; and its highly financial power to afford highly qualified and experienced counsels; and its willful and deliberate abuse of this Bankruptcy process; and its fraudulent concealment of required evidences; and its fraudulent misleading and dishonest conduct and fraud upon this Court, the Debtor is vehemently pressing and enforcing to the fullest extent of the law the Rule 3001(c)(2)(D)(i) to preclude and block Citimortgage, Inc.'s evidences that were not attached to its July 10, 2019 P.O.C. No. 6, from being presented in any form as evidence, in this instant Case. *Under Rule 9011 Citimortgage, Inc., agreed.*

On October 15, 2019 Citimortgage, Inc., filed its Amended Motion 110 (Doc. No. 110), in its futile attempt to include evidentiary documents, which were willfully and deliberately and knowingly concealed and not attached to its July 10, 2019 P.O.C. No. 6; consequently, any evidences that were not attached to its July 10, 2019 P.O.C. No. 6 are permanently precluded and forever barred and foreclosed from being presented in any form as evidence, in this instant Case, for the sake of impartiality and justice and the rule of law and the public interest in the integrity of the Ohio judicial system; and for avoiding to seriously prejudicing the exhausted and harmless Debtor. After paying the Note in full, the Debtor should not suffer from Citimortgage, Inc.'s endless litigation at all; consequently, all the evidences presented by Citimortgage, Inc., failed to meet the burden of production for the justified lifting of the stay; furthermore, this Bankruptcy Court's record and the State Court record are devoid of and lack any Citimortgage, Inc.'s evidentiary accounting repayment

8

records ledger that is required for accurately computing the fraudulently and unsupported claimed amount of $189,227.65, due to Citimortgage, Inc.'s fraudulent concealment of evidences; consequently, *the Debtor vehemently demands that this Court should deny the lifting of the stay and wholly extinguish all of Citimortgage, Inc.'s Mortgage/Lien against the Debtor.*

At minimum, this Court is designed and obligated to know how much a creditor's claim amount is, relying by an honest creditor or Debtor or Trustee's evidentiary facts. Citimortgage, Inc., seeking relief to convert its lien into cash or seeking a payment on its claim, in this Bankruptcy process is barred to conceal its evidentiary facts, before the very presence of this Bankruptcy Court.

At minimum, on a Citimortgage, Inc.'s Amended Motion 110 seeking the relief affecting the stay, Citimortgage, Inc.'s evidentiary accounting repayment ledger documents should not be concealed upon this Court. Currently, Citimortgage, Inc., is no longer a creditor of the Debtor, for having a $0.00 encumbrances account that is against the Debtor's interest in his residential real property, which had been satisfied and paid in full. *At the hearing, the judge should first ask the ledger for $189,227.65.*

For more than 9 years of unduly litigation in the State Court forum, Citimortgage, Inc., concealed upon the Franklin County Court of Common Pleas and now upon this Bankruptcy Court, its accounting repayment ledger evidentiary documents for showing its unsupported claim in the amount of $189,227.65. On this Citimortgage, Inc.'s concealment of evidentiary facts, on August 30, 2016 the 10th District Court of Appeals correctly and unanimously denied on the merit to grant a foreclosure judgment to Citimortgage, Inc., in the State Court's forum; consequently, Citimortgage, Inc.'s concealment of evidentiary facts is perpetrated and perpetuated upon this Court, to defraud the Debtor.

In its abuse of this Bankruptcy process and its fraudulent conduct upon this Court, now Citimortgage, Inc., is unlawfully requesting the relief from the stay, by using its perpetuation of Citimortgage, Inc.'s concealment of evidentiary facts, to avoid this Court forum; and to prefer the State Court forum, for forum shopping, over this Court forum; because, the State Court disregarded existing law and its own Local Rule 96 and O.R.C. § 2329.191, in order for Citimortgage, Inc., to unlawfully auction the Debtor's real property. Citimortgage, Inc.'s request for relief from the stay by concealing the required evidentiary documents should be wholly denied. This Court is deprived of required evidentiary documents for checking and determining the origin of the claimed amount of $189,227.65; consequently, this Court cannot justify with evidences who; where; how; what; and when the claimed amount of $189,227.65 was determined; hence the relief from the stay is unobtainable as fully denied.

Because the June 26, 2002 Note (Doc. No. 110: Exhibit "B") had been pre-petition satisfied and paid in full, and has a $0.00 accounting balance against the Debtor's real property; and that under Rule 9011 Citimortgage, Inc., conceded and agreed, as substantiated by its Motions and pleadings and

documents in this Court's record, all of which never objected to the fact; or contested to it; or defended against or presented any opposition to the truthfulness satisfaction of the Note payment in full, from the May 01, 2019 petition date to present; consequently, this Court should wholly deny to lifting the stay, as a matter of law and the facts. Citimortgage, Inc., should not be allowed to fraudulently requesting the relief from the stay, by concealing the accounting repayment ledger, for pursuing its unsupported claim in the amount of $189,227.65, on its Mortgage 68790 and its Mortgage 60742.

Citimortgage, Inc.'s redacted Consolidated Note Report (Doc. No. 103: Exhibit "4"), shows a starting principal amount of $130,344.04 as of April 15, 2004, which is much higher than the Debtor's Mortgage 60742 principal amount of $110,412.80 as of August 14, 2002 (Doc. No. 103: Exhibit "14"). In State Court, on August 10, 2011 and on August 26, 2011 Citimortgage, Inc., conceded as follows:

> The payment history accounting attached as Exhibit "A" to Citimortgage, Inc.'s Affidavit in Support to Motion for Summary Judgment states a running principal balance before and after each transaction dating all the way back to April 15, 2004-long before the relevant June 2010 default date. The payment history accounting submitted by Citimortgage, Inc., sufficiently establishes the amount due owing." *Id.* at p. ¶ 3.

In *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, the Supreme Court of Ohio decided as follows:

> {¶ 28} A mortgagee bears the burden to demonstrate the extent of the mortgage lien, which is measured by the amount of the outstanding mortgage debt. *See 4 Wolf, Powell on Real Property*, Section 37.12[5], at 37-67 (2008). Generally, "the promissory note is the primary evidence of the debt," *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934), and the borrower's history of payments is evidence of amounts credited to reduction of the principal, which proportionately reduce the mortgage lien, *4 Wolf* at 37-226.

A claim or lien on the Debtor's Mortgage 65696 with a $0.00 balance is no longer a claim or a lien, because this Court' record substantiates that Citimortgage, Inc.'s claim or lien against the Debtor's real property has a $0.00 balance; and thus under Rule 9011, Citimortgage, Inc., conceded and agreed and is not disputing this fact; hence Citimortgage, Inc., is no longer a creditor, as factually substantiated by the Debtor's Official Form 108 and Official Form 106D.

Under S.D. LBR 6007-1(c)(3) and S.D. LBR 6007-1(c)(5) and S.D. LBR 6007-1(d), Citimortgage, Inc., had the obligated duty for disclosing upon this Court its copies of all documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's interest in his real property were created or perfected; or else, an explanation why the copies are unnecessary or unavailable; hence, under Rule 9011 on September 20, 2019 (Doc. No. 91) and on October 15, 2019 (Doc. No. 110), Citimortgage, Inc., asserted and conceded and attested and affirmed and agreed to the best of Citimortgage, Inc.'s belief and information and knowledge that any Citimortgage, Inc.'s encumbrances

against the Debtor's real property are inexistent and unavailable, for having a $0.00 accounting balance, in corroboration with the Debtor's Official Form 108 and Official Form 106D and this Bankruptcy Court's record; consequently, this Court should deny to lift the stay; and based on the Citimortgage, Inc.'s fraudulent allegation in its Amended Motion 110; and *should issue a show cause Order for finding Citimortgage, Inc., in contempt for lying that the Mortgage 65696 was assigned to it.*

Citimortgage, Inc., who conceals or lacks all the copies of evidentiary documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's real property were created or perfected, is no longer a creditor; and thus failed to meet the required evidentiary burden for seeking the relief for the stay; and thus should be severely sanctioned for abusing this Bankruptcy process; and thus unduly and frivolously increasing the cost of this litigation; and thus affecting the judicial economy and this Court's resources. For more than 9 years of Citimortgage, Inc.'s endlessly protracted litigation against the harmless Debtor, this Court should have mercy upon the Debtor and timely provide him with the Bankruptcy relief for a fresh start, in order to prevent ongoing irreparable harm and injury and the loss of the Debtor's real property in the State Court forum; hence should avoid serious prejudice to Debtor.

Unlike *4 Wolf, Powell on Real Property*, Section 37.12[5], at 37-67 (2008), and unlike the Supreme Court's Decision in *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, Citimortgage, Inc., failed its burden to demonstrate the extent of the Debtor's lien, which is measured by the amount of the outstanding Debtor's Mortgage 60742 debt, because it currently has a $0.00 account balance. Because the June 26, 2002 promissory Note (Doc. No. 110: Exhibit "B") was the primary evidence of the Debtor's June 26, 2002 debt in the amount of $136,700.00," *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934); consequently, the Debtor's accounting repayment and history of payments and business transactions ledger was evidence of amounts credited to reduction of the principal, which proportionately reduced the Mortgage 60742 lien of $136,700.00 to a reduced principal of $110,412.80 as of August 14, 2002 (Doc. No. 103: Exhibit "14"), which is attached hereto as Exhibit 14, *4 Wolf, Powell on Real Property*, Section 37.12[5], at 37-226 (2008).

Unlike *Bank of America, N.A. v. Draper*, 746 S.E.2d 478, 481 (S.C. Ct. App. 2013), Citimortgage, Inc., lacks its right to foreclose, because there is no longer a default under its Note, which had been satisfied and paid in full, as it irrefutably has a corroborated and substantiated $0.00 account balance. The Debtor will issue a subpoena for the Note payment satisfaction documents, in order to make them part of this Court's record. Citimortgage, Inc., failed to meet its burden of establishing the existence of its debt and the Debtor's default on that debt, because it has a substantiated and corroborated $0.00 account balance, with no further deed or facts. In re *Daniel L. Junk and Christine H. Junk*, Case No. 13-55139, the honorable Judge John E. Hoffman, Jr., held that:

11

This is because a plaintiff has no right to foreclose unless there has been a default under an enforceable note. *See Bank of America, N.A. v. Draper*, 746 S.E.2d 478, 481 (S.C. Ct. App. 2013) ("[T]he party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt.") (internal quotation marks omitted).

The August 30, 2016 Decision from the 10th District Court of Appeals (Doc. No. 110: Exhibit "J") shows on the merit that Citimortgage, Inc., lacks its right to foreclose; and that on August 14, 2002 the Debtor made a large lump sum principal payment of $26,000.00 to ABN AMRO, Inc., which reduced the principal amount to $110,412.80 (Doc. No. 24: Exhibit "14") as of August 14, 2002, which is lower than the April 15, 2004 starting Citimortgage, Inc.'s principal amount of $130,344.04 in its June 06, 2011redacted Consolidated Note Report (Doc. No. 103: Exhibit "4"), on its Mortgage 60742 and its Mortgage 68790. The Debtor vehemently denied owing by proof the $130,344.04 on his Mortgage 65696 as of April 15, 2004 (Doc. No. 24: Exhibit "14"). As substantiated by its Consolidated Note Report (Doc. No. 103: Exhibit "4"), on June 06, 2011 Citimortgage, Inc., concealed the Debtor's Mortgage 65696 accounting repayment records ledger.

The Debtor's Mortgage accounting repayment record started on June 26, 2002 (Doc. No. 110: Exhibit "B"), with the initial monthly payment that was due on August 01, 2002; consequently, in its August 30, 2016 Decision, the 10th Court of Appeals correctly and unanimously decided on the merit that Citimortgage, Inc., concealed the 23-month period of Mortgage accounting repayment records, from June 26, 2002 to April 15, 2004. *Id.* at ¶ 30 (Doc. No. 110: Exhibit "J"), for disclosing the initial Mortgage principal amount of $136,700.00 per the Note, and the subsequent large lump sum principal payment amount of $26,000.00 that the Debtor paid to ABN AMRO, Inc., on August 14, 2002 (Doc. No. 103: Exhibit "14"), which reduced the Mortgage principal amount to $110,412.80 as of August 14, 2002, which is much lower than the April 15, 2004 starting principal balance of $130,344.04 in Citimortgage, Inc.'s Consolidated Note Report. Citimortgage, Inc., had perpetuated its fraudulent concealment upon the State Court and upon this Bankruptcy Court, of the Debtor's June 26, 2002 Mortgage accounting repayment records ledger, for showing that the Note and the Debtor's Mortgage are satisfied and paid in full, in its pursuit to confiscate and deprive the Debtor's real property. On August 30, 2016, the 10th District Court of Appeals correctly and unanimously denied on the merit to grant a foreclosure judgment to Citimortgage, Inc., against the Debtor and against the Debtor's residential real estate. The 10th District Court of Appeals decided on the merit that Citimortgage, Inc., lacked the Debtor's Mortgage loan accounting repayment ledger records.

The Debtor is vehemently pressing and enforcing to the fullest extent of the law, the Rule 3001(c)(2)(D)(i) to preclude and block all of Citimortgage, Inc.'s evidentiary documents, which were never attached or submitted or presented on its July 10, 2019 P.O.C. No. 6, and including the following

listed below evidences as Exhibit "**A**;" and Exhibit "**F**;" and Exhibit "**G**;" and Exhibit "**H**;" and
Exhibit "**I**;" and Exhibit "**J**;" and Exhibit "**K**;" and Exhibit "**L**;" and Exhibit "**M**;" and Exhibit "**N**."

Under 11 U.S.C. § 362(g)(1), the attached to Amended Motion 110 Citimortgage, Inc.'s
precluded Exhibit "**A**;" and Exhibit "**F**;" and Exhibit "**G**;" and Exhibit "**H**;" and Exhibit "**I**;" and
Exhibit "**J**;" and Exhibit "**K**;" and Exhibit "**L**;" and Exhibit "**M**;" and Exhibit "**N**;" under Rule
3001(c)(2)(D)(i), in this instant Case, are unavailing and ineffective on the issue of the Debtor's equity
in property; and that under 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2), they are not evidences for
cause of the lack of adequate protection of Citimortgage, Inc.'s interest in the Debtor's real property;
and they are not evidences for a valid Citimortgage, Inc.'s act against the Debtor's real property.

This precluded Citimortgage, Inc.'s evidence as Exhibit "**A**," which is known as the Deed, and
which was never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented or
admitted or considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**F**," which is known as the June 19, 2017
Affidavit of Correction that was recorded in the Franklin County Recorder's Office as Instrument No.
20170 61900 82077, which was never attached to its July 10, 2019 P.O.C. No. 6, is precluded from
being presented or admitted or considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**G**," which is known as the September 14, 2010
Foreclosure Complaint that was filed in the State Court, which was never attached to its July 10, 2019
P.O.C. No. 6, is precluded from being presented or admitted or considered or weighted in any form as
evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**H**," which is known as the May 20, 2014 State
Court's Judgment and Decree in Foreclosure Decision that was filed in the State Court; and which was
reversed on appeal on August 30, 2016 by the 10th District Court of Appeals; and which pursuant to
Civ. R. 11 based on the Citimortgage, Inc.'s April 15, 2010 Preliminary Judicial Report, pursuant to
O.R.C. § 1701.82(A)(3) is against its Mortgage 68790, which never belonged to the Debtor; and
pursuant to Civ. R. 11 based on the Cap.Mortg.Serv, Inc.'s 2002 Corp.Ass.Mortg 'D,' pursuant to
O.R.C. § 1701.82(A)(3) is against its Mortgage 60742, which never belonged to the Debtor, which was
never attached to its P.O.C. No. 6, is precluded from being presented or admitted or considered or
weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**I**," which is known as the July 10, 2013
Decision Granting Plaintiff's Motion for Summary Judgment, Filed on June 06, 2011, pursuant to Civ.
R. 11 based on the Citimortgage, Inc.'s April 15, 2010 Preliminary Judicial Report, pursuant to O.R.C.
§ 1701.82(A)(3) on its Mortgage 68790, which belonged to Augustine Cautela and his spouse; and

which never belonged to the Debtor; and pursuant to Civ. R. 11 based on the Cap.Mortg.Serv, Inc.'s
2002 Corp.Ass.Mortg 'D,' pursuant to O.R.C. § 1701.82(A)(3) on its Mortgage 60742, which
belonged to Edward F. Ehlen and Susan J. Ehlen; and which never belonged to the Debtor, which was
never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented or admitted or
considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**J**," which is known as the August 30, 2016
Decision from the 10th District Court of Appeals, which correctly and unanimously denied on the merit
to grant a foreclosure judgment to Citimortgage, Inc., against the Debtor. The 10th District Court of
Appeals' determination that Citimortgage, Inc., lacked the repayment accounting ledger is still holding
and constituting a justified ground for this Court to deny lifting the stay, because Citimortgage, Inc.,
cannot be allowed to get away from it. This Citimortgage, Inc.'s precluded Exhibit "J," which was
never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented or admitted or
considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**K**," which is known as the November 02, 2016
Journal Entry in the Appeal Case No. 14-AP-464 that was filed in the 10th District Court of Appeals,
which was never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented or
admitted or considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**L**," which is known as the May 17, 2017
Supreme Court of Ohio Entry in the Case No. 2016-1520 that was filed in the Supreme Court of Ohio,
which was never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented or
admitted or considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**M**," which is known as the *invalid and unlawful
and unconstitutional and fraudulent and subject to collateral attacks* **November 15, 2018 State
Court's Judgment for Plaintiff and Decree in Foreclosure** Decision that was filed in the State
Court; and *which was willfully and deliberately and knowingly concealed upon this Court*.; and which
pursuant to Civ. R. 11, based on the Citimortgage, Inc.'s April 15, 2010 Preliminary Judicial Report,
pursuant to O.R.C. § 1701.82(A)(3), is against its Mortgage 68790, which never belonged to the
Debtor; and pursuant to Civ. R. 11, based on the Cap.Mortg.Serv, Inc.'s 2002 Corp.Ass.Mortg 'D,'
pursuant to O.R.C. § 1701.82(A)(3), is against its Mortgage 60742, which never belonged to the
Debtor, which was never attached to its July 10, 2019 P.O.C. No. 6, is precluded from being presented
or admitted or considered or weighted in any form as evidence, in this instant Case.

This Citimortgage, Inc.'s evidence as Exhibit "**N**," which is known as the October 01, 2019
Residential PRC Franklin County, which was never attached to its July 10, 2019 P.O.C. No. 6, is

14

precluded from being presented or admitted or considered or weighted in any form as evidence, in this
instant Case.

### The Debtor is Pressing and Enforcing O.R.C. § 2329.191 and O.R.C. § 1701.82(A)(3) And Citimortgage, Inc.'s Lack of Jurisdiction Standing

Pursuant to Civ. R. 11 and O.R.C. §§ 1701.82(A)(3) based on Cap.Mortg.Serv, Inc.'s 2002
Corp.Ass.Mortg 'D' (Doc. No. 19: Exhibit "3" and Exhibit "4" and Doc. No. 110: Exhibit "D") that
showed and referred and assigned the Mortgage 60742 to ABN AMRO, Inc., which never belonged to
the Debtor; consequently, Citimortgage, Inc., acquired its Mortgage 60742; and thus never acquired
the Mortgage that was recorded 65696. The automatic stay should not be lifted for Citimortgage, Inc.,
to be allowed to unlawfully and unconstitutionally and fraudulently prosecuting the Debtor in the State
Court forum on its Mortgage 60742, which never belonged to the Debtor; consequently, this Court
cannot be justified to cause the Debtor to be prosecuted and irreparably lose his residential real
property on a financial obligation of Citimortgage, Inc.'s Mortgage 60742 (Doc. No. 19: Exhibit "5"
and Exhibit "6").

And pursuant to Civ. R. 11 and O.R.C. §§ 1701.82(A)(3) and O.R.C. §§ 2329.191 based on
Citimortgage, Inc.'s April 15, 2010 Preliminary Judicial Report (Doc. No. 19: Exhibit "1") that
substantiated that Cap.Mortg.Serv, Inc., assigned the Mortgage 68790 to ABN AMRO, Inc., which
never belonged to the Debtor; consequently, Citimortgage, Inc., acquired its Mortgage 68790; and thus
never acquired the Mortgage that was recorded 65696. The automatic stay should not be lifted for
Citimortgage, Inc., to be allowed to unlawfully and unconstitutionally and fraudulently prosecuting the
Debtor in the State Court forum on its Mortgage 68790, which never belonged to the Debtor;
consequently, this Court cannot be justified to cause the Debtor to be prosecuted and irreparably lose
his residential real property on a financial obligation of Citimortgage, Inc.'s Mortgage 68790 (Doc.
No. 19: Exhibit "2"). The Debtor vehemently demands that this Court should deny lifting the
automatic stay, because Citimortgage, Inc., lacked the jurisdiction standing to invoke the jurisdiction
of the State Court; and thus lacked any justiciable controversy against the Debtor; and thus lacked any
standing to sue the Debtor. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-
Ohio-5017; *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207.

On August 30, 2016 the 10th District Court of Appeals correctly and unanimously denied on the
merit to grant a foreclosure judgment to Citimortgage, Inc., against the Debtor, because Citimortgage,
Inc., concealed and lacked the accounting repayment records ledger for the Debtor's June 26, 2002
Mortgage that was recorded 65696, which has a $0.00 balance now. Because the newly discovered
evidences became available on March 19, 2019 and on April 02, 2019, from the Franklin County

Recorder's Office, which substantiated that Citimortgage, Inc., was never the owner or holder of the

Debtor's Mortgage; consequently, pursuant to Civ. R. 11 and O.R.C. §§ 1701.82(A)(3) and O.R.C. §§

2329.191 based on Citimortgage, Inc.'s April 15, 2010 Preliminary Judicial Report; consequently,

Citimortgage, Inc., lacked the standing to prosecute the Debtor, and this issue was never before

adjudicated by the State Court, for dismissing Citimortgage, Inc.'s September 14, 2010 Foreclosure

Complaint. Pursuant to Civ. R. 11 and O.R.C. §§ 1701.82(A)(3) based on Cap.Mortg.Serv, Inc.'s 2002

Corp.Ass.Mortg 'D'; consequently, Citimortgage, Inc., lacked the standing to prosecute the Debtor,

and this issue was never before adjudicated by the State Court, for dismissing Citimortgage, Inc.'s

September 14, 2010 Foreclosure Complaint. The Franklin County Recorder's Office asserted on April

02, 2019 that from September 01, 2007 Citimortgage, Inc., never perfected its interest in the Debtor's

real property to date; consequently, this Court is justified to deny lifting the automatic stay.

From September 01, 2007 in this instant Case, contrary to O.R.C. § 2329.191, to date

Citimortgage, Inc., lacked its Preliminary and Final Judicial Reports, which show Citimortgage, Inc.'s

name in the Chain of Title transfer of the Debtor's real property, and which show the Debtor's June 26,

2002 Mortgage that was recorded 65696; consequently, Citimortgage, Inc., lacked its jurisdiction

standing to invoke the jurisdiction of the State Court and lacked its justiciable controversy against the

Debtor and lacked its standing to prosecute the Debtor.

From September 01, 2007 in this instant Case, Citimortgage, Inc., has a Cap.Mortg.Serv, Inc.'s

2002 Corp.Ass.Mortg 'D' (Doc. No. 110: Exhibit "D") that *specifically* showed and referred to and

assigned the Mortgage 60742, to ABN AMRO. Citimortgage, Inc., fraudulently concealed upon this

Court that Citimortgage, Inc., was the owner or holder of its Mortgage 60742; consequently, it is

uncontested that the Debtor is never financially liable on the Mortgage 60742. On September 01, 2007

and on September 14, 2010 Citimortgage, Inc., agreed and knew and should have known the intent of

the parties that on June 26, 2002 Cap.Mortg.Serv, Inc., specifically assigned the Mortgage 60742 to

ABN AMRO; thus on June 19, 2017 Citimortgage, Inc., cannot change the original intent of the parties

by recording its Affidavit F (Doc. No. 110: Exhibit "F"). Citimortgage, Inc.'s Corp.Ass.Mortg 'D,'

indisputably and correctly provides in pertinent part that:

> For valuable consideration, the receipt and sufficiency of which is hereby acknowledged,
> Cap.Mortg.Serv, Inc., an Ohio Corporation ("Assignor"), does hereby sell, assign, transfer, and
> set over unto ABN AMRO Mortgage Group, Inc.,2600 West Big Beaver Road, Troy, Michigan
> 48084 ("Assignee"), all of Assignor's rights, title and interest in and to that certain Open-end
> Mortgage dated June 26, 2002… and recorded 60742, in the County Recorder's Office of
> Franklin County, Ohio…  together with the Note or Notes therein described or referred to, the
> money due and to become due thereon with interest, and all rights accrued or to accrue under
> said Deed of Trust.

The Debtor vehemently claims that this Court should observe the Court of Appeals' Decision in
*Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651 as follows:

{¶11} In the conclusions of law, the magistrate concluded the corrected preliminary judicial
report was not a final judicial report as required by O.R.C. § 2329.131, *finding it did not update
the status of title or include a copy of the court's docket. The magistrate found this deficiency
rendered the foreclosure decrees void. As there was no foreclosure decree remaining, the order
confirming the sale was also declared void.*

It is of paramount importance that the Debtor vehemently claims that this Court and the
honorable Judge John E. Hoffman, Jr., have consistently decided as follows:

*"where an intermediate Appellate State Court rests its considered judgment upon the rule of
law which it announces, that is a datum for ascertaining State law which is not to be
disregarded by a Federal Court and this Bankruptcy Court, unless it is convinced by other
persuasive data that the highest Court of the State, specifically the Supreme Court of Ohio
would decide otherwise." West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

It is uncontested that the State Court disregarded its own Local Rule 96 and the mandate of
O.R.C. § 2329.191. Citimortgage, Inc., lacks its Preliminary and Final Judicial Reports, which are
mandatory under O.R.C. § 2329.191 for invoking the jurisdiction of the State Court, and which based
on datum are required prior to lifting the stay for the State Court's foreclosure proceeding to continue.

Relying upon *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940), this Court should observe
the Court's Decision in *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651 to enforce the *datum*
for ascertaining State law which is not to be disregarded by this Bankruptcy Court, by deciding that
Citimortgage, Inc.'s lack of its Preliminary and Final Judicial Reports; and its lack of a
Corp.Ass.Mortg 'D;' and its lack of any encumbrances against the Debtor's real property; and its lack
of any perfected State Court's certificate of judgment that attaches a lien against the Debtor's real
property; and its concealment of the Debtor's June 26, 2002 Mortgage 65696 accounting repayment
records and history ledger from June 26, 2002 to date (Doc. No. 103: Exhibit "4"); and that under Rule
3001(c)(2)(D)(i) Citimortgage, Inc.'s November 15, 2018 State Court Judgment M is permanently
precluded for being presented in any form as evidence, constitute substantive deficiencies that rendered
Citimortgage, Inc.'s November 15, 2018 State Court's Judgment M void, as there was no Foreclosure
Decree remaining.

The Debtor claims that this Court should follow the enforcement that the State Court shouldn't
had ignored its own Local Rule 96 requiring Citimortgage, Inc.'s filing of its Preliminary and Final
Judicial Report, and that it did not have its discretion to ignore O.R.C. § 2329.191 the statute
containing that requirement, for ascertaining State law which is not to be disregarded by a Federal
Court and this Bankruptcy Court.

17

This Court should further observe that the Court of Appeals Ninth Judicial District decided in

*GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780 as follows:

{¶ 19} *In foreclosure actions, O.R.C. § 2329.191 and Loc. R. 11.03 of the Summit County Common Pleas Court prescribe the filing of preliminary and final judicial reports. A preliminary report must be filed at the beginning of the action, and the final report is to be filed prior to the trial court's entry of judgment. O.R.C. § 2329.191(B)(7); Loc. R. 11.03...* GMAC filed a preliminary report with its complaint; however, it did not file a final report... *we agree that the trial court erred in entering its final decree of foreclosure prior to the filing of a final judicial report.*

{¶ 21} *Assuming without deciding that the trial court may have permissibly ignored its own local rule requiring the filing of a final judicial report, it did not have discretion to ignore a statute containing that requirement.*

This Court should observe the *datum* that in Franklin County pursuant to the mandatory

requirement under O.R.C. § 2329.191, in observation of the Court's decision in *TPI Asset Mgt., L.L.C.*

*v. Ealey*, 2015-Ohio-740, the 10th District Court of Appeals decided on March 3, 2015 as follows:

{¶ 2} O.R.C. § 2329.191(B) requires the filing of preliminary and final judicial reports in foreclosure actions. The preliminary report must contain the property's legal description,... and the names and addresses of lienholders. O.R.C. § 2329.191(B)(1) through (7).

{¶ 3} The statute further provides that:

Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report that updates the state of the record title to that real estate from the effective date of the preliminary judicial report...

After reviewing the Courts' records, this Court in enforcing the datum in *TPI Asset Mgt., L.L.C.*

*v. Ealey*, 2015-Ohio-740, should under federal law and jurisdiction prevent the fraudulent and unlawful

and unconstitutional and unjust and irreparable loss of the Debtor's real property, due to the State

Court disregarded existing law and its own Local Rule 96 and O.R.C. § 2329.191, which affected the

judicial economy and wasted the State Court's resources and the Debtor's fund.

From December 17, 2014 Citimortgage, Inc., concealed upon this Court that Citimortgage, Inc.,

has its April 15, 2010 Preliminary Judicial Report (Doc. No. 19: Exhibit "1") that *specifically* showed

and referred to and assigned the Mortgage 68790, to ABN AMRO, which never belonged to the

Debtor; consequently, it is uncontested that under existing law, the Debtor cannot be financially liable

to Citimortgage, Inc., on its Mortgage 68790.

On September 14, 2010 Citimortgage, Inc., agreed and knew and should have known that based

on its Corp.Ass.Mortg 'D,' it is the owner or holder of its Mortgage 60742; and based on its April 15,

2010 Preliminary Judicial Report, Citimortgage, Inc., agreed and knew and should have known it is the

owner or holder of its Mortgage 68790, which never belonged to the Debtor; consequently, on April

15, 2010 Citimortgage, Inc., agreed and knew and should have known that the "Schedule B" in its

Preliminary Judicial Report incontestably and specifically and correctly provides in pertinent part that:

> Corporation Assignment of Mortgage from Cap.Mortg.Serv, Inc., an Ohio Corporation, whose
> address is 445 N. High Street, 5th Floor, Columbus, Ohio 43215, to ABN AMRO, whose
> address is 2600 W. Big Beaver Rd., Troy, MI 48084, dated June 26, 2002, recorded July 09,
> 2002 at 1:58 P.M., as *Instrument Number: 20020 70901 68790*, in the records of Franklin
> County, Ohio. Note: Assignment references incorrect mortgage instrument number.

Citimortgage, Inc.'s State Court Judgment M was against its Mortgage 68790, and its Mortgage

60742; consequently, it cannot be enforced against the Debtor. In observation of the Court's Decision

in *Goddard v. Citibank NA*, 1:04-cv-05317-NGG-LB, as an exception to the *Rooker-Feldman*

Doctrine, this Court may entertain a collateral attack on Citimortgage, Inc.'s November 15, 2018 State

Court Judgment M, which is alleged to have been procured through misrepresentation, deception,

fraud, dishonesty, and concealment of facts on the Mortgage 60742 and the Mortgage 68790, which

never belonged to the Debtor. In re *Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (Quoting

*Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)). The Debtor

invokes and enforces the defense of the *Fraud Exception* to the *Rooker-Feldman* Doctrine, together

with the inherent power of this Court to prevent the unlawful and unconstitutional and fraudulent

irreparable loss of the Debtor's real property.

### The Debtor is Pressing and Enforcing the Judicial Economy and Parties' Trial Readiness

Judicial economy and Court's resources were affected by the State Court's disregard of existing

law, and its own Local Rule 96, and O.R.C. § 2329.191; while condoning Citimortgage, Inc.'s lacks of

its jurisdiction standing to invoking the State Court's jurisdiction. By denying to lifting the stay, this

Court sufficiently would preserve the maximum possible judicial economy and Court's resources; and

will prevent undue exorbitant pecuniary burden and cost and losses affecting the Debtor.

The only efficient and available Parties' trial readiness is in this Bankruptcy Court, because

Citimortgage, Inc., lacks the evidentiary facts for substantiating that it successfully will proceed with

the foreclosure sale of the Debtor's real property, in the State Court forum, without wasting judicial

resources and economy, knowing that the Debtor is meritoriously fighting and defending.

On March 19, 2019 and on April 02, 2019, the Franklin County Recorder's Office provided the

Debtor with newly evidences that substantiated that Citimortgage, Inc., was fraudulently prosecuting

the Debtor on its Mortgage 60742 that is shown and referred to on its Corp.Ass.Mortg 'D,' which

belong to Edward F. Ehlen and Susan J. Ehlen (Doc. No. 19: Exhibit "5" and Exhibit "6"); and on its

Mortgage 68790 that is shown and referred to on its April 15, 2010 Preliminary Judicial Report.

Pursuant to O.R.C. § 2329.191, Citimortgage, Inc., is barred and lacks its jurisdiction standing to sue the Debtor; and thus lacks its justiciable controversy against the Debtor; and thus lacks its jurisdiction standing to invoking the State Court's jurisdiction; and thus cannot get any distribution of the judgment money from the judicial sale of the Debtor's property.

Citimortgage, Inc., never invoked the jurisdiction of the State Court in the first place, due to its lack of a Preliminary and Final Judicial Reports; consequently, under existing law, Citimortgage, Inc., is barred and foreclosed to get any judgment money payment from a judicial sale of the Debtor's real property. In *In re Ochmanek*, 266 B.R. 114 (Bankr. N.D. Ohio 2000), this Court should observe that Judge Christopher A. Boyko decided in *In re Foreclosure Cases*, 2007 WL 3232430 as follows:

> ... *Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest... by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint...* "Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." In re *Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904)....

On April 15, 2010 after completing its title search of the Debtor's real property, Citimortgage, Inc., knew and should have known that under existing law, its interest in the Debtor's real property was never recorded in accordance with Ohio law, in the Franklin County Recorder's Office to date; Further, the Preliminary Judicial Report attached as an exhibit to the 2010 Complaint makes no reference to Citimortgage, Inc., in the recorded Chain of Title/interest, and to the Debtor's Mortgage 65696; and the Corp.Ass.Mortg 'D' makes no reference to the Debtor's Mortgage 65696; and the Note was never endorsed by ABN AMRO in blank, as of September 14, 2010 date of the 2010 Complaint. Citimortgage, Inc.'s October 15, 2019 Affidavit F never assigned the Debtor's Mortgage 65696 to ABN AMRO. On June 19, 2017 Citimortgage, Inc., executed its Affidavit F (Doc. No. 110: Exhibit "F"); consequently, on March 19, 2019 and on April 02, 2019 the Franklin County Recorder's Office asserted that under existing Ohio law, the June 19, 2017 Citimortgage, Inc.'s Affidavit F is futile and worthless and never converted the Mortgage 60742 or the Mortgage 68790 into the Mortgage 65696; and never assigned the Debtor's Mortgage 65696 to ABN AMRO to date.

Citimortgage, Inc.'s Corp.Ass.Mortg 'D' and its Preliminary Judicial Report do not include the means of making the correction within them. The doctrine of substantial compliance mandates that the corrective language or the means of making the correction be found within the Mortgage document or the instrument itself. *Thomas*, 2008 Bankr. LEXIS 1679 at **14–15. The Ohio Supreme Court enunciated the following principle of construction as follows:

20

It is a well-settled principle, applicable to the construction of deeds and other instruments, that all their parts are to be construed together, and the meaning ascertained from a consideration of each and every part; and, in the application of this rule... *and the instrument supplies within itself the means of making the correction. Dodd*, 5 N.E. at 867 (emphasis added). *See also Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004) ("[T]he court must review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" (quoting *Dodd*, 5 N.E. at 867)).

Based on the evidences, under existing law, Citimortgage, Inc., was never the owner or holder of the Debtor's Mortgage 65696; consequently, the Franklin County Recorder's Office asserted that the Cap.Mortg.Serv's Corp.Ass.Mortg, (Doc. No. 110: Exhibit "D") needed re-recorded (Doc. No. 103: Appendix "A"). Effective September 01, 2019 ABN AMRO is a defunct and out-of-existence corporation (Doc. No. 19: Exhibit "11"). Cap.Mortg.Serv. is also a defunct and out-of-existence corporation; consequently, the Franklin County Recorder's Office instructed and recorded the "Affidavit of Leonard Nyamusevya of Facts Relating to Title Preventing Assignment Recordation to Citimortgage, Inc., (O.R.C. § 5301.252)," which was recorded as Instrument No. 20190 40200 37143 at 4:12:32 PM, in the Franklin County Recorder's Office (Doc. No. 103: Appendix "A").

On April 02, 2019 Citimortgage, Inc.'s Affidavit F was brought for several review before the Franklin County Recorder's Office higher officers and counsel; and thereafter, determined that Citimortgage, Inc.'s Affidavit F is without an legal force and thus is worthless; and because ABN AMRO and Cap.Mortg.Serv, Inc., are both defunct and out-of-existence corporations; consequently, Citimortgage, Inc., cannot disturb the Debtor's real property's title. At the hearing on this matter, the Debtor will not go forward, until this Court ascertain that the Franklin County Recorder's Office deputies of counsel or officers or agents appear to testify, in favor of the Debtor.

The issues that pursuant to O.R.C. § 1701.82(A)(3), Citimortgage, Inc., is the owner or holder of the Mortgage 60742 (Doc. No. 19: Exhibit "5" and Exhibit "6"), and the Mortgage 68790 (Doc. No. 19: Exhibit "2") are newly discovered independent claims; and are substantial and vital collateral attack issues to the State Court's judgment M (Doc. No. 110: Exhibit "M"); and had never before been adjudicated or decided by the State Court or by any Court of competent jurisdiction; and thus are ripe for a decision and disposition in this Bankruptcy Court. Because the State Court disregarded existing law and its Local Rule 96 and the mandate under O.R.C. § 2329.191; hence, only a Bankruptcy or a Federal District Court's judge can end and wholly dispose the more than 9 years old Citimortgage, Inc.'s endless litigation against the Debtor's real property. The Parties are incontestably ready for trial right now, in this Bankruptcy Court, because litigation anew in the State Court will seriously prejudice the Debtor, by aborting his Bankruptcy relief for a fresh start, because only the stay is still very

21

important and providing the relief for a fresh start to the Debtor. Let us litigate right now in this Court and let us concede to this Bankruptcy Court, to issue an Order that would sell the Debtor's real property, and pay creditors, whenever the interest of justice so requires, in order to prevent the Debtor from suffering irreparable health problems and speedy heart rate conditions.

Because the Parties have unsuccessfully and endlessly litigated for more than 9 years in the State Courts forum, because of serious violation of federal law, for which this Bankruptcy and the Federal District Courts have exclusive federal jurisdiction, due to the violation of both, the Ohio and the U.S. Constitution, in the State Court forum; consequently, this Court should not disturb the stay, for preventing the irreparable loss of the Debtor's real property, due to Citimortgage, Inc.'s fraudulent and unconstitutional apparent deprivation and confiscation of the Debtor's real property, in violation of the Debtor's secured constitutional rights, because the State Court disregarded existing law and disregarded its own Local Rule 96 and disregarded O.R.C. § 2329.191, the statute that provides the mandate that Citimortgage, Inc., must possess its Preliminary and Final Judicial Reports, which show Citimortgage, Inc.'s name in the Chain of Title Transfer of the Debtor's real property's title, and which show and refer to the recordation of the Mortgage 65696 in the Franklin County Recorder's Office; consequently, in this instant Case, Citimortgage, Inc., lacks its Preliminary and Final Judicial Reports, which are required under O.R.C. § 2329.191; consequently, this Court should not lift the stay, because Citimortgage, Inc., lacks the jurisdiction standing to invoking the jurisdiction of the State Court.

This Court should not disturb the stay, due to the importance for vindicating the harmless Debtor, who had worked pretty hard and paid to satisfaction in full, the June 26, 2002 Note and the Mortgage 65696 (Doc. No. 110: Exhibit "C"). For judicial economy and the Parties' trial readiness, this Court is better positioned and equipped with more resources and skills to end and dispose this endless litigation, right now upon its Final Decision on this matter, in order to avoid foreclosed property buyers from trespassing upon the Debtor's property, which resulted in speedy heart rate problems affecting the Debtor. The Debtor will not object in the interest of the estate, for this Court to sell the Debtor's real property. *The Debtor preserves the right to supplement this Motion at any time.* This Court should deny lifting the stay, as the Debtor owes $0.00 to Citimortgage, Inc.

### The Debtor is Pressing and Enforcing his undue Financial Burden and Cost of Defense to the Bankruptcy Estate and the Impact of Litigation on Other Creditors

On the June 26, 2002 initial principal in the amount of $136,700.00, on or around April 30, 2008, Citimortgage, Inc., represented that the Debtor had equity around $86,000.00 (Doc. No. 103: Exhibit "23"), which is attached hereto as Exhibit "23." The Debtor's real property never declined in value, and thus had been always increasing in value; hence currently its fair market value is

approximately $230,000.00. The Debtor paid to satisfaction in full the Citimortgage, Inc.'s June 26, 2002 Note; and thus the Debtor owns a 100% equity of the $230,000.00 fair market value for his interest in his residential real property; consequently, the stay should not be disturbed at all.

In the absence of the stay, the Debtor will be seriously prejudiced and irreparably harmed and injured financially and physically, due to the unduly and increased financial hardship and burdened cost for medication, as the lifting of the stay will trigger an acceleration of speedy heart rate conditions, affecting and declining the Debtor's health condition, and the unduly cost to the Debtor to defend in the State Court's Case No. 2010-CVE-09-13480; and to contemporaneously litigating in the 10th District Court of Appeals, in the reopening of the Appeal Case No. 2018-AP-949 for the Judgment M; and the Debtor's independent action with Case No. 2019-AP-199 for a writ of mandamus and for a writ of prohibition, which was filed following the instruction from the Franklin County Recorder's Office agents. Because Citimortgage, Inc.'s litigation against the Debtor started on September 14, 2010; consequently, the Debtor suffered an undue financial cost for attorney fees and Court's cost that exceeded $68,000.00, not including the amount of lost income.

The Debtor is attaching just a few evidentiary facts, for showing and highlighting that the Debtor already incurred a $30,000.00 undue litigation cost in attorney fees, by paying around $16,000.00 to the Marc E. Dann Law Firm; and $6,000.00 to the Troy Doucet and Gerling Law Firm; and $2,000.00 to the Peter Cozmyk Law Firm; and around $2,700.00 to the Athena Inembolidis Legal, LLC Law Firm; and $3,000.00 to the Michael O'Reilly Law Firm; consequently, the Debtor will seriously be prejudiced and financially jeopardized and irreparably harmed and injured, in the event the State Court's foreclosure proceeding would resume unnecessarily, while Citimortgage, Inc., is losing $0.00 at all and not affected by this Court's denial to lift the automatic stay, for having a $0.00 claim and lien encumbering the Debtor's interest in his real property, which had been satisfied and paid in full; consequently, this Court should grant the relief of a fresh start to the Debtor and should at all cost possible deny to lift the stay, to avoid irreparably imperiling the harmless Debtor; and thus generating up a massive public outcry and disappointment in the integrity of the Ohio judicial system, because under Rule 9011, Citimortgage, Inc., conceded and agreed and represented that Citimortgage, Inc., under S.D. LBR 6007-1(c)(3) and S.D. LBR 6007-1(c)(5) and S.D. LBR 6007-1(d) and Rule 6007, possessed a $0.00 encumbrances against the Debtor's real property. The Debtor had submitted and his evidentiary documents, regarding the costs that had already been paid per-petition (*see* attached Exhibit "45"), by the Bankruptcy estate.

As a pecuniary impact on the estate and on other creditors, in the absence of the stay, due to litigating in the State Court; consequently, the Debtor will be affected and barred to paying his child

23

support arrearage obligation; and making scheduled monthly payments on his student loan accounts; and settling with the IRS through an Offer in Compromise that was planned pre-petition.

The Debtor's place for employment was in Appleton, in Wisconsin (*see* attached Exhibit "46"). The Debtor was an exempt professional engineer, who graduated with a Master of Science in Electrical Engineering Degree, and was designing military equipment and fire trucks; consequently, because the Debtor's attorney did not perform a title search on the Debtor's real property and did not engage the Franklin County Recorder's Office agents, to investigate why after collecting all the payments due on the June 26, 2002 Note, Citimortgage, Inc.'s never perfected or recorded the Note's satisfaction and payment in full, in the Franklin County Recorder's Office; consequently, the Debtor lost income to come back to Columbus, Ohio, for litigation on his real property. The Debtor's health condition declined and was jeopardized as a direct cause of Citimortgage, Inc.'s endless litigation against the Debtor and its disregard of existing law. Citimortgage, Inc., did not like the stay and willfully violated it; consequently, this Court is still to enter an Order for a hearing for finding Citimortgage, Inc., in a willful contempt of Court, as substantiated by Doc. No. 116.

In Ohio it had been shown that selling a real property through an online foreclosure sale is not efficient and most of the time the foreclosure auction sale maximum bidder's price is relatively small, as compared in the event the Debtor would list his real property and sale it without auctioning it online. The Debtor's real property is fully renovated and has a fair market value that is around $230,000.00; consequently, should the Debtor sell his property without auctioning it online, creditors will be paid in full, instead of having Citimortgage, Inc., affecting other creditors by disposing the Debtor's real property, through a Franklin County Foreclosure Sheriff's Auction Sale, that will seriously irreparably deteriorate the Debtor's heart; and causing unknown foreclosed property hunters to trespass upon the Debtor's real property, instantly once it is listed for a foreclosure online auction by the Franklin County Sheriff; and that will seriously affecting the mental peace of the Debtor's senior citizen's neighbors for more than 17 years, resulting in inflicting the sufferings of mental anguishes and bad feelings to the Debtor's community; consequently, this Court should not disturb the stay, for the benefit of unsecured creditors, as argued above, there would be negative effects on creditors in litigating anew in the State Courts forum, because as soon as the Citimortgage, Inc.'s Mortgage/Lien are determined as wholly unsecured and void, unsecured creditors will instantly be paid in full. The online foreclosure auction will devalue the amount of money that would pay unsecured creditors.

In the absence of the stay, the Debtor will suffer a higher pecuniary rate of cost to defend against the irreparable loss of his real property in the State Court forum, with contemporaneous proceedings in the Trial State Court and the 10th District Court of Appeals. Because the Debtor was

24

pursuing some opportunity for generating income in Pennsylvania and in Wisconsin; consequently, the

Debtor will suffer the loss of income for endlessly litigating anew in the State Court forum, and costs

of travelling back and forth from Columbus, Ohio to Pennsylvania and to Wisconsin, which would be

exhaustive and expensive and a financial hardship, due to renewed litigations in the State Courts,

because the Debtor must definitely have to hire some highly experienced counsels. Already the

Shapiro and Shapiro CO, LPA charged a retainer in the amount of $500,000.00 to defend the Debtor's

interest in his property, including legally representing the Debtor to the U.S. Supreme Court level;

consequently, it would be more expensive to litigate anew in the State Courts forum and that the estate

cannot afford it, due to paying the Debtor's medical bills.

### The Debtor is Pressing and Enforcing O.R.C. §§ 5309.53 and O.R.C. §§ 5309.54

After litigating in the State Court forum for more than 9 years, Citimortgage, Inc., lacks any

perfected State Court's certificate of judgment lien that attached to the Debtor's real property, as

required under O.R.C. §§ 5309.53 and O.R.C. §§ 5309.54, because under Rule 9011 Citimortgage,

Inc., represented that the Debtor owes $0.00 to it, and there is no existing Citimortgage, Inc.'s

encumbrances against the Debtor's real property, as substantiated and corroborated by the Debtor's

Official Form 108 and 106D; consequently, this Court should not disturb the stay to avoid serious and

substantial prejudice to the Debtor, and to prevent the irreparable loss of the Debtor's real property.

### The Debtor is Pressing and Enforcing 11 U.S.C. § 558 and 24 C.F.R. § 201.50(b)
*And Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017 and
*Rockwell Internatl. Corp. v. United States,* 549 U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007)

**11 U.S.C. § 558** provides in pertinent part as follows:

The estate shall have the benefit of any defense available to the debtor as against any entity
other than the estate, including statutes of limitation, statutes of frauds, usury, and other
personal defense. A waiver of any such defense… of the case does not bind the estate.

Enforcing 11 U.S.C. § 558 and the Decision in *Rockwell Internatl. Corp. v. United States,* 549

U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007) against Citimortgage, Inc., on its September

14, 2010, false original allegations in its 2010 Complaint in Count Two that states as follows, "The

Mortgage was filed for record on July 05, 2002, in Instrument No. 20020 70501 65696, of the County

Recorder's records *and it was assigned to the Plaintiff herein… Plaintiff had complied with all*

*conditions precedent.*" Citimortgage, Inc., attached the Cap.Mortg.Serv, Inc.'s June 26, 2002

Corp.Ass.Mortg 'D' as Mortgage 60742 (Doc. No. 110: Exhibit "G" and Exhibit "D"), to ABN

AMRO; consequently, the Mortgage 60742 was different and was never the *Mortgage that was filed*

*for record on July 05, 2002, in Instrument No. 20020 70501 65696*; consequently, it is demonstrated

that Citimortgage, Inc.'s original allegations in its 2010 Complaint in Count Two are false;
consequently, on October 15, 2019 Citimortgage, Inc., attached its June 19, 2017 affidavit of
correction (Doc. No. 110: Exhibit "F"), for convincingly substantiating that *Citimortgage, Inc.'s
original allegations in its 2010 Complaint in Count Two are false*, which defeated jurisdiction of the
State Court; and hence substantiated the Citimortgage, Inc.'s lack of a justiciable controversy against
the Debtor, and its lack of its jurisdiction standing to sue the Debtor; consequently, the relief from the
stay should wholly be denied. *Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 473, 127 S.Ct.
1397, 167 L.Ed.2d 190 (2007). The Supreme Court of Ohio held in *Fed. Home Loan Mtge. Corp. v.
Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 that the demonstration that the original allegations
were false will defeat jurisdiction, as follows:

{¶ **25**} Further, invoking the jurisdiction of the court "depends on the state of things at the time
of the action brought," *Mullan v. Torrance*, 22 U.S. 537, 539, 9 Wheat. 537, 6 L.Ed. 154
(1824), and the Supreme Court has observed that "[t]he state of things and the originally
alleged state of things are not synonymous; **demonstration that the original allegations were
false will defeat jurisdiction**." *Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 473,
127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

**24 C.F.R. § 201.50(b)**: Lender efforts to cure the default, provides in part as follows:

**(b)** *Notice of default and acceleration.* Unless the borrower cures the default or agrees to a
modification agreement or repayment plan, the lender shall provide the borrower with written
notice that the loan is in default and that the loan maturity is to be accelerated. In addition to
complying with applicable State or local notice requirements, *the notice shall be sent by
Certified Mail…*

Citimortgage, Inc., fraudulently never mailed the Notice of Default or the Notice of
Acceleration to the Debtor, as required by the mandates of 24 C.F.R. § 201.50(b), and the Debtor's
Mortgage, and never submitted to and never filed for record with the Clerk of Court *the proof of copies
of certified mail receipts for mailing* the Notice of Default or the Notice of Acceleration, for complying
with the mandatory requirement under 24 C.F.R. § 201.50(b). The State Court and this Bankruptcy
Court's records lack the proof of copies of certified mail receipts for mailing the Notice of Default or
the Notice of Acceleration to the Debtor, as obligated under 24 C.F.R. § 201.50(b). Citimortgage, Inc.,
never complied with all conditions precedent prior to filing its Foreclosure Complaint, as it falsely and
fraudulently alleged in Count Two, as follows, "… *Plaintiff had complied with all conditions
precedent*;" consequently, its original allegations are false. The Debtor's June 26, 2002 Mortgage
provides in pertinent part on page 9 of 12, *Id.* at ¶ 16 as follows:

"{**16**} **Governing law:** This security instrument **shall be governed by federal law** and the law
of the jurisdiction in which the property is located. All rights and obligations contained in this
security instrument are subject to any requirements and limitations or applicable laws."

26

## The Debtor is Pressing and Enforcing Fed. R. Bankr. P. 6007 and Rule 9011

**Fed. R. Bankr. P. Rule 6007**: Abandonment or Disposition of Property provides as follows:

(a) **Notice of Proposed Abandonment or Disposition; Objections; Hearing**.
Unless otherwise directed by the court, *the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee,... A party in interest may file and serve an objection within 14 days of the mailing of the notice ...*

(b) **Motion by Party in Interest**. A party in interest may file and serve a motion *requiring the trustee or debtor in possession to abandon property of the estate.*

Citimortgage, Inc., never filed a Motion for Abandonment pursuant to Rule 6007(b), as required pursuant to S.D. LBR 6007-1(b)(2) that, "*A party unable to... may file a motion for abandonment pursuant to Rule 6007(b).*" Under Rule 9011 Citimortgage, Inc., agreed and conceded and knew that Citimortgage, Inc., **abandoned** the Debtor's real property, by filing its Motion that is *captioned as "Notice of Proposed Abandonment of Citimortgage. (Property Located at 2064 Worcester Court, Columbus, Ohio 43232)"* (Doc. No. 89). It is uncontested and convincingly established that Citimortgage, Inc., gave up finally and conceded and agreed that this Court *should not lift* the automatic stay; and should grant the Debtor's Motion for Determination that Citimortgage, Inc.'s Mortgage/Lien is Wholly Unsecured and Void and for Granting Debtor's Quiet Title (Doc. No. 22). This Court's record substantiates that the captioning of the September 20, 2019 Citimortgage, Inc.'s Motion is as follows, "Notice of Proposed *Abandonment of Citimortgage*. (Property Located at 2064 Worcester Court, Columbus, Ohio 43232)" (Doc. No. 89). Now that the Debtor's property was abandoned by Citimortgage, Inc.; consequently, this Court should issue an Order denying lifting the automatic stay; and should further issue an Oder granting the Debtor's Motion for Determination that Citimortgage, Inc.'s Mortgage/Lien is wholly Unsecured and Void and for Granting a Quiet Title to the Debtor (Doc. No. 22).

Under the provisions of Fed. R. Bankr. P. 6007(a), Citimortgage, Inc., is only allowed to *file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court.*

Under the provisions of Fed. R. Bankr. P. 6007(b), Citimortgage, Inc., was specifically allowed to file and serve a Motion that is *captioned as Motion Requiring the Trustee or Debtor in Possession to Abandon Property of the Estate.* Pursuant to Rule 9011 on September 20, 2019 Citimortgage, Inc., represented to this Court that Citimortgage, Inc., abandoned the Debtor's real property and filed on the record the Citimortgage, Inc.'s Notice of Proposed Abandonment of Citimortgage, Inc. (Property Located at 2064 Worcester Court, Columbus, Ohio 43232)(Doc. No. 91).

### The Debtor is Pressing and Enforcing S.D. LBR 6007-1 and Rule 9011

**S.D. LBR 6007-1** provides in pertinent part as follows:

27

(a) **Obtaining Abandonment**.

(2) **Motion**. A party unable to secure an abandonment from a trustee may file a motion for abandonment pursuant to Rule 6007(b).

(b) **Notice Procedure in Chapter 7 Cases**.

**(2) Further Notice of Proposed Abandonment.** *If further notice of proposed abandonment is required, the party proposing the abandonment shall give such further notice to the party filing the request for such notice…*

(c) **Contents of Notice**. A request pursuant to (a)(1) above or a motion pursuant to (a)(2) above shall contain:

(3) A statement of the payoff amounts of any encumbrances on the property as of the date of the filing of the notice… an explanation why the statement is unnecessary or unavailable; and

(5) The original notice pursuant to (b)(2) above filed with the court and the copy served on the trustee *shall contain copies of all documents by which any encumbrances against the property were created or perfected, or an explanation why the copies are unnecessary or unavailable.* The copy of such notice forwarded to creditors shall contain a statement that said copies or explanation are on file with the court and available for review by interested parties.

(d) **Responsible Party**. *The creditor requesting and obtaining an abandonment from the trustee shall be responsible for insuring that the procedure outlined herein is followed.*

### S.D. LBR 6007-1(c)(3)

Because the Debtor owes $0.00 to Citimortgage, Inc.; and that *Citimortgage, Inc.'s lacks any perfected State Court's certificate of judgment lien that is attached against the Debtor's real property*; and that the Debtor's real property and the Note and the Mortgage 65696 are satisfied and paid in full; and that under Fed. R. Bankr. P. 9011 this Bankruptcy Court's record correctly and incontestably *substantiates under S.D. LBR 6007-19(c)(3)* in Citimortgage, Inc.'s September 20, 2019 Notice of Proposed Abandonment of Property (Doc. No. 91), and in Citimortgage, Inc.'s October 15, 2019 Response to Debtor's Motion for 21 Days Safe Harbor Notice Doc. No. 99 (Doc. No. 108) that *Citimortgage, Inc., lacks any statement of the payoff amounts of any encumbrances against the Debtor's real property, as of September 20, 2019*, the date of the filing of its original Notice of Proposed Abandonment (Doc. No. 89), and *lacks any explanation why the statement is unnecessary or unavailable*; consequently, American Courts of competent jurisdiction would all agree that *under S.D. LBR 6007-19(c)(3)*, Citimortgage, Inc., silently and calmly and irrefutably had attested and conceded and agreed that the Debtor owes $0.00 to Citimortgage, Inc.; and that *this Court should deny lifting the automatic stay*; consequently, at the Preliminary and Final hearing, the Debtor will vehemently press

and enforce the mandate of Fed. R. Bankr. P. 9011 and the Doctrine of Estoppels against Citimortgage, Inc., because *under S.D. LBR 6007-19(c)(3)*, Citimortgage, Inc.'s statement of the payoff amounts of any encumbrances against the Debtor's real property, as of September 20, 2019 is convincingly and irrefutably a $0.00 payoff amount. It is convincingly established and determined that Citimortgage, Inc.'s lack of its statement of the payoff amount of any encumbrances against the Debtor's property and its lack of any explanation why the statement is unnecessary or unavailable, *substantially and incontestably and convincingly corroborated with this Bankruptcy Court's record that the Debtor owes $0.00 to Citimortgage, Inc., which is substantiated by the Debtor's Official Form 108 and the Debtor's Official Form 106D.*

### S.D. LBR 6007-1(c)(5)

This Court's record substantiates on September 20, 2019 (Doc. No. 89) and on October 15, 2019 (Doc. No. 110) that Citimortgage, Inc., agreed and knew and should have known that pursuant to S.D. LBR 6007-1(c)(5), Citimortgage, Inc., and this Bankruptcy Court's record lack the copies of all documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's real property were created or perfected, merely because they do not exist and are unavailable; and thus there is none and the Debtor owes $0.00 to Citimortgage, Inc.; and thus the encumbrances amount of a $0.00 balance; furthermore, pursuant to O.R.C. § 5309.53 and O.R.C. § 5309.54 there is no Citimortgage, Inc.'s encumbrances and no perfected State Court's certificate of judgment lien that attached against the Debtor's real property; and thus there is none at all and the Debtor had maintained to be harmless. *In this instant Case, there are no Citimortgage, Inc.'s evidences to justify the lifting of the automatic stay.*

### S.D. LBR 6007-1(d)

Pursuant to S.D. LBR 6007-1(d) Citimortgage, Inc., abused the Bankruptcy process and failed to be responsible for insuring that the procedure outlined herein was followed, by filing the copies of all documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's real property were created or perfected, and never provided an explanation why the copies are unnecessary or unavailable. In this situation where Citimortgage, Inc.'s concealment of required evidentiary documents for substantiating its status and injury amount and lien is fraudulently perpetuated upon this Bankruptcy Court, for the purpose of perpetuating darkness upon this Court and process and the judge; consequently, a reasonable jurist and American Courts of competent jurisdiction would all agree that *under S.D. LBR 6007-19(d)*, the automatic stay should not be lifted in darkness without a showing of supporting evidentiary documents, for causing seriously and substantially prejudicing the Debtor, and inflicting irreparable harm and injury affecting the Debtor, while Citimortgage, Inc., is losing $0.00. The debtor preserves the right to supplement this Motion as soon as possible.

### The Debtor is Pressing and Enforcing 11 U.S.C. § 105(a) and Rule 9011
### And that Citimortgage is Not Affected by the Automatic Stay at All

11 U.S.C. § 105(a) provides in pertinent part as follows:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Debtor would be in immediate peril in the absence of the stay. The stay is still of paramount importance to shield the Debtor's real property and losses. Citimortgage, Inc., is losing nothing at all and thus is not affected by the stay at all and by the denial to lift the stay. The automatic stay is still extremely very important to protect the Debtor from the irreparable loss of the Debtor's real property. Citimortgage, Inc., is a defined and most active and aggressive institutional creditor with unlimited financial resources. *See* In re *United Merchants & Mfrs., Inc.*, 10 B.R. 312, 313 (S.D.N.Y. 1981) (noting that institutional creditors accounted for a vast majority of the debt in the case), rev'd, 674 F.2d 134 (2d Cir. 1982); In re *Rivers End Apartments, Ltd.*, 167 B.R. 470, 479 (Bankr. S.D. Ohio 1994) (noting that most secured creditors are institutional creditors).

With more regular legal representation, more experience in litigation, and more ability to afford legal services, Citimortgage, Inc., had continuously been combative rather than cooperative in this litigation. *See* Hazel G. Genn, Hard Bargaining out of Court Settlement in Personal Injury Actions 25-26 (1987) (discussing the English legal system in the context of tort suits and using Professor Galanter's analogies to "one shot players" and "repeat players"). In this instant Case, Citimortgage, Inc.'s combative tactics included its fraudulent dishonesty; fraudulent concealment of facts; fraudulent misleading conduct; manipulation of law; disregard of existing law; and manufacturing evidences.

### Lack of any Chance to Prevail in the State Court and of Success on the Merits

Based on the evidences and existing law, Citimortgage, Inc., lacks any chance to prevail in the State Court, and of success on the merit, due to fraudulently concealing the evidentiary documents for showing its status in this instant Case, because under Rule 9011, this Court's record substantiates that Citimortgage, Inc., agreed and represented that its June 26, 2002 Note had been satisfied and paid in full and currently has a $0.00 account balance against the Debtor's real property; and thus the copies of all documents for showing any Citimortgage, Inc.'s encumbrances against the Debtor's real property are inexistent, because the encumbrances' account balance is $0.00. This is a substantial Motion and without it, the Debtor will be seriously prejudiced; thus any deficiency should be forgiven.

## Resolution of Preliminary Bankruptcy Issues/Federal Law Basis for Fresh Start
## State Law No Longer Basis for Claims

Relief from stay is not warranted because State law are no longer the basis for claims, where in this instant Case, Citimortgage, Inc.'s June 26, 2002 Note had been satisfied and paid in full and currently has a $0.00 account balance against the Debtor's real property, and that the Debtor's account remained active because Citimortgage, Inc., never recorded its interest in the Debtor's real property's title to date; consequently, Citimortgage, Inc., did not close the account and did not record the satisfaction of the payment in full of its Note; consequently, the State Court disregarded existing law; and its own Local Rule 96; and O.R.C. 2329.191 statute that provides that Citimortgage, Inc., must possess its Preliminary and Final Judicial Report, which show Citimortgage, Inc.'s name in the Chain of Title Transfer of the Debtor's real property; and which show and refer to the Debtor's Mortgage 65696, within the required allowed times.

In this instant Case, Citimortgage, Inc., lacks its Preliminary and Final Judicial Reports; and thus lacks the standing to prosecute the Debtor. Fraud and abuse of this Bankruptcy process and misrepresentation and manifest concealment of evidentiary facts were alleged by the Debtor, against Citimortgage, Inc. The Bankruptcy issues are predominant and ripe for disposition; consequently, this Court is in better position to end and dispose this more than 9 years Citimortgage, Inc.'s litigation against the Debtor, because under Rule 9011, Citimortgage, Inc., conceded and attested and agreed and represented in this Court that Citimortgage, Inc.'s has a $0.00 encumbrances account against the Debtor's real property; on the other hand, Citimortgage, Inc., is requesting the relief from the stay, in order to prosecute the Debtor on other mortgagors' accounts as Mortgage 60742 and Mortgage 68790 that never belonged to the Debtor.

The attached Exhibit 2 was ordered by Citimortgage, Inc., on March 03, 2019, in connection with the May 03, 2019 Foreclosure auction of the Debtor's real estate, which substantiates that the Debtor's real property was having a fair market value of $180,000.00. Debtor vehemently claims that in this instant Case where the value of Debtor's real property substantially is more than $195,000.00 (*see* attached Exhibit "47") and will be $230,000.00; and thus exceeds the amount fraudulently claimed by Citimortgage, Inc., on its Mortgage 60742 and its Mortgage 68790 in the amount of $94,994.03; and Citimortgage, Inc.'s value of Debtor's real property in the amount of $163,100.00; and the true fact that Debtor's Official Form 108 retained the real estate as satisfied and paid in full; therefore, relief from the stay should be wholly denied because there is no financial owing to Citimortgage, Inc., and the equity cushion in Debtor's real property may provide the adequate protection. In re *Zeoli*, 249 B.R. 61 (Bankr. S.D.N.Y. 2000); see also In re *Elmira Litho, Inc.*, 174 B.R. 892, 904 (Bankr. S.D.N.Y.

1994) ("It is beyond cavil that an equity cushion can, under certain circumstances, serve as a form of adequate protection."). Citimortgage, Inc., did not allege that the Debtor's real property was depreciating post-petition, and did not allege how the stay affected its interest in the Debtor's real estate. Citimortgage, Inc., did not disclose the evidentiary documents for showing the accounting ledger for its lien against the Debtor's real property.

### The Debtor is Pressing and Enforcing 11 U.S.C. § 362(g)(1) and 11 U.S.C. § 362(g)(2) and 11 U.S.C. § 558 and O.R.C. § 5309.53 and O.R.C. § 5309.54 and S.D. LBR 6007-1(c)(3) and S.D. LBR 6007-1(c)(5) and S.D. LBR 6007-1(d) and Rule 9011

Under the Debtor's secured constitutional right of due process and the equal protection under the law right that is secured by both the Ohio and the U.S. Constitutions, to be heard and to defend against the fraudulent and unlawful and unconstitutional deprivation and confiscation of the Debtor's real property, in an impartial Bankruptcy Court and before an impartial judge; consequently, the Debtor is *meritoriously* defending before this Court , by alleging that in its Amended Motion for Relief (Doc. No. 110), which was filed soon after Citimortgage, Inc., knew and reviewed the Debtor's objecting defenses in his Motion for Objection (Doc. No. 103) that the Debtor owed $0.00 to Citimortgage, Inc., as substantiated by the Debtor's Bankruptcy Official Form 108 and the Debtor's Official Form 106D; consequently, the Debtor is vehemently pressing and enforcing the mandates of the following: 11 U.S.C. § 362(g)(1); and 11 U.S.C. § 362(g)(2); and 11 U.S.C. § 558; and 11 U.S.C. § 105(a); and 11 U.S.C. § 101(5)(A)-(B); and 11 U.S.C. § 101(8); and 11 U.S.C. § 101(10)(A); and 11 U.S.C. § 101(11)(B); and 11 U.S.C. § 101(13); and 11 U.S.C. § 101(13A)(A); and 11 U.S.C. § 101(49); and 11 U.S.C. § 101(51); and 11 U.S.C. § 101(54)(B); and O.R.C. § 5309.53; and O.R.C. § 5309.54; and S.D. LBR 6007-1(c)(3); and S.D. LBR 6007-1(c)(5); and S.D. LBR 6007-1(d); and Rule 9011, and alleges that because under O.R.C. § 1701.82(A)(3) Citimortgage, Inc., possessed the Debtor's June 26, 2002 Mortgage 65696 accounting repayment records ledger, from June 26, 2002 to present; consequently, under 11 U.S.C. § 362(g)(1), it was Citimortgage, Inc.'s incontestably obligated burden of production of that accounting repayment ledger, for showing its outstanding claim amount of any Citimortgage, Inc.'s encumbrances against the Debtor's real property.

Pursuant to 11 U.S.C. § 362(g)(1), Citimortgage, Inc., should had wholly disclosed under O.R.C. § 1701.82(A)(3), the Debtor's Mortgage 65696 accounting repayment records ledger, from June 26, 2002 to present, for disclosing the initial principal amount of $136,700.00 as of June 26, 2002, and the subsequent repayment and business transaction records ledger, for disclosing the huge lump sum principal payment amount of $26,000.00 that the Debtor paid to ABN AMRO, on August 14, 2002, and disclosing the reduced principal amount to $110,412.80 as of August 14, 2002 (Doc. No.

103: Exhibit "14"), which is much lower than the April 15, 2004 principal amount of $130,344.04 that
is shown on Citimortgage, Inc.'s Consolidated Note Report (Doc. No. 103: Exhibit "4"); in order to
accurately show its principal default amount, for supporting its request for relief from the stay;
consequently, Citimortgage, Inc.'s Amended Motion 110 lacks and fraudulently conceals any
evidentiary accounting documents, for showing the computation of its unavailing and unwarranted and
fictitious amount of $94,994.03 and its S.D. LBR Form 4001-1(a) Debt/Value Representation of a total
indebtedness of the Debtor, in the amount of $189,227.65.

Under existing law, Citimortgage, Inc.'s claim and lien are unavailing and unwarranted, and
unsupported by any evidences; and are not justified by existing law; and require the modification or
extension of law. Citimortgage, Inc.'s S.D. LBR Form 4001-1(a) Debt/Value Representation of a total
indebtedness of the Debtor, in the amount of $189,227.65, is unavailing; and fictitious; and invalidly
unwarranted; and was maliciously made in bad faith with intent to defraud the Debtor upon this Court;
and is unsupported by any evidences, in this Bankruptcy Court's record; and is not justified by any
existing law; and it requires the modification or extension of existing law; consequently, this Court
should wholly deny to lift the stay.

Under O.R.C. § 1701.82(A)(3), Citimortgage, Inc., possesses the Debtor's Mortgage 65696
evidentiary accounting repayment records ledger; and under 11 U.S.C. § 362(g)(1), Citimortgage,
Inc.'s had the burden of proof on the issue of the Debtor's equity in his real property; consequently,
contrary to O.R.C. § 1701.82(A)(3), Citimortgage, Inc., concealed the Debtor's Mortgage 65696
evidentiary accounting repayment records ledger, which this Court needs to accurately compute and
verify the Citimortgage, Inc.'s S.D. LBR Form 4001-1(a) Debt/Value Representation of a total
indebtedness of the Debtor, in the amount of $189,227.65; consequently, the claimed amount of
$189,227.65 is unsupported and fictitious; and thus this Court should deny to lift the stay; and should
grant the Debtor's Motion for Determination that Citimortgage, Inc.'s Mortgage/Lien is Wholly
Unsecured and Void (Doc. No. 22).

Because Citimortgage, Inc., had already provided the Debtor the proof of equity of $85,716.00
(Doc. 24: Exhibit "23"); and that after the Note was satisfied and paid in full, the Debtor owns 100%
of equity of the fair market value of his property; consequently, the stay should not be disturbed for
unavailing and unsupported Citimortgage, Inc.'s allegations. Pursuant to O.R.C. § 5309.53 and O.R.C.
§ 5309.54, Citimortgage, Inc., lacks and never perfected any certificate of State Court's judgment lien
that attached against the Debtor's real property. Citimortgage, Inc., lacks any encumbrances against the
Debtor's real property, because the Debtor owes $0.00 to Citimortgage, Inc.

33

Citimortgage, Inc., through Mariella Villa: Director of Marketing asserted around April 30, 2008 that the Debtor had equity about $85,716.00 (Doc. 24: Exhibit "23"); consequently, because the Debtor's Mortgage 65696 was scheduled to be satisfied and paid in full in December 2010, Citimortgage, Inc., reviewed the Debtor's Mortgage 65696 account balance (Doc. No. 103: Exhibit "40") and stated on October 25, 2007 that:

> "We want to assure you that we are researching your case, and we will make every effort to provide you with an answer in approximately two weeks."

Citimortgage, Inc., is should not conceal the "researching your case" result and account record, upon this Court for further review. After Citimortgage, Inc., researched the Debtor's account on October 25, 2007, the Note and the Debtor's Mortgage 65696 were satisfied and paid in full in December 2010; consequently, the Debtor owes $0.00 to Citimortgage, Inc.; consequently, the Debtor stated on his Official Form 108 that he retained his real property, which is satisfied and paid in full and that the Debtor owes $0.00 to Citimortgage, Inc. With all due diligence, some of the evidences that were previously needed for the Debtor's defense, belatedly became available on March 19, 2019 and on April 02, 2019 from the Franklin County Recorder's Office. Because Citimortgage, Inc., never recorded its interest in the Debtor's real property; consequently, Citimortgage, Inc., could not record in the Franklin County Recorder's Office the satisfaction and payment in full of the Note and the Debtor's Mortgage 65696. Under 11 U.S.C. § 362(g)(1), Citimortgage, Inc., failed to meet its burden of proof on the issue of the Debtor's equity in property. Pursuant to Rule 9011, it is established, and substantiated, and uncontested that Citimortgage, Inc., concealed the evidentiary accounting repayment records ledger; and the proof of the Debtor's equity in property.

**11 U.S.C. § 362(g)(1)** provides in pertinent part as follows:

**(g)** In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

**(1)** the party requesting such relief has the burden of proof on the issue of the Debtor's equity in property; and

**(2)** the party opposing such relief has the burden of proof on all other issues.

At the utmost, this Bankruptcy Court's record substantiates that the Note and the Debtor's real property and the Debtor's Mortgage 65696 are satisfied and paid in full, as substantiated on the Debtor's Bankruptcy Official Form 108 and the Debtor's Official Form 106D; and Citimortgage, Inc.'s correct and honest and irrefutable and convincing representation, under Rule 9011 to this Court, which is substantiated and evidenced by the Citimortgage, Inc.'s September 20, 2019, Notice of Proposed Abandonment of Citimortgage, Inc. (Property Located at 2064 Worcester Court, Columbus, Ohio

Case 2:19-bk-52868 Doc 123 Filed 11/05/19 Entered 11/06/19 16:30:50 Desc Main
Document Page 35 of 38

43232) (Doc. No. 91) that under S.D. LBR 6007-1(c)(5), Citimortgage, Inc.'s copies of all documents by which any Citimortgage, Inc.'s encumbrances against the Debtor's real property, and any explanation why the copies are unnecessary or unavailable are inexistent, because of being satisfied and paid in full and having a $0.00 account balance on any Citimortgage, Inc.'s encumbrances against the Debtor's real property.

To avoid the existing perpetuation of Citimortgage, Inc.'s fraud upon the State Court, to extend upon this Bankruptcy Court, the Debtor vehemently to the fullest extent of the law, demands that this Court begins its legal analysis by taking judicial notice in the September 14, 2010 Citimortgage, Inc.'s Foreclosure Case No. 2010-CVE-09-13480, which was filed in the State Court, in order to primarily determine and decide that the more than 7 years Citimortgage, Inc.'s June 19, 2017 "Affidavit F was never offered or submitted or presented as evidence, in the State Court and was never part of the State Court's record; hence it is *vainly* for the first time presented in this Bankruptcy Court, while it was beforehand precluded on July 10, 2019, from being presented in any form as evidence in this instant.

Citimortgage, Inc.'s Affidavit F never assigned the Mortgage 65696 to ABN AMRO, to present in the year 2019; consequently, Citimortgage, Inc.'s allegations that, "*The Mortgage* [only the Mortgage 60742] *was transferred from Cap.Mortg. Serv., Inc., to ABN AMRO, as evidenced by the assignment recorded on July 09, 2002, attached as Exhibit* D;" consequently, because of misrepresenting and lying upon this Court, in this Bankruptcy process, upon its review of Doc. 110: Exhibit D, which incontestably assigned Mortgage 60742, the Debtor demands that this Court issues a show cause Order against Citimortgage, Inc. To date, the Mortgage 65696 had never been assigned to ABN AMRO; consequently, the Debtor will file his Motion for Sanction. The original Citimortgage, Inc.'s allegations in the 2010 Complaint are false and thus jurisdiction had been defeated and unavailable.

Citimortgage, Inc., did not submit or present any evidentiary document for showing that, "As of August 26, 2019, there is due and owing on the Note the outstanding principal balance of $94,994.03;" consequently, this unsupported allegation is deficient and unavailing for the justification of the relief from the stay. Pursuant to 11 U.S.C. § 362(g)(1), Citimortgage, Inc., has the burden of proof on the issue of the Debtor's equity in property. Citimortgage, Inc., is not entitled to relief from the stay. Citimortgage, Inc., failed to meeting its evidentiary documents burden of showing by clear and convincing evidences that Citimortgage, Inc., would facing any substantial risk and imminent harm, due to the stay, because there is no lack of adequate protection in this instant Case, as the Debtor's real property's value is higher enough and around $230,000.00, and is never declining in value pre-petition and post-petition; and thus Citimortgage, Inc.'s Amended Motion 110 (Doc. No. 110) alleged that,

"*Creditor believes the value exceeds that which is proposed by the Debtor, [in the amount of $195,000.00].*"

## CONCLUSION:

This Court should grant this Motion. This Court should schedule a Preliminary hearing within 60 days of this Motion.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor– *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: nyaleo@hotmail.com

## 21 DAY NOTICE OF DEBTOR'S AMENDED MOTION FOR OBJECTION TO AMENDED CITIMORTGAGE, INC.'S OCTOBER 15, 2019 MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOC. NO. 110).

Notice is hereby given of Debtor's Amended Motion for Objection to Amended Citimortgage, Inc.'s October 15, 2019 Motion for Relief from the Automatic Stay (Doc. No. 110).

**Your right may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy Case at bar. (If you do not have an attorney, you may wish to consult one).

If you do not want this Court to grant this Notice, or if you want the Court to consider your views on this Notice, then on or before **21 days from the date of the mailing of this Notice**, you or your attorney must file with the Court a written request for hearing and an objection to this Notice stating therein your supported basis for objection. This pleading must be filed with:

> Clerk of Courts
> United States Bankruptcy Court of Southern District of Ohio
> 170 North High Street
> Columbus, Ohio 43215.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to:

Christa L. Caudill                        **U.S. Trustee: Asst U.S. Trustee (Col)**
Chapter 7 Trustee                         Office of the U.S. Trustee
3757 Attucks Drive                        170 North High Street, Suite 200
Powell, Ohio 43065                        Columbus, Ohio 43215
At *clcaudill@caudill-law.com*            At *ustpregion09.cb.ecf@usdoj.gov*
*trusteepleadings@caudill-law.com*

If you or your do not take these steps, the Court may decide that you do not oppose the relief sought in this Notice and may enter an Order Granting that relief sought without further hearing or notice.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: *nyaleo@hotmail.com*

## CERTIFICATE FOR SERVICE

I hereby certify that on the 05th day of November 2019, I served a true and accurate copy of the foregoing Document and all attachments on the following by regular U.S. Mail, postage prepaid, or electronically at the email address that is registered with the Court at:

**Trustee:**      **Christa L. Caudill**
Chapter 7 Trustee
3757 Attucks Drive
Powell, Ohio 43065
At Email: *clcaudill@caudill-law.com*

**Citimortgage, Inc:**    **Joel K. Jesen**
P.O. Box 5480
Cincinnati, Ohio 45201-5480
At *sohbk@lsrlaw.com*

**U.S. Trustee:**    **Asst U.S. Trustee (Col)**
Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, Ohio 43215
At *ustpregion09.cb.ecf@usdoj.gov*

**Citimortgage, Inc:**    **Mia L. Conner**
P.O. Box 5480
Cincinnati, Ohio 45201-5480
At *sohbk@lsrlaw.com*

**Citimortgage, Inc:**    **Edward J. Boll**
P.O. Box 6030
Sioux Falls, SD 57117-6030
At *sohbk@lsrlaw.com*

**Citimortgage, Inc:**    **Harry W. Cappel**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
At *harry.cappel@dinsmore.com*

**Citimortgage, Inc:**    **Nathan H. Blaske**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
At *nathan.blaske@dinsmore.com*

**Citimortgage, Inc:**    **Kara A. Czanik**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
At *kara.czanik@dinsmore.com*

**DelevLaw.com:**    **Gregory D. Delev**
1050 Delta Avenue, # 1000
Cincinnati, Ohio 45208
At *bankruptcy@delevlaw.com*

**Citimortgage, Inc:**    **Rick D. DeBlasis**
Lerner, Sampson and Rothfuss, LPA
120 East Fourth Street, Suite 800
Cincinnati, Ohio 45202
At *rdd@lsrlaw.com*

No other parties are affected by this Notice.

And by regular U.S. Mail, postage prepaid, upon the following, and those parties listed on the Case mailing matrix, attached hereto as Exhibit A:

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: *nyaleo@hotmail.com*