# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In Re:

**LEONARD NYAMUSEVYA** ]    Case No. 2:19-bk-52868
]
]    **Chapter 7**
Debtor. ]
]    **Judge John E. Hoffman, Jr.**
]

FILED
2024 JAN -2 PM 3: 31
RICHARD JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT
COLUMBUS, OHIO

---

## NOTICE TO BANKRUPTCY COURT'S TO MAKE PART OF THE RECORD DEBTOR'S ALLEGATIONS THAT WERE PRESENTED TO THE U.S. SUPREME COURT IN BANKRUPTCY IN

### RE:    Nyamusevya v. CitiMortgage, Inc., *et al.*
### USCA6# 23-3497

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW COMES** Leonard Nyamusevya, (hereinafter the "Debtor or Mr. Nyamusevya") and hereby respectfully files in this Bankruptcy Court his Notice to this Bankruptcy Court to make part of the record Debtor's allegations that were Presented to the U.S. Supreme Court pertaining to this Bankruptcy Case in RE: Nyamusevya v. CitiMortgage, Inc., *et al.* USCA6# 23-3497 (See attached Exhibit A).

Debtor is fighting against the unlawful and unconstitutional and fraudulent use of a Supplemental Final Judicial Report against him after Debtor wholly paid off his residential property. Debtor incorporates into and makes part of this Notice and the Bankruptcy Court's record the Debtor's allegations that were Presented to the U.S. Supreme Court pertaining to this Bankruptcy Case in RE: Nyamusevya v. CitiMortgage, Inc., *et al.* USCA6# 23-3497. Debtor is not a vexatious litigator. A Supplemental Final Judicial Report is not provided under the whole of American federal and state laws and the Ohio and U.S. Constitution.

## CONCLUSION

This Court should follow other Courts' precedents. Petitioner-Debtor kindly demands the justices of the U.S. Supreme Court to follow the Court's decision in *In re Helligrath*, 569 B.R. 709,

713-14 (Bankr. S.D. Ohio 2017) that "While what constitutes a "lien" may be broadly worded in the

Bankruptcy Code, Bankruptcy Courts **must still look** to state law to determine whether a creditor has

acquired a lien and to what property that lien attaches. *Butner v. United States*, 440 U.S. 48, 55–57, 99

S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."); *In re*

*Argubright*, 532 B.R. 888, 896 (Bankr. W.D. Tex. 2015); *International Brotherhood of Teamsters v.*

*Kitty Hawk International, Inc. (In re Kitty Hawk, Inc.)*, 255 B.R. 428, 439 (Bankr. N.D. Tex. 2000)

(nature of creditor's claim is determined under state law…; *Quadrel Leasing de Puerto Rico, Inc. v.*

*Carols A. Rivera, Inc. (In re Carols A. Rivera, Inc.)*, 130 B.R. 377, 379 (Bankr. D. P.R. 1991);" to find

that in this instant Case, the Bankruptcy Court lacked the discretion to ignore and to "deny" looking to

Ohio Rev. Code O.R.C. § 2329.02 to find that CitiMortgage, Inc., lacked a mortgage lien against

Petitioner's wholly paid off real property in conformity with Petitioner's Bankruptcy Official Schedule

Form 108, which corroborated with CitiMortgage, Inc.'s July 10, 2019, "unsecured" Proof of Claim 6-

1. *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); *Butner v. United States*, 440 U.S.

48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio

2015). Based on CitiMortgage, Inc.'s "unsecured" July 10, 2019, Proof of Claim 6-1, Fed. R. Bankr. P.

9011 should be enforced against CitiMortgage, Inc.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor *(pro se)*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*Email: nyaleo@hotmail.com*

**21 DAY NOTICE OF DEBTOR'S NOTICE TO BANKRUPTCY COURT'S TO MAKE PART
OF THE RECORD DEBTOR'S ALLEGATIONS THAT WERE PRESENTED TO THE U.S.
SUPREME COURT IN BANKRUPTCY
IN RE: Nyamusevya v. CitiMortgage, Inc., _et al._ USCA6# 23-3497.**

Notice is hereby given of Debtor's Notice to Bankruptcy Court's to Make Part of the Record Debtor's Allegations that Were Presented to the U.S. Supreme Court in Bankruptcy in RE: Nyamusevya v. CitiMortgage, Inc., _et al._ USCA6# 23-3497.

**Your right may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).

If you do not want this Court to grant this Notice, or if you want the Court to consider your views on this Notice, then on or before **21 days from the date of the mailing of this Notice**, you or your attorney must file with the Court a written request for hearing and an objection to this Notice stating therein your supported basis for objection. This pleading must be filed with:

Clerk of Courts
United States Bankruptcy Court of Southern District of Ohio
170 North High Street
Columbus, Ohio 43215.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to:

Christa L. Caudill                      **U.S. Trustee: Asst U.S. Trustee (Col)**
Chapter 7 Trustee                       Office of the U.S. Trustee
3757 Attucks Drive                      170 North High Street, Suite 200
Powell, Ohio 43065                      Columbus, Ohio 43215
At _clcaudill@caudill-law.com_          At _ustpregion09.cb.ecf@usdoj.gov_
_trusteepleadings@caudill-law.com_

If you or your do not take these steps, the Court may decide that you do not oppose the relief sought in this Motion and may enter an Order Granting that relief sought without further hearing or notice.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor – _pro se_
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: _nyaleo@hotmail.com_

## CERTIFICATE FOR SERVICE

I hereby certify that on the 02nd day of January 2024, I served a true and accurate copy of the foregoing Document and all attachments on the following by regular U.S. Mail, postage prepaid, "and" electronically at the email address that is registered with the Court at:

**Trustee:**          **Christa L. Caudill**          **KARA A. CZANIK**
                      Chapter 7 Trustee              Dinsmore & Sholl LLP
                      3757 Attucks Drive             255 East Fifth Street, Suite 1900
                      Powell, Ohio 43065             Cincinnati, Ohio 45202
                      *clcaudill@caudill-law.com*    *kara.czanik@dinsmore.com*

**U.S. Trustee:**     **Asst U.S. Trustee (Col)**    **HARRY W. CAPPEL**
                      Office of the U.S. Trustee     Dinsmore & Sholl LLP
                      170 North High Street, Suite 200   255 East Fifth Street, Suite 1900
                      Columbus, Ohio 43215           Cincinnati, Ohio 45202
                      *ustpregion09.cb.ecf@usdoj.gov*   *harry.cappel@dinsmore.com*

No other parties are affected by this Notice.

And by regular U.S. Mail, postage prepaid, upon the following, and those parties listed on the Case mailing matrix, attached hereto as Exhibit A:

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Debtor – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
Email: *nyaleo@hotmail.com*

No.:

## IN THE
## SUPREME COURT OF THE UNITED STATES OF AMERICA

RE:   **Nyamusevya v. CitiMortgage, Inc.,** *et al.*
      **USCA6# 23-3497**

*EXHIBIT A*

*Request for Appointment of Special Master*

*Trial by a Jury Requested (Jury Request Endorsed)*

### On Petition for a Writ of Certiorari to
### The Sixth Circuit Court of Appeals
### Under Rule 11 and 28 U.S.C. § 21019(e)

\*   Lower U.S. Court of Appeals for the Sixth Circuit Case No. 23:3497

\*   Lower U.S. District Court Case No. 2:22-cv-02228
    Lower U.S. District Court Judge: Chief Judge Edmund A. Sargus, Jr.

\*   Lower U.S. Bankruptcy Court Case No. 2:19-bk-52868
    Lower U.S. Bankruptcy Court Judge: Chief Judge John E. Hoffman, Jr.

### PETITION FOR A WRIT OF CERTIORARI

Leonard Nyamusevya
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*
Petitioner: Debtor – *pro se*

**Honorable Chief Bankruptcy Judge John E. Hoffman, jr.**
U. S. Bankruptcy Court, Southern District of Ohio, Eastern Division
170 North High Street
Columbus, Ohio 43215
Respondent
*offman282@ohsb.uscourts.gov*

i

**Honorable Chief District Court Judge Edmund A. Sargus, Jr.**
United States District Court, Southern District Columbus, Ohio
85 Marconi Boulevard
Columbus, Ohio 43215
Respondent

**The United States Court of Appeals for the Sixth Circuit**
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202-3988

**CitiMortgage, Inc.,**
1000 Technology Drive
O'Fallon, MO 63368
Respondent.

**First American Financial Title Insurance Company**
1 First American Way,
Santa Ana, California 92707
Respondent.

**Padgett Law Group**
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
Respondent.

**Attorney Ellen L. Fornash, esq.**
**Attorney Jacqueline M. Wirtz, esq.**
**Attorney Bethany L. Suttinger, esq**
Padgett Law Group
8087 Washington Village Drive, Ste 220,
Dayton, Ohio 45458
OHAttorney@padgettlawgroup.com

## QUESTIONS PRESENTED FOR REVIEW

The questions presented for review are:

i) Isn't a *per se* taking when Rule 9011 and Constitutions were violated, when an invalid Supplemental Final Judicial Report was left for the U.S. Supreme Court to block it, where a paid off home was *per se* taken in a violation of § 524(a) and O.R.C. § 2329 and Rule 9011?

ii) Isn't the public great interest in rights to home ownership affected should Courts ignore existing laws to allow a taking of a home and collection of discharged debt using a Supplemental Final Judicial Report in violation of § 524 and Rule 9011? Isn't a taking?

## LIST OF PARTIES

All parties to the proceeding are identified in the caption.

## TABLE OF CONTENTS

Page

Questions Presented for Review...................................................................... iii

i) Isn't a *per se* taking when Rule 9011 and Constitutions were violated, when an invalid Supplemental Final Judicial Report was left for the U.S. Supreme Court to block it, where a paid off home was *per se* taken in a violation of § 524(a) and O.R.C. § 2329 and Rule 9011?

ii) Isn't the public great interest in rights to home ownership affected should Courts ignore existing laws to allow a taking of a home and collection of discharged debt using a Supplemental Final Judicial Report in violation of § 524 and Rule 9011? Isn't a taking?

List of Parties............................................................................................ iv

Table of Contents...................................................................................... iv

Table of Authorities.................................................................................. iv

Citations of Reports of Opinions............................................................. 1

Statement of Basis for Jurisdiction under Rule 11 and 28 U.S.C. § 21019(e)................... 2

Constitutional and Statutory Provisions Involved................................... 2

Concise Statement of the Case.................................................................. 3

Reasons for granting the petition ............................................................. 16

Conclusion ................................................................................................ 39

Certificate of Service................................................................................ 40

Index of Appendices is attached as Appendix G-1.................................. a

## TABLE OF AUTHORITIES

*Adlaka v. Montella*, 7th Dist. No. 11 MA 133, 2013-Ohio-1276

*Atkins v. Virginia* No. 00-8452, 536 U. S. 304 (2002)

*Bessette v. Avco Fin. Servs., Inc.,* 240 B.R. 147 at 156 (D.R.I.1999)

*Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694, 191 L. Ed. 2d 621, 628 (2015)

*Burlingham v. Crouse*, 228 U.S. 459, 473 (1913)

*Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)

*In re Argubright*, 532 B.R. 888, 896 (Bankr. W.D. Tex. 2015)

*Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448

*California Fed. S. L. Assn. v. Guerra* (1987), 479 U.S. 272, 281, 107 S.Ct. 683, 93 L.Ed.2d 613

*Cedar Point Nursery v Hassid*

*CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902

*Clark v. Rameker*, 573 U. S. 122, 129 (2014)

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992)

*Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117

*Dates v. HSBC Bank USA, N.A.*, No. 1:19-cv-445, 2020 WL 7253301, (S.D. Ohio Dec. 10, 2010)

*Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603

*Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005)

*Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991)

*Fed. Home Loan Mortg. Corp. v. Koch*, 2013 WL 5532836, at *5 (Ohio Ct. App., Oct. 7, 2013)

*Field v. Mans*, 516 U. S. 59, 69–70 (1995)

*Florida Lime Avocado Growers, Inc. v. Paul* (1963), 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248

*French v. State Farm Mutual Auto. Ins. Co.* (In re LaRotonda), 436 B.R. 491, 497 (Bankr. N.D. Ohio 2010)

*GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.)

*Green Point Credit, LLC v. McLean* (In re McLean), 794 F.3d 1313, 1320 (11th Cir. 2015)

*Hall v. Hall*, 584 U. S. ___, ___ (2018) (slip op., at 13)

*Hamilton v. Herr* (In re Hamilton), 540 F.3d 367, 372, at 375 (6th Cir. 2008)

*Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651

*In re Bonnie Sue Ostrander* Case No. 11-33801

*In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990)

*In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015)

*In re Hamilton*, 540 F.3d 367 (6th Cir. 2008)

*In re Hardy*, 97 F. 3d, at 1390

*In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017)

*In re Leonard Nyamusevya, Sr.*, No. 21-3089 at 4–5 (6th Cir. Dec. 14, 2021)

*In re Meadows,* 428 B.R. 894, 910 (Bankr. N.D.Ga. 2010)

*In re Presley*, 288 B.R. 732, 735-736 (Bankr. W.D. Va. 2003)

*In re Purdy*, 591 B.R. 307 (Bankr. N.D. Ohio 2018)

*International Brotherhood of Teamsters v. Kitty Hawk International, Inc. (In re Kitty Hawk, Inc.)*, 255 B.R. 428, 439 (Bankr. N.D. Tex. 2000)

*J.A. Croson Co. v. J.A. Guy, Inc.* (1998), 81 Ohio St.3d 346, 691 N.E.2d 655

*Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991)

*Jones Metal Products Co. v. Walker* (1972), 29 Ohio St.2d 173, 176-177, 58 O.O.2d 393, 281 N.E.2d 1

*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005)

*Kaiser Aetna v. United States*, 444 U. S. 164, 179–180

*Katchen v. Landy*, 382 U. S. 323, 328 (1966)

*Keenom v. All America Marketing* (In re *Keenom*), 231 B.R. 116, 128 (Bankr.M.D.Ga.1999)

*Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675

*Lines v. Frederick*, 400 U.S. 18, 19 (1921)

*Local Loan Co. v. Hunt*, 292 U.S. 234, 244-45 (1914)

*Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886)

*Longshoremen v. Philadelphia Marine Trade Assn.*, 389 U. S. 64, 76 (1967).

*Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 161 (B.A.P. 6th Cir. 2015)

*McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240

*McComb v. Jacksonville Paper Co.*, 336 U. S. 187 (1949)

*Minton v. Honda of Am. Mfg., Inc.* (1997), 80 Ohio St.3d 62, 684 N.E.2d 648

*Murr v. Wisconsin*, 582 U. S. ___, ___ (2017) (slip op., at 8)

*Nyamusevya v. CitiMortgage, Inc. (In re Nyamusevya)*, No. 19-8027 at 9 (B.A.P. 6th Cir. Jan 20, 2021)

*Owen v. Owen*, 500 U.S. 305, 308–309, 111 S.Ct. 1833, 1835–1836, 114 L.Ed.2d 350 (1991)

*Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP* (In re *Pavelich*), 229 B.R. 777, 783 (9th Cir. BAP 1999)

*Quadrel Leasing de Puerto Rico, Inc. v. Carols A. Rivera, Inc.* (*In re Carols A. Rivera, Inc.*) , 130 B.R. 377, 379 (Bankr. D. P.R. 1991)

*Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014)

*Robinson v. Woods*, 901 F.3d 710, 712, n.1 (6th Cir. 2018)

*St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979)

*State Bank*, 501 U.S. 78, 84 (1991)

*State ex rel. Mager v. State Teachers Retirement Sys.* of Ohio, 123 Ohio St.3d 195, 2009-Ohio4908, 915 N.E.2d 320, ¶ 14.

*State ex rel. Saltsman v. Burton*, 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950)

*Taggart v. Lorenzen*, 2019 U.S. LEXIS 3890

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U. S. 302, 321 (2002)

*TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740

*Trop* v. *Dulles,* 356 U. S. 86, 100-101

*U.S. Bank, N.A. v. Smith*, 2018-Ohio-2489

*United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017)

*United States ex rel. TVA v. Powelson*, 319 U. S. 266, 270–271 (1943)

*United States v. General Motors Corp.*, 323 U. S. 373, 374–375 (1945)

*United States v. Mine Workers*, 330 U. S. 258, 303–304 (1947)

*United States v. Pewee Coal Co.*, 341 U. S. 114, 115–117 (1951)

*Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 814 (6th Cir. 1988)

*Weems* v. *United States,* 217 U. S. 349, 367

## U.S. CONSTITUTION

Clause 2, Article VI, United States Constitution
5th Amendment
8th Amendment
14th Amendment

## U.S. SUPREMACY CLAUSE

U.S. Supremacy Clause
Federal Preemption Doctrine

## FEDERAL BANKRUPTCY STATUTES (CODES)

11 U. S. C. § 105(a)
11 U. S. C. § 1326(c)
11 U. S. C. § 362(k)(1)
11 U.S.C. § 522(c)(2)
11 U.S.C. §§ 523
11 U.S.C. § 524(a)
11 U. S. C. § 727(a)

Fed. R. Bankr. P. 1001
Fed. R. Bankr. P. 3001(c)(1)
Fed. R. Bankr. P. 3001(c)(2)(D)(ii)
Fed. R. Bankr. P. 9011

## OHIO CONSTITUTION

Ohio Constitution

## OHIO REVISED STATUTES (CODES): O.R.C.

O.R.C. § 1782.434(A)(1)
O.R.C. § 2329.02
O.R.C. § 2329 and O.R.C. § 2329.191 and O.R.C. § 2329.191(B)(7)
O.R.C. § 2329.31(A)
O.R.C. § 3953.32(A)
O.R.C. § 5309.53
O.R.C. § 5309.55

## OHIO RULE OF CIVIL PROCEDURE

Civ. R. 11

## FRANKLIN COUNTY, OHIO COURT OF COMMON PLEAS LOCAL RULE

Loc. R. 96 of the Franklin County Court of Common Pleas

## MISCELLANEOUS

4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.)
Discourses on Davila, in 6 Works of John Adams 280 (C. Adams ed. 1851)
H.R.Rep. No. 95–595, *supra*, at 361
H.R. Rep. No. 2, at 365-66 (1977)
*Ex parte* Christy, 3 How. 292, 312 (1844)
Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 537 (1947))
Dobbs & C. Roberts, Law of Remedies § 2.8, p. 132 (3d ed. 2018)
J. High, Law of Injunctions § 1449, p. 940 (2d ed. 1880)
Kenneth N. Klee & Whitman L. Holt, Bankruptcy and the Supreme Court: 1801-2014 at 194 n.1394 & 341 (West Academic 2015)

**PETITION FOR A WRIT OF CERTIORARI**

## CITATIONS OF OFFICIAL AND UNOFFICIAL REPORTS OF OPINIONS

There is a pending Case No. 23-3497 without an opinion in the U.S. Court of Appeals of the Sixth Circuit.

*In re Leonard Nyamusevya, Sr.*, No. 21-3089 (6th Cir. Dec. 14, 2021)

*Nyamusevya v. CitiMortgage, Inc. (In re Nyamusevya)*, No. 19-8027 (B.A.P. 6th Cir. Jan 20, 2021)

*Nyamusevya v. CitiMortgage, Inc.* (In *re Nyamusevya*), No. 20-3688 (6th Cir. Aug. 12, 2020)

*Nyamusevya v. Hoffman*, No. 22-2228 (S.D. Ohio May 25, 2022)

*Nyamusevya v. Hofman*, No. 22-2228 (S.D. Ohio Mar. 21, 2023)

*Nyamusevya v. Franklin Cty. Court of Common Pleas*, No. 22-AP-327 (Ohio Ct. App. Mar. 21, 2023)

*CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-cv-00680 (S.D. Ohio July 15, 2013)

In *re Nyamusevya* No. 19-52868 (Bankr. S.D. Ohio Sep. 29, 2023)

In *re Nyamusevya*, Case No. 19-52868 (Bankr. S.D. Ohio May 1, 2019)

In *re Nyamusevya*, Case No. 19- 52868, (Bankr. S.D. Ohio July 22, 2019)

In *re Nyamusevya*, Case No. 19-52868, (Bankr. S.D. Ohio Nov. 21, 2019)

September 28, 2023:  Case No. 2023-0771: *CitiMortgage, Inc. v. Nyamusevya*

State ex *rel. Nyamusevya v. Schneider*, 114 N.E.3d (Ohio Jan. 23, 2019)

*CitiMortgage, Inc. v. Nyamusevya*, No. 22AP-464 & 22AP-514 (Ohio Ct. App. May 11, 2023)

May 24, 2023: Franklin App. Nos. 22AP-464 Judgment Entry

May 11, 2023: Franklin App. Nos. 22AP-464 and 22AP-514, 2023-Ohio-1583 Decision

August 30, 2016: Judgment Entry

*CitiMortgage, Inc. v. Nyamusevya*, No. 10-CV13480 (Franklin Cty. Court of Common Pleas July 6, 2022)

*CitiMortgage, Inc. v. Nyamusevya*, No. 10- CV-13480 (Franklin Cty. Court of Common Pleas Oct. 10, 2022)

July 06, 2022: Entry Confirming Sale, Ordering Distribution of Sale Proceed and Deed

August 01, 2022: Entry Confirming Sale, Ordering Distribution of Sale Proceed and Deed (Corrected Purchaser Name)

*CitiMortgage, Inc. v. Nyamusevya*, No. 10-CV-13480 (Franklin Cty. Court of Common Pleas June 10, 2022)

*CitiMortgage, Inc. v. Nyamusevya*, No. 10-CV-13480 (Franklin Cty. Court of Common Pleas Nov. 15, 2018).

*CitiMortgage, Inc. v. Nyamusevya*, No. 10-CV13480 (Franklin Cty. Court of Common Pleas Aug. 1, 2014)

*Nyamusevya v. Schneider*, 4 2 In *re Nyamusevya* No. 19-52868 (Bankr. S.D. Ohio Sep. 29, 2023) No. 11-AP-1093 (Ohio Ct. Appeal Jan. 11, 2012)

*Nyamusevya v. Schneider*, No. 11-AP-1093 (Ohio Ct. App. Sept. 5, 2012)

*CitiMortgage, Inc. v. Nyamusevya*, No. 10-CV-13480 (Franklin Cty. Court of Common Pleas Sept. 14, 2010).

1

## BASIS FOR JURISDICTION UNDER RULE 11 AND 28 U.S.C. § 21019(e)

The Sixth Circuit is a U.S. Court of Appeals; thus, Petitioner kindly and honestly represents to the justices of the U.S. Supreme Court that in the lower U.S. Court of Appeals for the Sixth Circuit, there is Petitioner's Case No. 23:3497 **(Appendix A-1)** that is pending before decision, which lack of disposition benefits CitiMortgage, Inc., but greatly and harmfully affects Petitioner, in a violation of Petitioner's secured U.S. Constitutional due process and the equal protection under the law rights; hence, Petitioner invokes the U.S. Supreme Court's jurisdiction under Rule 11 and 28 U.S.C. § 21019(e) because Petitioner is in an immediate danger of death by the sheriff officers on *in personam* judgments based on an invalid and unconstitutional and unlawful Supplemental Final Judicial Report. Rule 11 provides as that:

### Rule 11: Certiorari to a United States Court of Appeals Before Judgment

A petition for a writ of certiorari to review a case pending in a United States court of appeals, before judgment is entered in that court, will be granted only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in this Court. See 28 U. S. C. § 2101(e).

### CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

The two main purposes of Bankruptcy are to provide a fresh start to the Debtor and to facilitate the fair and orderly repayment of creditors to the extent possible. See *Burlingham v. Crouse*, 228 U.S. 459, 473 (1913). One of the primary purposes of federal Bankruptcy law is to give the Debtor a new opportunity in life and a clear field for future effort unhampered by the pressure and discouragement of *pre-existing* debt. *Lines v. Frederick*, 400 U.S. 18, 19 (1921) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244-45 (1914). The discharge granted to the Debtor and the discharge injunction imposed by 11 U.S.C. § 524(a) serve this purpose by first discharging the debtor from liability for most *pre-petition* claims and second prohibiting the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any *pre-petition* debt as a personal liability of the Debtor. *Green Point Credit, LLC v. McLean* (In re *McLean*), 794 F.3d 1313, 1320 (11th Cir. 2015); see 11 U.S.C. §§ 523, 524, 727. Legislative history demonstrates that the purpose of the modern discharge injunction is to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. H.R. Rep. No. 2, at 365-66 (1977). The constitutional and federal statutory provisions involved are as follows:

### U.S. CONSTITUTION

Clause 2, Article VI, United States Constitution
5th Amendment and 8th Amendment and 14th Amendment

### U.S. SUPREMACY CLAUSE

U.S. Supremacy Clause

### FEDERAL BANKRUPTCY STATUTES (CODES)

11 U. S. C. § 105(a) and 11 U. S. C. § 1326(c) and 11 U. S. C. § 362(k)(1) and 11 U.S.C. § 522(c)(2)
11 U.S.C. §§ 523 and 11 U.S.C. § 524(a) and 11 U. S. C. § 727(a)

Fed. R. Bankr. P. 1001 and Fed. R. Bankr. P. 3001(c)(1) and Fed. R. Bankr. P. 3001(c)(2)(D)(ii)
Fed. R. Bankr. P. 9011

## OHIO REVISED STATUTES (CODES): O.R.C.

O.R.C. § 1782.434(A)(1) and O.R.C. § 2329 and O.R.C. § 2329.02 and O.R.C. § 2329.191 and O.R.C. §
2329.191(B)(7) and O.R.C. § 2329.31(A) and O.R.C. § 3953.32(A) and O.R.C. § 5309.53 and O.R.C. §
5309.55

## FRANKLIN COUNTY, OHIO COURT OF COMMON PLEAS LOCAL RULE

Loc. R. 96 of the Franklin County Court of Common Pleas

## MISCELLANEOUS

4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.)
Discourses on Davila, in 6 Works of John Adams 280 (C. Adams ed. 1851)
H.R.Rep. No. 95–595, *supra*, at 361
H.R. Rep. No. 2, at 365-66 (1977)
*Ex parte* Christy, 3 How. 292, 312 (1844)
Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 537 (1947))
Dobbs & C. Roberts, Law of Remedies § 2.8, p. 132 (3d ed. 2018)
J. High, Law of Injunctions § 1449, p. 940 (2d ed. 1880)
Kenneth N. Klee & Whitman L. Holt, Bankruptcy and the Supreme Court: 1801-2014 at 194 n.1394 &
341 (West Academic 2015)

## CONCISE STATEMENT OF THE CASE

Petitioner kindly demands the justices of the U.S. Supreme Court to read the **Appendix F-4** for a
more inclusive and comprehension of the origin this instant Case. Petitioner kindly demands the justices
of the U.S. Supreme Court to follow the Court's decision in *In re Helligrath*, 569 B.R. 709, 713-14
(Bankr. S.D. Ohio 2017) that "While what constitutes a "lien" may be broadly worded in the Bankruptcy
Code, Bankruptcy Courts **must still look** to state law to determine whether a creditor has acquired a lien
and to what property that lien attaches. *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59
L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."); *In re Argubright*, 532
B.R. 888, 896 (Bankr. W.D. Tex. 2015); *International Brotherhood of Teamsters v. Kitty Hawk
International, Inc. (In re Kitty Hawk, Inc.)*, 255 B.R. 428, 439 (Bankr. N.D. Tex. 2000) (nature of
creditor's claim is determined under state law...; *Quadrel Leasing de Puerto Rico, Inc. v. Carols A.
Rivera, Inc. (In re Carols A. Rivera, Inc.)*, 130 B.R. 377, 379 (Bankr. D. P.R. 1991);" to find that in this
instant Case, the Bankruptcy Court lacked the discretion to ignore and to "deny" looking to Ohio Rev.
Code O.R.C. § 2329.02 to find that CitiMortgage, Inc., lacked a mortgage lien against Petitioner's wholly
paid off real property in conformity with Petitioner's Bankruptcy Official Schedule Form 108, which
corroborated with CitiMortgage, Inc.'s July 10, 2019, "unsecured" Proof of Claim 6-1. *In re Helligrath*,
569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct.
914, 59 L.Ed.2d 136 (1979); *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015).

After Petitioner wholly paid off his real property, in a conspiracy to kill Petitioner, CitiMortgage,
Inc., denied filing the satisfaction of mortgage in the Franklin County, Ohio Recorder's Office and denied

releasing its mortgage lien against Petitioner and his real property. The lower Courts lacked the discretion to ignore and to deny blocking the invalid Supplemental Final Judicial Report from affecting Petitioner and left it for the U.S. Supreme Court to block it; hence, this instant Case is the vehicle to demand the justices of the U.S. Supreme Court to permanently block the invalid and unconstitutional Supplemental Final Judicial Report, which violates the U.S. Constitution, and which aborted Petitioner's Bankruptcy relief for a fresh start. Under Fed. R. Bankr. P. 1001 Petitioner demands the Bankruptcy relief for a fresh start and to terminate Petitioner's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868 and the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480.

Ignoring the facts of this instant Case, and ignoring that CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(B)(7) and Loc. R. 96 of the Franklin County, Ohio Court of Common Pleas; and ignoring that CitiMortgage, Inc., was not scheduled as a creditor of Petitioner in Petitioner's Bankruptcy Case No. 2:19-bk-52868; and ignoring that Petitioner filed his Bankruptcy Official Schedule Form 108 indicating that his real property in unmortgaged and is wholly paid off; and ignoring that CitiMortgage, Inc., admitted on November 05, 2018, to have received "payments in full" on its mortgage loan account; and ignoring that CitiMortgage, Inc., lacked a perfected certificate of judgment under O.R.C. § 2329.02 in the Franklin County, Ohio Recorder's Office; and ignoring that CitiMortgage, Inc., used its invalid and unconstitutional Supplemental Final Judicial Report against Petitioner to unlawfully and lawlessly defraud Petitioner's money; and ignoring that CitiMortgage, Inc., represented in its "unsecured" Proof of Claim 6-1 on July 10, 2019, that CitiMortgage, Inc., lacked any enforceable foreclosure judgment against Petitioner and his real property; and ignoring that CitiMortgage, Inc., was never granted a specifically *in rem* foreclosure judgment with a mention *in rem* on its face upon the entry of Petitioner's 11/21/2019, Bankruptcy Order of Discharge; and ignoring that CitiMortgage, Inc., violated Petitioner's 11/21/2019, Bankruptcy Order of Discharge by enforcing void *ab initio* judgments against Petitioner to collect more than $222,800.85, *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015); hence, on September 29, 2023, the Bankruptcy Court lacked the discretion to ignore *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); and *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); and *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015) and to wrongfully and erroneously held against Petitioner in In *re Nyamusevya* No. 19-52868 (Bankr. S.D. Ohio Sep. 29, 2023) as follows:

Nyamusevya filed his Chapter 13 bankruptcy case on May 1, 2019. He voluntarily converted the Chapter 13 to a Chapter 7 case some three months later without having confirmed a Chapter 13 plan. He received his Chapter 7 discharge on November 21, 2019. Normally, this bankruptcy case would have been closed shortly after issuance of the discharge. This is not a normal case. Instead of retaining counsel to help him file a Chapter 13 plan-which would have allowed him to keep his home-and instead of being content with a Chapter 7 discharge, *3 Nyamusevya chose to make it his life's work to unsuccessfully contest a state court foreclosure action CitiMortgage commenced 13 years ago in the Franklin County Court of Common Pleas...

Shortly after the foreclosure, Nyamusevya began filing documents with several different courts, each repeating some version of the allegation that, as a result of the foreclosure, he was forced "to hide and live in the cold weather in the wooded jungle near Toledo to escape being killed by the Sheriff Officers[.]" Mot. at 10...

**Bankruptcy "gives to the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort**, unhampered by the pressure and discouragement of pre-existing

4

debt. What the law does not do however, is give a debtor . . . unrestrained freedom to run roughshod over the court system[.]" In *re Jones*, 632 B.R. 138, 141 (Bankr. S.D. Ohio 2021) (cleaned up). "Federal courts, including Bankruptcy Courts, are vested with the inherent power to control [their] proceedings and the conduct of the parties involved." In *re Dekom*, Case No. 19-30082-KKS, 2020 WL 4004116, at *4 (Bankr. N.D. Fla. Apr. 6, 10 2020) (cleaned up)…

Under the U.S. Bankruptcy System the parties' filings on the record in the Bankruptcy process are made to the fullest honesty and under the penalty of perjury; hence, on May 01, 2019, Petitioner honestly represented to the Bankruptcy Court that CitiMortgage, Inc., was not scheduled as a secured creditor of Petitioner and was not a creditor of Petitioner and that Petitioner's real property was wholly satisfied and paid off and was unmortgaged and was free from any CitiMortgage, Inc.'s mortgage lien; hence, the Court's record substantiates that CitiMortgage, Inc., never opposed nor disputed nor objected to that fact and assertion. The Bankruptcy Court lacks the discretion to ignore Petitioner's Bankruptcy Official Schedule Form 108 and to ignore that CitiMortgage, Inc., was not scheduled as a creditor of Petitioner in Petitioner's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868 and to ignore that on July 10, 2019, in its Proof of Claim 6-1, CitiMortgage, Inc., honestly and unquestionably represented under the Fed. R. Bankr. P. 9011 to the best of CitiMortgage, Inc.'s knowledge and information and belief under the circumstance that CitiMortgage, Inc., filed an "unsecured" Proof of Claim 6-1 and that it lacked any enforceable foreclosure judgment against Petitioner and his wholly paid off and unmortgaged real property. In this instant Case, Petitioner demands the justices of the U.S. Supreme Court to impartially enforce the law in favor of Petitioner and to enforce the Fed. R. Bankr. P. 9011 and Rule 3001(c)(2)(D)(i) and (ii) and § 524(a) and § 105(a) and § 727(a) and § 1326(c) and § 362(k)(1) and O.R.C. § 2329 and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02 and O.R.C. § 2329.31 against CitiMortgage, Inc.

On January 26, 2022, in the lower Bankruptcy Court, the U.S. Chief Bankruptcy Judge John E. Hoffman, Jr., denied **(Appendix A-6)** Petitioner's November 03, 2021, Motion for Disqualification of Judge (ECF Doc. 195) **(Appendix A-7)**, to unlawfully and unconstitutionally affecting Petitioner in favor of Respondents. Petitioner informed the U.S. Chief Bankruptcy Judge John E. Hoffman, Jr., that CitiMortgage, Inc., was not scheduled as a "secured" creditor of Petitioner, and that CitiMortgage, Inc., was patently and unambiguously abusing Petitioner's Bankruptcy case, and that pursuant to Fed. R. Bankr. P. 9011 and under the penalty of perjury, on July 10, 2019, CitiMortgage, Inc., honestly and correctly represented to the Bankruptcy Court that CitiMortgage, Inc., lacked any enforceable November 15, 2018, Foreclosure Judgment against Petitioner and against his wholly paid off real property **(Appendix B-16)**; and that CitiMortgage, Inc., filed and used an invalid and unconstitutional and fraudulent Supplemental Final Judicial Report against Petitioner **(Appendix B-27)**. Under 11 U.S.C. § 524(a), there is a distinction between an *in personam* judgment and an *in rem* judgment. In the Bankruptcy Case No. 2:19-bk-52868, the Bankruptcy Court lacked the discretion to ignore that CitiMortgage, Inc., was not scheduled as a creditor of Petitioner.

Based on the evidentiary facts and the Courts' records, Petitioner is honest but unfortunate. CitiMortgage, Inc., is a fraudster for using an invalid and fraudulent and unlawful and unconstitutional Supplemental Final Judicial Report against Petitioner and for concealing the "payments in full from Petitioner" that it admitted to have received on November 05, 2018. (See page 46 of transcript of November 05, 2018, proceedings in Franklin County, Ohio Court of Common Pleas in Foreclosure Case No. 2010-CV-09-13480); hence, the U.S. Chief Bankruptcy Judge John E. Hoffman, Jr., ignored that Petitioner should get the Bankruptcy relief for a fresh start to allow CitiMortgage, Inc.'s use of its invalid Supplemental Final Judicial Report; hence, in this instant Case, the U.S. Supreme Court should give to the honest but unfortunate Petitioner a new opportunity in life and a clear field for future effort.

5

Petitioner filed his Bankruptcy Official Schedule Form 108, which substantiated honestly and under the penalty of perjury that Petitioner's private residential real property was wholly paid off and was unmortgaged and was free from any CitiMortgage, Inc.'s mortgage claim. Pursuant to Fed. R. Bankr. P. 9011, honestly and correctly and under the penalty of perjury; thus, in a corroboration to Petitioner's Bankruptcy Official Schedule Form 108, on July 10, 2019, CitiMortgage, Inc., represented to the Bankruptcy Court that CitiMortgage, Inc., lacked any enforceable 11/15/2018, Foreclosure Judgment against Petitioner and his real property. Because lower Courts did not block it; thus, only the U.S. Supreme Court should permanently block the Supplemental Final Judicial Report and should permanently enjoin and estop and block CitiMortgage, Inc., from claiming any mortgage lien against Petitioner and his real property. On CitiMortgage, Inc.'s 09/14/2010, original claim in the amount of $98,452.56 in its Foreclosure Complaint; thereafter, on November 05, 2018, CitiMortgage, Inc., admitted having received "payments in full from Petitioner on its mortgage loan" after September 14, 2010; hence, the justices of the U.S. Supreme Court should impartially read the transcript of November 05, 2018, proceedings in Franklin County, Ohio Court of Common Pleas in Foreclosure Case No. 2010-CV-09-13480, including page 46 to specifically question "where did the "payments" money by Petitioner go?" and should question why did CitiMortgage, Inc., never filed its Final Judicial Report in its Foreclosure Case No. 2010-CV-09-13480 as statutorily and mandatory required under O.R.C. § 2329.191(B)(7)? The U.S. Supreme Court should impartially and permanently block CitiMortgage, Inc.'s fraud against Petitioner, because under Ohio law, a real property cannot be foreclosed without the filing with the Clerk of Court of a Final Judicial Report under O.R.C. § 2329.191(B)(7); thus, Petitioner is a victim of fraud and lawlessness.

Because CitiMortgage, Inc., did not attach any enforceable Foreclosure Judgment to its July 10, 2019, Proof of Claim 6-1; hence, the U.S. Supreme Court should impartially find and question why the Bankruptcy Court ignored that CitiMortgage, Inc.'s "unsecured" lien against Petitioner and his real property was wholly discharged and extinguished by Petitioner's November 21, 2019, Bankruptcy Order of Discharge, since CitiMortgage, Inc., lacked any perfected certificate of judgment under O.R.C. § 2329.02 against Petitioner's real property, in the Franklin County, Ohio Recorder's Office and should question why the Bankruptcy Court "denied" looking to O.R.C. § 2329.02 to find that CitiMortgage, Inc., lacked a mortgage lien against Petitioner's wholly paid off real property in conformity with Petitioner's Bankruptcy Official Schedule Form 108, which corroborated with CitiMortgage, Inc.'s July 10, 2019, "unsecured" Proof of Claim 6-1, which substantiated that CitiMortgage, Inc., lacked any enforceable 11/15/2018, foreclosure judgment against Petitioner and his real property. *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015). The U.S. Supreme Court should impartially find that the judgments of the Bankruptcy Court and the U.S. District Court and the B.A.P. for the U.S. Court of Appeals for the Sixth Circuit and the U.S. Court of Appeals for the Sixth Circuit are wrong and erroneous, and the judgments of state Courts are wrong and erroneous and should be vacated by the U.S. Supreme Court.

The record of the Foreclosure Case No. 2010-CV-09-13480 shows that CitiMortgage, Inc., denied updating the payments records in its 09/14/2010, *in personam* Foreclosure Case No. 2010-CV-09-13480, to record the "payments" it received from Petitioner personally **(Appendix B-4)** and a single payment from the Chapter 13 Bankruptcy Trustee on 11/12/2015, **(Appendix B-5)** to reflect the wholly satisfaction of its mortgage loan. The transcript of the November 05, 2018, trial in the Foreclosure Case No. 2010-CV-09-13480 on page 46 **(Appendix B-4)** incontrovertibly and correctly and honestly and conspicuously shows CitiMortgage, Inc.'s admission of receiving "payments in full" from Petitioner as follows:

13 -14.      Q. And have there been any other payments after that?

6

| 15. | A. There have not. |
|---|---|
| 16-18. | Q. Okay. Now, I know that years later **"SOME MORE PAYMENTS" WERE APPLIED TO THIS ACCOUNT.** |
| 19. | A. **CORRECT.** |
| 20. | Q. And can you tell me how that occurred? |
| 21-22. | A. Yes. That was a result of a bankruptcy filing by Mr. Nyamusevya in 2015. |
| 23-24 | Q. Okay. And in that bankruptcy certain payments **were APPLIED** to the account? |
| 25. | A. **CORRECT.** |

On November 05, 2018, CitiMortgage, Inc., lied that, "in that bankruptcy certain payments **were applied** to the account," because from 09/14/2010, no payments were applied to the account to conceal on the record of the 09/14/2010, Foreclosure Case No. 2010-CV-09-13480 the satisfaction of CitiMortgage, Inc.'s mortgage loan; and to conceal the full payment of Petitioner's real property. The U.S. Chief Bankruptcy Judge John E. Hoffman, Jr., lacks the discretion to ignore the evidentiary facts that Petitioner's real property is unmortgaged and that CitiMortgage, Inc., admitted having received payments in full from Petitioner. In a conspiracy to kill Petitioner and to *per-se* taking and permanently appropriating and confiscating Petitioner's real property, the trial judge in the Foreclosure Case No. 2010-CV-09-13480 and CitiMortgage, Inc., **"concealed"** the **"payments in full"** that CitiMortgage, Inc., admitted having received on November 05, 2018, from Petitioner in concert with First American Financial Title Insurance Company to provide to CitiMortgage, Inc., its invalid Supplemental Final Judicial Report, which was never enacted by the Ohio Legislature or the U.S. Congress to defraud Petitioner's money. In Petitioner's Bankruptcy Case No. 2:14-bk-55846, it is the U.S. Congress' act and intention under 11 U.S.C. § 1326(c) that the Bankruptcy Trustee shall make payment to CitiMortgage, Inc.; thus, § 1326(c) provides as follows:

> **(c)** Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

U.S. Chief Bankruptcy Judge John E. Hoffman, jr.'s improper partiality and favoritism of CitiMortgage, Inc., in Petitioner's Bankruptcy Case No. 2:19-bk-52868 is intolerable and unacceptable and unlawful. Here the evidentiary facts and the Court's record in the Bankruptcy Case No. 2:14-bk-55846 and the Foreclosure Case No. 2010-CV-09-13480 indisputably and correctly and honestly and convincingly substantiate that on November 05, 2018, in the Franklin County, Ohio Court of Common Pleas, CitiMortgage, Inc., admitted having received "payments in full from Petitioner" after its Foreclosure Complaint was filed on September 14, 2010; unfortunately, without any evidentiary facts to support its opinion, the U.S. Chief Bankruptcy Judge John E. Hoffman, Jr., wrongfully held in Note 5 on page 16 in the September 21, 2022, Memorandum Opinion (ECF. Doc. 270) as follows:

**Note 5:**
One of the most egregious ways in which Nyamusevya has been dishonest is to assert that he has fully satisfied his outstanding indebtedness to CitiMortgage. As CitiMortgage has pointed out, Nyamusevya's "outlandish allegation that he paid the loan in full is wholly unsupported." Order Denying Debtor's (1) Emergency Motion for Contempt for Violation of Discharge Order Against CitiMortgage; (2) Expedited Motion to Enforce 11 U.S.C. § 524 to Void Per-Petition [Sic] *In Personam* and *In Rem* State Court Foreclosure Judgment Against CitiMortgage, Inc.; and (3) Notice of Emergency Hearing (Doc. 254) (quoting CitiMortgage, Inc.'s Mem. In Opp'n to Expedited Mot. to Enforce 11 U.S.C. § 524 to Void [Pre]-Petition in *Personam* and In Rem State Court Foreclosure J. Against CitiMortgage, Inc., Doc. 253 at 1).

7

Petitioner purchased around November 27, 2000, **(Appendix B-2)** his private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232; thereafter, Petitioner wholly paid off entirely his mortgage loan prior to Petitioner's May 01, 2019, filing for his Chapter 13 Bankruptcy Case No. 2:19-bk-52868, in which CitiMortgage, Inc., was not scheduled as a creditor of Petitioner; thereafter, in **"corroboration"** pursuant to Fed. R. Bankr. P. 9011, CitiMortgage, Inc., filed its July 10, 2019, "unsecured" Proof of Claim 6-1 **(Appendix B-16)**, to unquestionably and honestly certify and admit to the best of CitiMortgage, Inc.'s beliefs, knowledge, and information, formed after an inquiry reasonable under the circumstances that CitiMortgage, Inc., lacks any enforceable November 15, 2018, Foreclosure Judgment against Petitioner and against his wholly paid off real property in corroboration to Petitioner's Official Bankruptcy Schedule Form 108 **(Appendix 8)**; hence, under the Federal Preemption Doctrine of Fed. R. Bankr. P. 9011 over state laws, CitiMortgage, Inc., was estopped to claim any lien and lacks any mortgage lien against Petitioner and his real property and was thus permanently barred to *per se* taking and appropriate and confiscate and foreclose Petitioner's wholly paid off real property.

Petitioner informed the Bankruptcy Court that CitiMortgage, Inc., was not scheduled as a creditor of Petitioner **(Appendix B-15)**; and that CitiMortgage, Inc., was abusing Petitioner's Bankruptcy process to block Petitioner from getting his Bankruptcy relief for a fresh start; and that CitiMortgage, Inc., filed an unsecured Proof of Claim 6-1 on July 10, 2019 **(Appendix B-16)**, which was discharged by Petitioner's November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix B-17)**; and that CitiMortgage, Inc., filed its July 15, 2020, Supplemental Final Judicial Report **(Appendix B-27)**, to collect Petitioner's discharged *in personam* debts and to enforce automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained *in personam pre-discharge* and *post-discharge* judgments **(Appendix B-1 and B-19 and B-20)**, knowingly that CitiMortgage, Inc., lacked any right to foreclose upon Petitioner's real property **(Appendix B-13)** and **(Appendix B-16)**, as clearly described above. In this instant Case, Petitioner kindly demands the justices of the U.S. Supreme Court to vacate under their inherent power CitiMortgage, Inc.'s *in personam pre-discharge* and *post-discharge* judgments **(Appendix B-1 and B-19 and B-20)** in compliance to its own precedents and other lower Courts' precedents on the issue of enforcing 11 U.S.C. § 524(a)(1) and Fed. R. Bankr. P. 9011 and Rule 3001(c)(2)(D)(i) and (ii). Using its Supplemental Final Judicial Report against Petitioner; thus, on its judgment in the original amount of $98,452.56 **(Appendix B-1)**, after collecting the wholly satisfaction of "payments" from Petitioner; therefore, CitiMortgage, Inc., fraudulently and maliciously in bad faith collected more than $222,800.85 as Petitioner's *in personam* discharged debts, by enforcing automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained judgments **(Appendix B-1 and B-19 and B-20)** against Petitioner and his real property, which is an unconstitutional *per se* taking in contradiction and refute of the U.S. Supreme Court's precedents on the issue of real property ownership rights and right to exclude.

Petitioner filed his November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix B-17)** on the record of CitiMortgage, Inc.'s 09/14/ 2010, Foreclosure Case No. 2010-CV-09-13480, to ascertain Petitioner's enforcement of 11 U.S.C. § 524(a) in the Case No. 2010-CV-09-13480 and Bankruptcy Case No. 2:19-bk-52868; thus, the lower Courts lacked the discretion to ignore enforcing 11 U.S.C. § 524(a) and O.R.C. § 2329.191 and O.R.C. § 2329.02 and 11 U.S.C. § 1326(c) in favor of Petitioner and against CitiMortgage, Inc. *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008); *Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014). In a conspiracy to kill Petitioner, the lower Courts ignored Petitioner's November 21, 2019, Bankruptcy Court Injunction Order of Discharge and the U.S. Supreme Court and lower Court precedents.

8

In Bankruptcy Case No. 2:19-bk-52868, Petitioner filed on 10/07/2022, his "Supplemental Addendum to Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void *Ab Initio* Under § 524 and Request for Fresh Start Under Rule 1001 and Request for an Expedited Hearing" (ECF. Doc. 275) **(Appendix C-14)**; unfortunately, the Bankruptcy judge lacked the discretion to ignore ruling upon Petitioner's 10/07/2022, motion to allow CitiMortgage, Inc.'s invalid Supplemental Final Judicial Report and left it for the justices of the U.S. Supreme Court to enter a final judgment, while Petitioner is killed by the sheriff officers.

Petitioner alleged in his 10/07/2022, "Supplemental Addendum to Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void *Ab Initio* Under § 524 and Request for Fresh Start Under Rule 1001 and Request for an Expedited Hearing" (ECF. Doc. 275) **(Appendix C-14)** as follows:

The Chief Bankruptcy Judge John E. Hoffman, Jr., allowed the lower State trial Court to unlawfully act in a capacity of an appellate Court of this Bankruptcy Court, to vacate and extinguish the Bankruptcy Court's Injunction Orders of Discharge, while the Chief Bankruptcy Judge John E. Hoffman, Jr., acting corruptly and *under-color-of-law* extinguished the mandate under 11 U.S.C. § 524(a), to allow the first impression lower State trial Court to abolish the Bankruptcy purpose and process and the Bankruptcy Court's Orders, in order to cause the imminent death of the Debtor.

In order to urgently spare the Debtor's life, the Debtor vehemently implores this Bankruptcy Court to decide that after the Debtor paid off entirely his real property and after the January 21, 2016 (Exhibit 5) and the November 21, 2019 (Exhibit 4), Bankruptcy Court's Injunction Orders of Discharge were entered; hence, the lower State trial Court in the Foreclosure Case No. 2010-CV-09-13480 was barred to fraudulently and corruptly grant a difference from CitiMortgage, Inc., originally alleged amount of **$98,452.56** and the July 06, 2022 (Exhibit 9) and the August 01, 2022 (Exhibit 10), amount of **$222,800.85** that is in a violation of 11 U.S.C. § 524(a)(1). *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008). *Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014). citing 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.). The lower State trial Court lacked the jurisdiction and the judicial discretion to grant the discharged personal liability under 11 U.S.C. § 727 in the amount of **$222,800.85** (Exhibit 9) and (Exhibit 10).

On August 04, 2022, the Court of Ohio, Eighth Appellate District, County of Cuyahoga decided in *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675 as follows:

{6} 11 U.S.C. § 727(b) grants to the debtor who is discharged under 11 U.S.C. § 727(a), a discharge from all debts that arose before the date of the order for relief under Chapter 7, except those debts that are excepted from discharge by exceptions not applicable here. The discharge relieves a debtor of personal liability for all pre-petition debt and enjoins any action to collect, recover, or offset a discharged obligation. *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240, ¶ 12, citing 11 U.S.C. 524(a)... Specifically, a discharge in a case **(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 * * * whether or not discharge of such debt is waived; **(2)** operates as an injunction against the commencement

9

or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; * * * . **11 U.S.C. § 524(a).**

{7} By the express terms of 11 U.S.C. § 524(a)(1), **any judgment entered after entry of the discharge is void to the extent that the judgment purports to establish personal liability of the debtor with respect to a discharged debt.** See *Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014).

{8} The record reveals that the issue of appellant's bankruptcy discharge was not raised before the trial court. "Section 524(a) is meant to operate automatically * * * with no need for the debtor to assert the discharge to render the judgment void." *Riley* at 7, citing 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.)... Appellant's *pre-bankruptcy* petition debt was discharged by bankruptcy, the judgment rendered against her in municipal court is void.

{9} The judgment of the Cleveland Municipal Court is hereby vacated, and the court...

In a violation of the Ohio Rules of Professional Conduct for lawyers and judges, using its invalid Supplemental Final Judicial Report, CitiMortgage, Inc., prepared and filed and was granted the 07/06/2022, and the 08/01/2022, Confirmation of Sale Orders in the prohibited amount of more than $222,800.85 **(Appendix B-19)** and **(Appendix B-20)**; hence, CitiMortgage, Inc., willfully and fraudulently violated the November 21, 2019, Bankruptcy Court's Injunction Order of Discharge **(Appendix B-17)**. On September 21, 2022, this Bankruptcy Court promised to award an amount more than **$450,000.00** (ECF. Doc. 270) *Krueger v. Torres (In re Krueger)*, 812 F.3d 365, 373 (5th Cir. 2016) against CitiMortgage, Inc. Because CitiMortgage, Inc., prepared the Orders for Confirmation of Sale and was granted an amount of more than $222,800.85 from the originally alleged amount of $98,452.46; hence, CitiMortgage violated the discharge injunction, after *per se* confiscating and appropriating Petitioner's real property against his wish.

Because the Debtor was granted a Bankruptcy Order of Discharge; hence, this Bankruptcy Court must decide that the U.S. Congress' act and intention in § 524 does not give the lower State trial Court the discretion to grant the discharged personal liability in the amount of $222,800.85... Because the originally alleged amount of $98,452.56 in the not *in rem* 11/15/2018, Foreclosure Judgment is not the July 06, 2022 and the August 01, 2022, awarded discharged personal liability of the Debtor amount of **$222,800.85** in a violation of 11 U.S.C. § 524(a)(2); hence, prior to October 15, 2022, this Bankruptcy Court must comply and must decide that the U.S. Congress says in 11 U.S.C. § 524 what it means and means in 11 U.S.C. § 524 what it says there. *Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005) (alteration in original) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992)). The U.S. Supreme Court further held in *Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005) that, "But the Court is not free to rewrite the statute that Congress has enacted;" hence, in this instant Case, this Bankruptcy Court must enforce 11 U.S.C. § 524(a) against CitiMortgage, Inc.,...to hold the lower State trial Court's judgments void *ab initio* under 11 U.S.C. § 524(a)...

In Bankruptcy Case No. 2:19-bk-52868, Petitioner filed on 01/05/2023, his "Debtor's Motion Requesting the Court to follow Courts Precedents... " (ECF. Doc. 277) **(Appendix C-19)**; but, the Bankruptcy judge denied ruling upon it and left it for the U.S. Supreme Court to dispose it.

10

In Petitioner's 01/05/2023, "Debtor's Motion Requesting the Court to follow Courts Precedents and to Prevent Courts Inaction" (ECF. Doc. 277) **(Appendix C-19)**, Petitioner alleged as follows:

The Debtor is kindly asking that this Bankruptcy Court, and later the Appellate Court to issues a decision in this instant Case by following the well-established Courts' precedents by following the Congress' act and intention in 11 U.S.C. § 524 and 11 U.S.C. § 727, and in compliance to the Courts' holding in *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008) and in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, in which the Courts enforced 11 U.S.C. § 524 and 11 U.S.C. § 727, as a matter of law of Congress' act and intention.

The Chief Bankruptcy Judge John E. Hoffman, Jr., knows and should have known that 11 U.S.C. § 524 provides in pertinent part as follows:

**(a)**      A discharge in a case under this title—
**(1)**      voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727,…, or 1328 of this title, whether or not discharge of such debt is waived;

**(2)**      operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and…

The Chief Bankruptcy Judge John E. Hoffman, Jr., lacked the discretion to ignore that the not *in rem* November 15, 2018, Foreclosure Judgment, and the July 06, 2022, Confirmation of Sale Order; and the August 01, 2022, Confirmation of Sale Order are judgments not in compliance to 11 U.S.C. § 524 and are in contradiction to 11 U.S.C. § 727. *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008); hence, they have modified and proved wrong and rejected the 11/21/2019, Bankruptcy Order of Discharge and the January 21, 2016, Debtor's ex-spouse's Bankruptcy Court's Injunction Order of Discharge.

Petitioner filed on 02/14/2023, his "Debtor's Unopposable Motion Finding State Court's Judgments Void *ab initio* Following Courts' Precedents in Debtor's Interest" (ECF. Doc. 281) **(Appendix C-15)**; unfortunately, the Bankruptcy judge denied ruling upon Petitioner's 02/14/2023, motion and left it for the justices of the U.S. Supreme Court to enter a final judgment. In Petitioner's 02/14/2023, "Debtor's Unopposable Motion Finding State Court's Judgments Void *ab initio* Following Courts' Precedents in Debtor's Interest" (ECF. Doc. 281) **(Appendix C-15)**, Petitioner alleged as follows:

The Debtor is kindly asking that this Bankruptcy Court, and later the Appellate Courts to issue a decision in this instant Case by following the well-established Courts' precedents by following the Congress' act and intention in 11 U.S.C. § 524 and 11 U.S.C. § 727, and in compliance to the Courts' holding in In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008); in *Riley v. AmTrust Mortg. Corp.* (In re *Riley*), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014); and 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.).

11

In this instant Bankruptcy Case No. 2:19-bk-52868, the Debtor did not schedule CitiMortgage, Inc., as a creditor of the Debtor. The Debtor's residential property that is located at 2064 Worcester Court, Columbus, Ohio 43232 was wholly paid off. (Exhibit 1)

In the State Court, in the Foreclosure Case No. 2010-CV-09-13480, CitiMortgage, Inc., prepared the Order and filed the July 06, 2022, Confirmation of Sale Order in a violation of 11 U.S.C. § 524 (Exhibit 7), which unlawfully provided in pertinent part as follows:

> "FOURTH: To the Plaintiff, the balance of said proceeds of sale to apply to its judgment, as a credit to their indebtedness, in the amount of $222,800.85"

This is a violation of 11 U.S.C. § 524 and 11 U.S.C. § 727. 11 U.S.C. § 524(a) voided automatically the July 06, 2022, Confirmation of Sale Order (Exhibit 10) under 11 U.S.C. § 524 at the time obtained. In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008); in *Riley v. AmTrust Mortg. Corp.* (In re *Riley*), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014); and 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.)…

In the State Court, in the Foreclosure Case No. 2010-CV-09-13480, CitiMortgage, Inc., prepared the Order and filed the August 01, 2022, Confirmation of Sale Order in a violation of 11 U.S.C. § 524 (Exhibit 8), which unlawfully provided in pertinent part as follows:

> "FOURTH:    To the Plaintiff, the balance of said proceeds of sale to apply to its judgment, in the amount of $222,800.85"

In the lower U.S. District Court Case No. 2:22-cv-02228, the U.S. District Court denied ordering the lower Bankruptcy Court to enter judgments on Petitioner's substantial pending motions, to cause Petitioner to be unconstitutionally killed by the sheriff officers and left for the justices of the U.S. Supreme Court to enter a final judgment. The U.S. Court of Appeals for the Sixth Circuit failed or denied to entering a decision in the pending Case No. 23:3497 **(Appendix A-1)**, and the Supreme Court of Ohio denied its jurisdiction to permanently blocking the use of the Supplemental Final Judicial Report against Petitioner **(Appendix A-3)** and his home; consequently, in this instant Case, only the justices of the U.S. Supreme Court should permanently blocking the invalid and unconstitutional Supplemental Final Judicial Report for being used against Petitioner; and to protect Petitioner's right to life and his U.S. Constitutional due process and the equal protection under the law rights, in an impartial tribunal and before impartial justices; and to greatly protect the American public rights to real property ownership and interest in the integrity of an impartial federal judicial system.

In the pending Case No. 23:3497 in the U.S. Court of Appeals for the Sixth Circuit, Petitioner's June 08, 2023, Petition for a Writ of Mandamus **(Appendix A-1)** shows that Petitioner alleged as follows:

### The Issues Presented

1.      On a Petition for a writ of mandamus, the issue presented is that there is a patently and unambiguous violation of both the Ohio and the U.S. Constitutions as the U.S. federal district Court denied ordering the lower Bankruptcy Court to enter decisions on substantial Petitioner: Debtor's substantial pending motions, some of which requesting the enforcement of 11 U.S.C. §

524 (a) and (b). The U.S. federal District Court's denial is for the sole purpose to allow the well-established State of Ohio lawlessness to use a Supplemental Final Judicial Report, which is prohibited by both the State of Ohio and the U.S. Constitutions and federal and state laws, as basis to nullify and extinguish Petitioner: Debtor's November 21, 2019 Bankruptcy Court injunction order of discharge, in order to unlawfully confiscating not *in rem* of Petitioner: Debtor's wholly paid off residential real property.

Petitioner's 06/20/2023, Amended Memorandum in Support of Jurisdiction **(Appendix C-16)** and Petitioner's 06/30/2023, Second Amended Memorandum in Support of Jurisdiction **(Appendix C-17)** in the Ohio Supreme Court Case No. 2023-GEN-0771, Petitioner alleged and proposed law as following:

## Proposition of Law No. 1:

Being not provided under American laws and prohibited by the U.S. Constitution and O.R.C. § 2329.191, isn't the public great interest affected should the Supplemental Final Judicial Report is used in violation of the U.S. Constitution as basis to extinguishing and repealing O.R.C. § 2329.191 and both the Ohio and the U.S. Constitutions and federal and state laws and 11 U.S.C. § 1326(c), merely because what is "final" cannot be supplemented under American laws and under both the Ohio and the U.S. Constitutions?

## Proposition of Law No. 2:

Being prohibited by the U.S. Constitution and O.R.C. § 2329.191, isn't that the Ohio Supreme Court should agree for the U.S. Supreme Court to grant certiorari for public great interest to block the Supplemental Final Judicial Report being used in violation of the U.S. Constitution as basis for the trial Court to retain its subject matter jurisdiction to enforce its not *in rem* judgment and orders that were automatically voided *ab initio* under § 524(a) and to extinguish the Federal Preemption Doctrine that § 524(a) preempts state laws by automatically voiding *ab initio* at the time obtained not *in rem* judgments and orders?

## Proposition of Law No. 3:

Isn't that using a Supplemental Final Judicial Report not provided under O.R.C. § 2329.191(B)(7) as basis to kill a homeowner and to confiscate not *in rem* a discharged under 11 U.S.C. § 727(a) homeowner's wholly paid off real estate is a violation of the 5th and the 14th Amendment of the U.S. Constitution and a prohibited taking and an act to abolish the Federal Preemption Doctrine that 11 U.S.C. § 524(a) preempts state laws, in violation of the U.S. Constitution?

There is a distinction of rule of law between an ***IN REM*** state Court judgment and a ***NOT IN REM*** state Court judgment. Based on its own precedent in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, and the Supreme Court of Ohio's precedent in *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, the May 11, 2023, 10th District Court of Appeals' decision should be vacated and nullified for being erroneous because the Federal Preemption Doctrine of 11 U.S.C. § 524(a) was clearly and properly invoked and the 10th District Court of Appeals knew and should have known and should have not disregarded and or failed or denied to address or determine the distinction between an ***IN REM*** state Court judgment and a ***NOT IN REM*** state Court judgment...: thus, the Ohio or the U.S. Supreme Court will vacate and nullify the 10th District Court of Appeals' May 11, 2023, decision and will give back to Petitioner-

13

Appellant his wholly paid off residential real property within three months or prior to October 2023, as a matter of law and the facts.

Petitioner's September 20, 2022, Amended Defendant-Appellant's Principal Merit Brief **(Appendix C-18)** in the Franklin County, Ohio 10th District Court of Appeals' Case No. 2022-AP-000464, presented to the panel the listed below allegations as following:

> This "first impression" legal issues that affect the Appellant directly in the State of Ohio's Courts, affect nationwide minority and underprivileged homeowners indirectly, who need to grapple with the underlying causes in this Amended Brief… Some judges in the State of Ohio do not follow the U.S. Congress' act and intention and the Federal Bankruptcy law and Rules and Codes, not limited to 11 U.S.C. § 524 and 11 U.S.C. § 727 and 11 U.S.C. § 1326(c) and the Fed. R. Bankr. P. 3001(c) and Rule 9011 and Rule 3001(c)(2)(D)(i),..

Disregarding all the allegations above and the fact that CitiMortgage, Inc., filed its Supplemental Final Judicial Report to defraud Petitioner and to cause the death of Petitioner; thus, in the May 01, 2019, Bankruptcy Case No. 2:19-bk-52868, on **May 31, 2022**, the Bankruptcy Court wrongfully entered an "Order Denying Debtor's (1) Emergency Motion for Contempt for Violation of Discharge Order Against CitiMortgage (ECF. Doc. 247); (2) Expedited Motion to Enforce 11 U.S.U. § 524 to Void per-petition [sic] *in personam* and *in rem* State Court Foreclosure Judgment Against CitiMortgage, Inc. (ECF. Doc. 250); and (3) Notices of Emergency Hearing (ECF. Docs. 248, 251) (ECF. Doc. 254) **(Appendix D-1)**, which held as follows:

> [4] In the State Court foreclosure action CitiMortgage originally was represented by the law firm of Lerner, Sampson and Rothfuss. Padgett Law Group is now representing CitiMortgage in the State Court case. Attorney Jacqueline Wirtz of the Padgett firm obtained the entry of a new order of sale on April 14, 2022. Emergency Mot., Ex. 7 (State Court Civil Case Detail) at 2, Doc. 247 at 62.

> [5] The Debtor's discharge in bankruptcy was issued on November 21, 2019. There are 125 docket entries in this case since the date of discharge, nearly all of which deal with the contested foreclosure action.

The Debtor appears to believe either that his bankruptcy discharge completely eliminated the mortgage lien on his house, or that because the prepetition judgment was both an *in rem* and an *in personam* judgment, it was somehow rendered invalid when he received his discharge in this case. He is wrong on both counts. **The discharge eliminated his personal liability for the mortgage debt, but the lien remains on the house and is subject to a foreclosure by the lender.** As the Supreme Court has explained:

To put this question in context, we must first say more about the nature of the mortgage interest that survives a Chapter 7 liquidation. A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation;… A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. See 11 U.S.C. § 727. However, such a discharge extinguishes *only* "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11

14

U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308–309, 111 S.Ct. 1833, 1835–1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.Rep. No. 95–595, *supra*, at 361.

*Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991). The Judgment was entered prepetition, and there is nothing to prevent the lender from exercising its *in rem* rights by foreclosing the mortgage on the Debtor's property. The Debtor has been discharged of all dischargeable debts, the property has been abandoned by the Trustee, and there is no automatic stay in place.

But none of this is news to the Debtor. This same information has been delivered to him by the Bankruptcy Appellate Panel and the Sixth Circuit Court of Appeals. As the Sixth Circuit put it:

[T]he lien that CitiMortgage obtained during the pre-bankruptcy foreclosure proceedings survives the bankruptcy and was not extinguished by the abandonment or discharge. See *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 161 (B.A.P. 6th Cir. 2015)...

Although *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991) is not a binding or controlling precedent and is not applicable to this instant Case; thus, without enforcing O.R.C. § 2329.02 in favor of Petitioner and in ignoring Petitioner's Schedule 108 and in ignoring CitiMortgage, Inc.'s unsecured Proof of Claim and in ignoring that CitiMortgage, Inc., admitted to having received payments in full from Petitioner and in ignoring that CitiMortgage, Inc., used its invalid Supplemental Final Judicial Report against Petitioner; hence, the Bankruptcy Court is wrong by holding that, "The discharge eliminated his personal liability for the mortgage debt, but the lien remains on the house and is subject to a foreclosure by the lender." The Bankruptcy Court lacked its discretion to ignore its judicial duty for compliance to O.R.C. § 2329.02 in favor of Petitioner. *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240.

Observing the U.S. Supreme Court's holding in *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991) that, "But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation." In this instant Case, based on public record and the evidentiary facts, Petitioner and CitiMortgage, Inc., **had provided otherwise**, and CitiMortgage, Inc., lacks any *in rem* right to foreclosure on Petitioner's unmortgaged real property, as there is NO remaining default on its obligation, as correctly substantiated by Petitioner's Bankruptcy Official Form 108 **(Appendix B-13)** and CitiMortgage, Inc.'s "unsecured" July 10, 2019, filed Proof of Claim 6-1 **(Appendix B-16)** and CitiMortgage, Inc.'s admission on November 05, 2018, to have received "payments in full" on its mortgage loan. In this instant Case, the evidentiary facts and the public records substantiate that contrary to *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991), Petitioner did not default on his mortgage loan repayment obligation and CitiMortgage, Inc., lacks a perfected certificate of judgment in Franklin County, Ohio Recorder's Office under O.R.C. § 2329.02; and lacks any perfected lien against Petitioner's home. Following *Riley v. AmTrust Mortg. Corp. (In re Riley)*, Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014), the 10th District Court of Appeals should have decided that by the express terms of 11 U.S.C. § 524(a)(1), any judgments entered after entry of Petitioner's 11/21/2019, discharge is void *ab initio* to the extent that those judgments established Petitioner's discharged personal debts. In this instant Case, the Bankruptcy Court should have decided that Section 524(a) is meant to operate automatically * * * with no need for Petitioner to assert the discharge to render the judgments void." *Riley* at 7, citing 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.

## REASONS FOR GRANTING THE WRIT

This instant Case is of such imperative public importance as to justify deviation from normal appellate practice and require immediate determination in the U.S. Supreme Court. For allowing the Supplemental Final Judicial Report to affect Petitioner; thus, the whole of existing American federal and state laws and the Ohio and the U.S. Constitutions were nullified and not available to Petitioner's defense. Petitioner kindly demands the justices of the U.S. Supreme Court to read the **Appendix F-4** for a more inclusive and comprehension of the origin this instant Case. Petitioner is in an imminent and immediate danger of death by the sheriff officers using judgments based on the invalid and unconstitutional Supplemental Final Judicial Report; hence, under the whole of American laws what is "final" cannot be supplemented. The Ohio and the U.S. Constitutions and O.R.C. § 2329.191 do not provide for a Supplemental Final Judicial Report, while the lower Court denied blocking it.

Because Chief U.S. Bankruptcy Judge John E. Hoffman, Jr., allowed CitiMortgage, Inc.'s use of its invalid and unconstitutional Supplemental Final Judicial Report against Petitioner; hence, Petitioner is in an imminent and immediate danger to be killed and silenced by the sheriff officers using judgments based on the Supplemental Final Judicial Report, without Petitioner's U.S. constitutional due process and equal protection under the law rights; consequently, the lower Courts left for the justices for the U.S. Supreme Court to permanently block the unconstitutional and invalid Supplemental Final Judicial Report.

Pursuing to kill an offense less Petitioner is an excessive punishment and therefore prohibited by the Amendment for not being graduated and proportioned to wholly paying off his real property and for being granted his 11/21/2019, Bankruptcy Order of Discharge, which is not an offense. *Weems* v. *United States*, 217 U. S. 349, 367; *Trop* v. *Dulles*, 356 U. S. 86, 100-101; *Atkins v. Virginia* No. 00-8452, 536 U. S. 304 (2002). The parties are presenting the unconstitutional and invalid Supplemental Final Judicial Report before the eyes of the justices of the U.S. Supreme Court and request a precedent permanently blocking the unconstitutional and invalid Supplemental Final Judicial Report. The parties are calling to the attention of the justices of the U.S. Supreme Court and pointing to the U.S. Constitution and the 5th and 8th and 14th Amendments to the U.S. Constitution and the Federal Preemption Doctrine of federal laws over state laws and the U.S. Congress's act and intention under 11 U.S.C. § 524(a) and 11 U.S.C. § 727(a) and 11 U.S.C. § 362(k) and 11 U.S.C. § 105(a) and the inherent power of the U.S. Supreme Court and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 9011 and Rule 3001(c) and not limited to the Ohio Legislature's act and intention in O.R.C. § 2329 and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02 and O.R.C. § 2329.31 and O.R.C. § 5309.53 for consideration of Petitioner's defense and redress. The government's seeking to unconstitutionally kill Petitioner without a jury trial for wholly paying off his real property and for being granted a Bankruptcy Order of Discharge expeditiously necessitate the inherent power of the justices of the U.S. Supreme Court; hence, the writ should be granted. The Court held in *Weems* v. *United States,* 217 U. S. 349, 367 and *Atkins v. Virginia* No. 00-8452 as follows:

> A punishment is "excessive," and therefore prohibited by the Amendment, if it is not graduated and proportioned to the offense. *E. g., Weems* v. *United States,* 217 U. S. 349, 367. An excessiveness claim is judged by currently prevailing standards of decency. *Trop* v. *Dulles,* 356 U. S. 86, 100-101.

To allow the invalid and unconstitutional and "lawless" Supplemental Final Judicial Report being used against Petitioner; thus, the lower Courts not limited to the U.S. Court of Appeals for the Sixth Circuit and the Chief U.S. Bankruptcy Judge John E. Hoffman, Jr., lacked the discretion to denying Petitioner's due process and the equal protection under the law rights to defend against the fully invalid

Supplemental Final Judicial Report; hence, Petitioner will be killed as Petitioner is in an imminent and danger of death for "lacking any adequate remedy in the ordinary course of the law and lacking any opportunity for an appeal," while Petitioner is assured the protection of his U.S. constitutional rights under the law; and while is suffering irreparable harms. Because Petitioner is fighting against the Supplemental Final Judicial Report; hence, Petitioner is not a vexatious litigator, while the lower Courts jointly teamed up to hold Petitioner as a vexatious litigator. At this last phase in litigation, because the lower Courts denied doing it; thus, only the U.S. Supreme Court should permanently block the invalid and nullity and unconstitutional and devastating Supplemental Final Judicial Report to protect the public from lawlessness and their rights to real property ownership as a matter of law and the facts.

CitiMortgage, Inc., used a Supplemental Final Judicial Report against Petitioner to cause Petitioner's death and irreparable damages; consequently, Petitioner is a fugitive and living in the jungle to save his life. Lawlessness is prohibited under the whole of existing American federal and state laws and the Ohio and the U.S. Constitutions. The writ should be granted because lawlessness was used against Petitioner; thus, Petitioner lacks any adequate remedy in the ordinary course of the law and lacks any opportunity for a direct appeal of right because the U.S. Court of Appeals for the Sixth Circuit denied entering a decision in Petitioner's pending Case No. 23-3497, knowingly that Petitioner suffered irreparable damages. In this instant Case, there is a violation of the Ohio and the U.S. Constitutions and the whole of existing American federal and state laws because CitiMortgage, Inc., used an invalid and unconstitutional and unlawful Supplemental Final Judicial Report **(Appendix B-27)** against Petitioner, knowingly that its use of a Supplemental Final Judicial Report is a prohibited lawlessness and unlawful and fraudulent and unconstitutional and is a violation of the U.S. Constitution; hence, the lower Courts left for the justices of the U.S. Supreme Court to establish a precedent that permanently blocking the unlawful and fraudulent and unconstitutional and invalid Supplemental Final Judicial Report.

In Bankruptcy Case No. 2:19-bk-52868, Petitioner filed on 10/07/2022, his "Supplemental Addendum to Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void *Ab Initio* Under § 524 and Request for Fresh Start Under Rule 1001 and Request for an Expedited Hearing" (ECF. Doc. 275) **(Appendix C-14)**; unfortunately, the Bankruptcy judge lacked the discretion to ignore ruling upon Petitioner's 10/07/2022, motion to allow CitiMortgage, Inc.'s invalid Supplemental Final Judicial Report to cause Petitioner to be unconstitutionally killed by the sheriff officers and left Petitioner's pending 10/07/2022, Supplemental Addendum to Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void *Ab Initio* Under § 524 and Request for Fresh Start Under Rule 1001 and Request for an Expedited Hearing (ECF. Doc. 275) for the justices of the U.S. Supreme Court to enter a final judgment, while Petitioner is dead.

Petitioner alleged in his 10/07/2022, "Supplemental Addendum to Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void *Ab Initio* Under § 524 and Request for Fresh Start Under Rule 1001 and Request for an Expedited Hearing" (ECF. Doc. 275) **(Appendix C-14)** as follows:

The Chief Bankruptcy Judge John E. Hoffman, Jr., allowed the lower State trial Court to unlawfully act in a capacity of an appellate Court of this Bankruptcy Court, to vacate and extinguish the Bankruptcy Court's Injunction Orders of Discharge, while the Chief Bankruptcy Judge John E. Hoffman, Jr., acting corruptly and *under-color-of-law* extinguished the mandate under 11 U.S.C. § 524(a), to allow the first impression lower State trial Court to abolish the Bankruptcy purpose and process and the Bankruptcy Court's Orders, in order to cause the imminent death of the Debtor.

17

In order to urgently spare the Debtor's life, the Debtor vehemently implores this Bankruptcy Court to decide that after the Debtor paid off entirely his real property and after the January 21, 2016 (Exhibit 5) and the November 21, 2019 (Exhibit 4), Bankruptcy Court's Injunction Orders of Discharge were entered; hence, the lower State trial Court in the Foreclosure Case No. 2010-CV-09-13480 was barred to fraudulently and corruptly grant a difference from CitiMortgage, Inc., originally alleged amount of **$98,452.56** and the July 06, 2022 (Exhibit 9) and the August 01, 2022 (Exhibit 10), amount of **$222,800.85** that is in a violation of 11 U.S.C. § 524(a)(1). *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re *Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008). *Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014). citing 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.). The lower State trial Court lacked the jurisdiction and the judicial discretion to grant the discharged personal liability under 11 U.S.C. § 727 in the amount of **$222,800.85** (Exhibit 9) and (Exhibit 10).

It is established and settled by several Courts' precedents that under Ohio law, whenever a party: in this instant Case CitiMortgage, Inc., being an unsecured "creditor" lacks a "perfected" certificate of judgment for obtaining a lien against Petitioner's real property that is issued and filed and recorded and perfected in the Franklin County, Ohio Recorder's Office, as provided under O.R.C. § 2329.02 *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240 **(Appendix C-1)**; and In *re Bonnie Sue Ostrander* Case No. 11-33801 **(Appendix D-2)**; *Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 814 (6th Cir. 1988) **(Appendix D-9)**; *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017) **(Appendix D-7)**; *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015) **(Appendix D-10)**; and admitted under Fed. R. Bankr. P. 9011 to lacking any enforceable Foreclosure Judgment against Petitioner and his real property in Petitioner's Bankruptcy Case No. 2:19-bk-52868; and lacks an *in rem* Foreclosure Judgment upon the entry of Petitioner's November 21, 2019, Bankruptcy Order of Discharge; and that CitiMortgage, Inc., admitted under Ohio Civ. R. 11 to have received payments in full from Petitioner on its mortgage loan; thus, CitiMortgage, Inc., is barred to confiscate Petitioner's real property; and is further barred to committing lawlessness using its invalid Supplemental Final Judicial Report to unconstitutionally and unlawfully damaging Petitioner; thus, Petitioner trusts the justices of the U.S. Supreme Court should declare unconstitutional the Supplemental Final Judicial Report and should return and give back to Petitioner his real property under Rule 1001 prior to January 31, 2024.

The lower Courts ignored that in the Case No. 14-52909 in the United States Bankruptcy Court, S.D. Ohio, Eastern Division, the Bankruptcy Court held in *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015) as follows:

> Under Ohio law, a judgment lien is created by filing a certificate of judgment in accordance with § 2329.02 of the Ohio Revised Code. The lien attaches to all real property located in the county on the date the certificate of judgment is filed. Ohio Rev. Code § 2329.02.

The lower Courts ignored that in the Case No. 17-10081 in the United States Bankruptcy Court, S.D. Ohio, Western Division, the Bankruptcy Court held in *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017) as follows:

> Under Ohio law, a judgment, standing alone, does not give rise to a lien or security interest. *714 *French v. State Farm Mutual Auto. Ins. Co. (In re LaRotonda)*, 436 B.R. 491, 497 (Bankr. N.D. Ohio 2010). Although liens can be created in other ways, a judicial or judgment lien is generally

18

created by filing a certificate of judgment in accordance with Ohio Revised Code Section 2329.02. *In re Davis,* 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015). Upon filing the certificate of judgment in a specific county, the lien then attaches to all real property owned by the judgment debtor in that county. Ohio Rev. Code § 2329.02; *Davis,* 539 B.R. at 341.

The lower Courts ignored that in the Case No. 86-3803 in the United States Court of Appeals for the Sixth Circuit, the appellate Court held in *Verba v. Ohio Cas. Ins. Co.,* 851 F.2d 811, 814 (6th Cir. 1988) as follows:

> First, we turn to Ohio law to determine the nature of Ohio Casualty's lien which it obtained by filing a certificate of judgment pursuant to Ohio Rev. Code § 2329.02. Although there is no clear pronouncement from the Supreme Court of Ohio on the nature of such an interest, we find that the decisions of the Ohio Courts of Appeals provide ample guidance. Under Ohio law "[t]he lien acquired by filing a certificate of judgment in accordance with R.C. § 2329.02 is a statutory lien which is effective from the date of filing on all real estate located in the county." *Feinstein v. Rogers,* 2 Ohio App.3d 96, 97-98, 440 N.E.2d 1207, 1209 (1981) (citing *Maddox v. Astro Investments,* 45 Ohio App.2d 203, 343 N.E.2d 133 (1975)).

Being an unsecured party, CitiMortgage, Inc., fraudulently and maliciously filed an invalid Supplemental Final Judicial Report **(Appendix B-27)**, which is not authorized under the whole of American federal and state laws and the Ohio and the U.S. Constitutions and O.R.C. § 2329(B)(7); and did not file a Final Judicial Report under O.R.C. § 2329(B)(7) in its September 14, 2010, Foreclosure Case No. 2010-CV-09-13480 **(Appendix B-21)**; and lacks a "perfected" certificate of judgment for obtaining a lien against Petitioner's real property that is issued and filed and recorded and perfected in the Franklin County, Ohio Recorder's Office **(Appendix B-21)**, as provided under O.R.C. § 2329.02; hence, CitiMortgage, Inc., lacks any right to foreclose or interfere or confiscate Petitioner's wholly paid off real property **(Appendix B-13)** and **(Appendix B-16)**; hence, the preponderance of the manifest weight of Petitioner's substantial evidentiary facts are in favor of Petitioner and indisputably and conspicuously they are against CitiMortgage, Inc.; hence, killing Petitioner is not a solution for allowing the invalid Supplemental Final Judicial Report to become a nationwide law in the United States of America.

Petitioner kindly points and directs the justices of the U.S. Supreme Court in Petitioner's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868, to find that on July 10, 2019, in its filed and "unsecured" Proof of Claim 6-1, which was discharged by Petitioner's 11/21/2019, Order of Discharge; pursuant to Fed. R. Bankr. P. 9011, CitiMortgage, Inc., honestly and indisputably and correctly admitted and certified and represented and agreed to the best belief and information and knowledge of CitiMortgage, Inc., that CitiMortgage, Inc., **lacks any right to foreclose** and lacks any enforceable 11/15/2018, Foreclosure Judgment against Petitioner and against his real property **(Appendix B-16)**. The justices of the U.S. Supreme Court should find that on July 10, 2019, pursuant to Fed. R. Bankr. P. 9011 and Rule 3001(c)(1), CitiMortgage, Inc., honestly and correctly under the penalty of perjury represented and affirmed and certified and admitted and agreed that CitiMortgage, Inc., lacked an enforceable 11/15/2018, Foreclosure Judgment against Petitioner and against his wholly satisfied and paid off private real property; and lacked any justiciable controversy against Petitioner and his real property for being unsecured. Below is CitiMortgage, Inc.'s declaration to never interfere or confiscate Petitioner's real property and to never collect Petitioner's discharged in personam liability and to never confiscate his more than $222,800.85. Appendix F-4 shows that CitiMortgage, Inc., prosecuted Petitioner on a wrong mortgage and concealed Petitioner's $26,000.00 and further concealed "payments in full from Petitioner" that CitiMortgage, Inc., admitted on 11/05/2018, to have received and further confiscated Petitioner's real property.

19

**Part 3:   Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
|---|---|
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor. |
| | ☒ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date _July 10, 2019_ |

/s/ Mia L. Conner
Mia L. Conner
OH Bar Registration #0078162
(513) 241-3100 x-3445

Signature

Print the name of the person who is completing and signing this claim:

| Name | Mia L. Conner |
|---|---|
| Title | Attorneys for Creditor |
| Company | Lerner, Sampson and Rothfuss, LPA |
| Address | 120 East Fourth Street, 8th Floor |
| | Cincinnati OH, 45202-4007 |
| Contact phone | (513) 241-3100 | Email | solbk@lsrlaw.com |

Official Form 410                   Proof of Claim                   Page 3

On July 10, 2019, CitiMortgage, Inc., was represented by highly skilled and competent and knowledgeable counsels; hence, unquestionably, CitiMortgage, Inc., filed an "unsecured" Proof of Claim 6-1, which pursuant to Fed. R. Bankr. P. 3001(c)(1) was unsecured and not supported by a writing and was not guaranteed by collateral or Petitioner's real property **(Appendix B-16)**. On July 10, 2019, pursuant to Fed. R. Bankr. P. 9011, CitiMortgage, Inc., certified that, **"I have examined the information in this Proof of Claim 6-1 and have a reasonable belief that the information is true and correct and I declare under penalty of perjury that the foregoing is true and correct.** *[I declare under penalty of perjury that no enforceable judgment against Petitioner and his real property]*" Executed on July 10, 2019, **(Appendix B-16)**. The justices of the U.S. Supreme Court should block the sheriff officers from killing Petitioner under existing American federal and federal laws; and should block the invalid Supplemental Final Judicial Report; and should return and give back to Petitioner his real property under Rule 1001 prior to January 31, 2024; and should "exemplary" vindicate Petitioner's sufferings.

Unsecured claims are the opposite of secured claims; consequently, pursuant to Fed. R. Bankr. P. 9011, being an unsecured creditor; thus, CitiMortgage, Inc., represented and certified and admitted it does not hold a lien upon Petitioner's real property and that there is no Petitioner's real property to seize, repossess, or foreclose upon. As a rule, Petitioner's November 21, 2019, Bankruptcy Order of Discharge eliminated CitiMortgage, Inc.'s unsecured claims, as a matter of law and the facts. Pursuant to the Federal Preemption Doctrine of Fed. R. Bankr. P. 9011 over state laws, CitiMortgage, Inc., is wholly estopped effective July 10, 2019, in its unsecured Proof of Claim 6-1 to later claim a foreclosure judgment using its invalid Supplemental Final Judicial Report in the Franklin County, Ohio Court of Common Pleas. Fed. R.

Bankr. P. 9011 wholly estopped CitiMortgage, Inc., in its Foreclosure Case No. 2010-CV-09-13480 **(Appendix B-21)** to claim a lien against Petitioner and his real property; and cannot have any right to foreclose or confiscate or appropriate or *per-se* take Petitioner's real property **(Appendix C-4)** and **(Appendix B-22)** and O.R.C. § 5309.53 **(Appendix B-25)** and O.R.C. § 5309.55 **(Appendix B-26)**.

Petitioner kindly points to and instructs and demands the justices of the U.S. Supreme Court to find in Foreclosure Case No. 2010-CV-09-13480 that CitiMortgage, Inc., lacks a "perfected" certificate of judgment for obtaining a lien against Petitioner's real property that is issued and filed and recorded and perfected in the Franklin County, Ohio Recorder's Office, as provided in Sections of O.R.C. § 2329.02 and O.R.C. § 5309 of the Ohio Revised Code; hence, CitiMortgage, Inc., lacks a lien that attached to Petitioner's real property and that survived or passed through Bankruptcy, as a matter of law and the facts **(Appendix B-24** and **(Appendix B-25)** and **(Appendix B-26)**. The justices of the U.S. Supreme Court have established that an unlawful *per se* taking or confiscation of a real property is unconstitutional; thus, in this instant Case, the Ohio and the U.S. Constitutions were seriously violated to attract the supervisory power of the justices of the U.S. Supreme Court, as they cannot let Petitioner get killed unconstitutionally.

In its Foreclosure Case No. 2010-CV-09-13480, on November 05, 2018, CitiMortgage, Inc., admitted having received "payments in full" from Petitioner on its mortgage loan, after the filing of its September 14, 2010, Foreclosure Complaint; hence, CitiMortgage, Inc., lacks a lien that attached to Petitioner's real property and that survived Bankruptcy **(Appendix B-4)** and **(Appendix B-5)**.

The Franklin County, Ohio 10th District Court of Appeals of Ohio decided in *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240 **(Appendix C-1)** as follows:

{¶10} ... Appellant and Appellee each sought the protection of Chapter 7 of the bankruptcy code. Generally,... **a lien that was perfected before the bankruptcy petition was filed is not affected by the bankruptcy** because the debtor no longer had an equitable interest in the property. Section 541(a)(1), (2), Title 11, U.S. Code.

Under Ohio laws, for a lien to be perfected before the bankruptcy petition was filed, it must be recorded in the Franklin County, Ohio Recorder's Office pursuant to O.R.C. § 2329.02; hence, CitiMortgage, Inc., was granted a November 15, 2018, Foreclosure Judgment, while Petitioner was granted his November 21, 2019, Bankruptcy Order of Discharge. Petitioner kindly points to and instructs and demands the justices of the U.S. Supreme Court to look on Petitioner's real property title records in the Franklin County, Ohio Recorder's Office to find that CitiMortgage, Inc., lacks any lien against Petitioner and his real property that was perfected before Petitioner's Bankruptcy petition was filed on 05/01/2019; hence, *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991) and *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) and *Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 161 (B.A.P. 6th Cir. 2015) are not applicable and are not controlling precedents and are misplaced. The Bankruptcy Court erred and was wrong.

**O.R.C. § 2329.02**: Judgment lien - certificate of judgment - filing – transfer provides in part that:

No such judgment or decree shall be a lien upon any lands,... 5309.02 to 5309.98, inclusive, and 5310.01 to 5310.21, inclusive, of the revised code, until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record,... **is filed and noted in the office of the county recorder of the county in which the land is situated**, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected.

21

O.R.C. § 5309.53: Decree or order of court a lien upon registered land provides in part that:

No judgment or decree or order of a court shall be a lien upon or affect registered land, or any interest therein, until a certificate under the hand and official seal of the clerk of the court in which the case is entered, ... **is filed and noted in the office of the county recorder**...

O.R.C. § 5309.55: Lien attaches in proceedings in execution and attachment provides in part that:

No lien shall attach to or be created upon any registered land by reason of such attachment, levy, or seizure, or other action taken, **until the filing of such certificate with the recorder**...

On May 01, 2019, Petitioner filed his Chapter 13 Bankruptcy Case No. 2:19-bk-52868, in which CitiMortgage, Inc., **"was not scheduled"** as a creditor of Petitioner at all **(Appendix B-15)**, because Petitioner's wholly paid off real property was unmortgaged and Petitioner owed $0.00 to CitiMortgage, Inc., **(Appendix B-13)**; hence, in corroboration, on July 10, 2019, pursuant to Fed. R. Bankr. P. 9011, in its unsecured Proof of Claim 6-1 **(Appendix B-16)**, CitiMortgage, Inc., honestly and correctly certified to the Bankruptcy Court that CitiMortgage, Inc., lacked any enforceable 11/15/2018, Foreclosure Judgment **(Appendix B-1)** for being wholly satisfied and extinguished and unenforceable and for contradicting Petitioner's ex-spouse Consolata Nkurunziza's January 21, 2016, Bankruptcy Order of Discharge **(Appendix B-18)** and Petitioner's November 21, 2019, Bankruptcy Order of Discharge **(Appendix B-17)**.

After CitiMortgage, Inc., appeared in Petitioner's May 01, 2019, active Bankruptcy Case No 2:19-bk-52868; thereafter, CitiMortgage, Inc., fraudulently and unlawfully filed on July 10, 2019, its "unsecured" Proof of Claim 6-1 **(Appendix B-16)** and did not attach any enforceable Foreclosure Judgment against Petitioner and his real property to its Proof of Claim 6-1 **(Appendix B-16)**, as mandatory and statutorily required under Fed. R. Bankr. P. 3001(c)(1); thus, pursuant to Fed. R. Bankr. P. 9011, CitiMortgage, Inc., honestly and correctly and under the Penalty of Perjury represented to the lower Bankruptcy Court that **CitiMortgage, Inc., lacks any justiciable controversy against Petitioner and against Petitioner's real property**; and lacked any enforceable Foreclosure Judgment against Petitioner and his real property, which was wholly paid off and was unmortgaged and was free from any CitiMortgage, Inc.'s mortgage lien. CitiMortgage, Inc.'s unsecured Proof of Claim 6-1 **"corroborated"** with Petitioner's Bankruptcy Official Schedule Form 108 **(Appendix B-13)**, which substantiated honestly and under the Penalty of Perjury that Petitioner's private residential real property was wholly paid off and Petitioner owed $0.00 to CitiMortgage, Inc. On January 21, 2020, Petitioner filed his Motion for Sanction against CitiMortgage, Inc., under Rule 3001(c)(2)(D)(ii) (ECF. Doc. 154) **(Appendix B-15)** and **(Appendix A-9)**; hence, the Bankruptcy Court left this matter for the justices of the U.S. Supreme Court to grant the relief sought by Petitioner suffering a pecuniary loss of $6,900.00. Petitioner is being tortured.

On August 27, 2019, Petitioner filed his "Debtor's Motion for Contempt Against CitiMortgage, Inc., for Willful and Reckless and Wanton and Malicious in Bad Faith Violation of the May 01, 2019, Automatic Stay (ECF. Doc. 77)" **(Appendix A-10)**, which was supplemented on September 24, 2019, as: "Supplemental Addendum to Debtor's Motion for Contempt Against CitiMortgage, Inc., for Willful and Reckless and Wanton and Malicious in Bad Faith Violation of the May 01, 2019, Automatic Stay (ECF. Doc. 93)" **(Appendix A-11)**; hence, the Bankruptcy Court left this matter for the justices of the U.S. Supreme Court to grant the relief sought by Petitioner suffering a pecuniary loss.

In the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480, on April 03, 2019, Petitioner filed his Motion to Remove his Real Estate on the May 03, 2019, Sheriff Sale **(Appendix C-13)**

prior to CitiMortgage, Inc.'s filing of its invalid Supplemental Final Judicial Report on July 15, 2020; thus, CitiMortgage, Inc., ignored that it never filed a Final Judicial Report under O.R.C. § 2329.191(B)(7) and it lacked a perfected certificate of judgment under O.R.C. § 2329.02; unfortunately, the Franklin County, Ohio 10th District Court of Appeals and the Ohio Supreme Court lacked the discretion to ignore this substantial motion in order to cause the sheriff officers to kill Petitioner. Petitioner is being tortured.

In the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480, on June 16, 2021, Petitioner filed his Motion asking compliance to O.R.C. § 2329.191 **(Appendix D-5: Exhibit A)** as mandatory and statutorily required by the Ohio Legislature's act and intention. The trial Court and the 10th District Court of Appeals and the Ohio Supreme Court lacked the discretion to ignore enforcing the compliance to O.R.C. § 2329.191 and O.R.C. § 2329.02 in favor of Petitioner; and thus, rejected the Ohio Legislature's act and intention in O.R.C. § 2329.191 and O.R.C. § 2329.02 to allow lawlessness of the use of the invalid Supplemental Final Judicial Report against an American unfortunate homeowner Petitioner.

In the 09/14/2010, Foreclosure Case No. 2010-CV-09-13480, on April 26, 2022, Petitioner filed his Motion for his November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix C-11)** and **(Appendix D-4: Exhibit B)** to making it part of the record in the 09/14/2010, Foreclosure Case No. 2010-CV-09-13480, to ascertain that the government and the trial Court and CitiMortgage, Inc., "MUST" fail to extinguish existing law and to *per-se* taking and permanently appropriating Petitioner's wholly satisfied and paid off entirely private residential real property and to block automatically the unlawful and fraudulent and unconstitutional enforcement of void *ab initio pre-discharge* and *post-discharge* judgments. *Riley v. AmTrust Mortg. Corp.* (In re Riley), Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014) **(Appendix C-10)**.

In the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480, on April 26, 2022, Petitioner filed his Motion that his November 21, 2019, Bankruptcy Court Injunction Order of Discharge and O.R.C. § 2329.191 were violated **(Appendix D-3: Exhibit A)** to making it part of the record in the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480, to ascertain that the government and CitiMortgage, Inc., "MUST" fail to extinguish existing law and to *per-se* taking and permanently appropriating Petitioner's wholly satisfied and paid off entirely private residential real property.

In the September 14, 2010, Foreclosure Case No. 2010-CV-09-13480, on August 11, 2022, Petitioner filed his Motion to Claim and to Hold Court's Orders as Invalid and Nullities and Void *Ab Initio* **(Appendix C-12)**; unfortunately, the 10th District Court of Appeals and the Ohio Supreme Court disregarded this substantial motion in order to cause the sheriff officers to kill Petitioner.

Base on the evidentiary facts and the Courts' records; thus, only the justices of the U.S. Supreme Court should impartially find that CitiMortgage, Inc.'s *in personam* or not *in rem* November 15, 2018, Foreclosure Judgment and *in personam* or not *in rem* July 06, 2022, Confirmation of Sale Order and *in personam* and not *in rem* August 01, 2022, Confirmation of Sale Order contradicted and violated the November 21, 2019, Bankruptcy Order of Discharge by granting the discharged personal liability under 11 U.S.C. § 727(a) and thus are in violation of 11 U.S.C. § 524(a) and were automatically void *ab initio* at any time obtained under 11 U.S.C. § 524(a) as a matter of law and the facts; therefore, Petitioner invokes existing American federal and state laws and the Ohio and the U.S. Constitutions, because lawlessness of the invalid Supplemental Final Judicial Report was used against Petitioner and the whole of existing American federal and state laws and the Ohio and the U.S. Constitutions were nullified and extinguished and were not available for Petitioner's defense and due process and equal protection under the law rights,

23

before an impartial tribunal and before impartial justices; consequently, Petitioner lacks any adequate remedy under the ordinary course of the law and lacks any opportunity for a direct appeal of right.

After Petitioner wholly paid off his real property; hence, Petitioner is a fugitive and in an imminent danger of death by the sheriff officers, who are hunting for him; thus, under Fed. R. Bankr. P. 1001, to expeditiously save the life of Petitioner from being unconstitutionally killed by the sheriff officers using judgments that are based on the invalid Supplemental Final Judicial Report; hence, the U.S. Supreme Court should expeditiously and permanently block the invalid Supplemental Final Judicial Report from being used to kill Petitioner. This instant Case is the vehicle to get the invalid Supplemental Final Judicial Report permanently blocked by the U.S. Supreme Court, since lower Courts failed to do it.

After the discharge, the Bankruptcy Court denied enforcing O.R.C. § 2329.02 and O.R.C. § 2329.191(B)(7) and Fed. R. Bankr. P. 9011 and Rule 3001(c)(2)(D)(i) and (ii) against CitiMortgage, Inc., and allowed CitiMortgage, Inc., to use its invalid Supplemental Final Judicial Report against Petitioner to get *post-discharge* judgment that imposed personal liability on Petitioner; thereafter, CitiMortgage, Inc., prepared the *in personam post-discharge* Confirmation of Sale Orders and was granted the July 06, 2022, **(Appendix B-19)** and the August 01, 2022, **(Appendix B-20)** Confirmation of Sale Orders in an amount in excess of $222,800.85 in violation of 11 U.S.C. § 524(a), which is higher than the originally claimed amount of $98,452.56 in its September 14, 2010, Foreclosure Complaint. CitiMortgage, Inc.'s invalid Supplemental Final Judicial Report appropriates a right to invade Petitioner's real property and therefore constitutes an unconstitutional and prohibited *per se* physical taking of Petitioner's real property; hence, it extinguished Petitioner's right to exclude, while Petitioner's right to exclude is "a fundamental element of the property right." *Kaiser Aetna v. United States*, 444 U. S. 164, 179–180. Based on the evidentiary facts in favor of Petitioner and the Courts' records, Petitioner relies on the U.S. Supreme Court's precedents that have thus treated government-authorized physical invasions as takings requiring just compensation.

The U.S. Supreme Court's precedents hold that Petitioner's right to exclude is "a fundamental element of his property right." *Kaiser Aetna v. United States*, 444 U. S. 164, 179–180. The U.S. Supreme Court's precedents have thus treated government-authorized physical invasion of Petitioner's real property as a *per-se* taking requiring just compensation. In this instant Case the government and CitiMortgage, Inc., had appropriated Petitioner's right of access to his private real property; hence, a *per-se* physical taking and confiscation of Petitioner's real property under the U.S. Supreme Court's precedents was committed against Petitioner; hence, pursuant to Rule 1001, the U.S. Supreme Court should expeditiously give back to Petitioner his wholly paid off real property prior to January 31, 2024.

Thereafter, in the April 14, 2022, Bankruptcy Court Order on (A) Debtor's Motion for Summary Judgment Against CitiMortgage, Inc., on all of its Claims (ECF Doc. 243) **(Appendix A-8)**, in the May 01, 2019, Bankruptcy Case No. 2:19-bk-52868, the Bankruptcy Court lacked the discretion to ignore that Petitioner alleged that after the May 01, 2019, automatic stay was lifted; thus, CitiMortgage, Inc., sought its July 15, 2020, invalid Supplemental Final Judicial Report to harm Petitioner; hence, the Bankruptcy Court lacked the discretion to ignore that CitiMortgage, Inc.'s Supplemental Final Judicial Report was aborting and blocking Petitioner's Bankruptcy relief for a fresh start. Because in the Foreclosure Case No. 2010-CV-09-13480, CitiMortgage, Inc., never filed a Final Judicial Report under O.R.C. § 2329.191(B)(7); hence, in its April 14, 2022, Bankruptcy Court Order, the Bankruptcy Court lacked the discretion to wrongfully holding as follows:

Third, Mr. Nyamusevya suggests that CitiMortgage, Inc., violated the automatic stay through the filing of a **Final Judicial Report** because it did not state that Mr. Nyamusevya had received a

24

bankruptcy discharge. Summ. J. Mot. at 20 ("Attorney Carson Rothfuss filed the Supplemental Final Judicial Report (ECF Doc. 235) in the Foreclosure Case No. 2010-CV-09-13480 on July 15, 2020, and abusively and fraudulently and dishonestly and maliciously in bad faith represented that the Debtor was not granted a Bankruptcy Court's Order of Discharge, because Attorney Carson Rothfuss did not want the impact of this Bankruptcy Case on the Foreclosure Case No. 2010-CV-09-13480 in the Franklin County, Ohio Court of Common Pleas."). The filing of the **Final Judicial Report** does not constitute a violation of the automatic stay by CitiMortgage, Inc., for three reasons. The **Final Judicial Report** was not issued by CitiMortgage, Inc., but rather was issued by First American Financial Title Insurance Company. And the purpose of a **Final Judicial Report** is not to collect from the debtor; instead "the purpose of a **Final Judicial Report** in a foreclosure action is to update 'the state of the record title to that real estate from the effective date of the preliminary judicial report through…*pendens*.'" *Fed. Home Loan Mortg. Corp. v. Koch*, 2013 WL 5532836, at *5 (Ohio Ct. App., Oct. 7, 2013). Finally, and most importantly, by the time the Final Judicial Report was issued in 07/2020, the automatic stay was no longer in place.

Knowingly that CitiMortgage, Inc., used its Supplemental Final Judicial Report to enforcing its automatically void *ab initio* under § 524(a)(1) at any time obtained judgments against Petitioner to kill him; hence, the lower Courts denied to enforcing 11 U.S.C. § 524(a)(1) to allow the state Courts to decide important questions of federal law that have not been, but should be settled by the U.S. Supreme Court; and have decided important federal questions of § 524(a)(1) and § 1326(c) and § 105(a) and § 362(k)(1) and Fed. R. Bankr. P. 9011 and Rule 3001(c)(1) and O.R.C. § 2329.02 and O.R.C. § 5309.53 and O.R.C. § 5309.55 in a way that conflicts with relevant decisions of the U.S. Supreme Court and other Courts of Appeals' decisions and have so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of the U.S. Supreme Court's supervisory power to permanently blocking the Supplemental Final Judicial Report. Because the lower Courts allowed the Supplemental Final Judicial Report and denied blocking it; hence, the question is who else would block it? In this instant Case, only the justices of the U.S. Supreme Court are positioned to uphold the U.S. Constitution and the whole of existing American federal and state laws by permanently blocking the Supplemental Final Judicial Report; hence, the writ of certiorari should be granted, as the U.S. Supreme Court never established a precedent involving the invalid and unconstitutional Supplemental Final Judicial Report.

In this instant Case, it is shown and undisputed that the justices of the Ohio Supreme Court in denying its jurisdiction and in leaving for the justices of the U.S. Supreme Court to blocking the Supplemental Final Judicial Report lacked the discretion to allow the Supplemental Final Judicial Report for being invalid and a legal nullity and unconstitutional; and ignored that CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(B); and ignored that the Supplemental Final Judicial Report was never allowed under the whole of existing American federal and state laws and both the Ohio and the U.S. Constitutions, including O.R.C. § 2329.191(B); and ignored that it was used as basis to kill Petitioner at his wholly satisfied and paid off entirely real property; and ignored that CitiMortgage, Inc., enforced automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained judgments against Petitioner. Because on May 11, 2023, the Franklin County, Ohio 10th District Court of Appeals decided an important federal question (**Appendix A-2**) in a way that conflicted with relevant decisions of the U.S. Supreme Court and its own precedent and other Courts of Appeals' decision on the same issue of 11 U.S.C. § 524(a), and had so far departed from the accepted and usual course of judicial proceedings by allowing the Supplemental Final Judicial Report and ignoring the whole of American federal and state laws and O.R.C. § 2329.191(B); thus, the lower Courts called for an exercise of the U.S. Supreme Court's supervisory power to enforce the U.S. Constitution not limited to the 5th and 8th and 14th Amendments to the U.S. Constitution and to permanently blocking the Supplemental Final Judicial Report.

The lack of decision in the U.S. Court of Appeals for the Sixth Circuit pending Case No. 23:3497 below creates a direct, intolerable conflict over an important question of Bankruptcy law for failing to block a Supplemental Final Judicial Report, for being used to nullify Fed. R. Bankr. P. 1001 by aborting Petitioner's Bankruptcy relief for a fresh start; and to enforce automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained judgments, for the collection of Petitioner's discharged personal liabilities, by CitiMortgage, Inc: an unsecured and unscheduled and fraudulent creditor, who lacks a perfected certificate of judgment under O.R.C. § 2329.02 and who never filed a Final Judicial Report under O.R.C. § 2329.191(B)(7) in its Foreclosure Case No. 2010-CV-09-13480; hence, for Petitioner's due process and the equal protection under the law rights to be heard and to defend and to vindicate in an impartial Court and before impartial justices; consequently, this Petition for a Writ of Certiorari should be granted to protect Petitioner's right to life.

In the event that the writ is not granted now; hence, more American homeowners will be victimized and affected by the lawlessness of using the invalid and unconstitutional Supplemental Final Judicial Reports against them, while their rights to real ownership and right to exclude will be fully extinguished; hence, the writ is needed right now before a nationwide crisis of the lawlessness caused by the use of the Supplemental Final Judicial Reports. The public interest was seriously affected because both the lower Courts ignored that CitiMortgage, Inc., never filed its Supplemental Final Judicial Report under O.R.C. § 2329.191(B)(7) and was barred to confiscate Petitioner's real property; and ignored that CitiMortgage, Inc., lacked a perfected certificate of judgment against Petitioner's real property in the Franklin County, Ohio Recorder's Office; and ignored **looking to** and **enforcing** O.R.C. § 2329.02 to find that CitiMortgage, Inc., lacked a mortgage lien against Petitioner's wholly satisfied and paid off real property in conformity with Petitioner's Bankruptcy Official Schedule Form 108, which corroborated with CitiMortgage, Inc.'s July 10, 2019, "unsecured" Proof of Claim 6-1; and denied to follow *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); and *Butner v. United States*, 440 U.S. 48, 55–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); and *In re Argubright*, 532 B.R. 888, 896 (Bankr. W.D. Tex. 2015); and *International Brotherhood of Teamsters v. Kitty Hawk International, Inc. (In re Kitty Hawk, Inc.)*, 255 B.R. 428, 439 (Bankr. N.D. Tex. 2000); and *Quadrel Leasing de Puerto Rico, Inc. v. Carols A. Rivera, Inc. (In re Carols A. Rivera, Inc.)*, 130 B.R. 377, 379 (Bankr. D. P.R. 1991); and ignored that CitiMortgage, Inc., violated 11 U.S.C. § 524(a) and 11 U.S.C. § 362(k) and 11 U.S.C. § 1326(c); and ignored that CitiMortgage, Inc., violated Fed. R. Bankr. P. 9011 and Rule 3001(c); and ignored that CitiMortgage, Inc., used an invalid Supplemental Final Judicial Report to defraud Petitioner's funds and confiscate his real property; to allow the Franklin County, Ohio 10th District Court of Appeals to wrongfully and erroneously enforce O.R.C. § 2329.31 and to hold against Petitioner as follows:

> {¶ 6} Confirmation of judicial foreclosure sales in Ohio is governed by R.C. 2329.31, which provides that, if the common pleas court finds that the sale was made in conformity with R.C. Chapter 2329, the court will direct distribution of the proceeds and order that the purchaser receive the deed for the subject property. "'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.'" *Ohio*

**(1)** Because CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(b)(7); hence, O.R.C. § 2329.31 cannot be used against Petitioner; consequently, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232 prior to January 31, 2024, as a matter of the law and the facts. **(2)** Because the confiscation of Petitioner's real property was not in

conformity with O.R.C. § 2329; consequently, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(3)** Because CitiMortgage, Inc.'s "unsecured" Proof of Claim 6-1 was wholly discharged and extinguished by Petitioner's 11/21/2019, Bankruptcy Order of Discharge and by Petitioner's ex-spouse Consolata Nkurunziza's 01/21/2016, Bankruptcy Order of Discharge; hence, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(4)** Because on November 05, 2018, in the Franklin County, Ohio Court of Common Pleas CitiMortgage, Inc., admitted having received "payments in full" from Petitioner on its mortgage loan after the filing of its September 14, 2010, Foreclosure Complaint; consequently, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(5)** Because CitiMortgage, Inc., used its invalid and unconstitutional and fraudulent Supplemental Final Judicial Report to unlawfully confiscate Petitioner's real property; consequently, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(6)** Because CitiMortgage, Inc., lacks a perfected certificate of judgment against Petitioner's real property in the Franklin County, Ohio Recorder's Office under O.R.C. § 2329.02 to create and attach a lien against Petitioner real property; hence, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(7)** Because in its July 10, 2019, Proof of Claim 6-1 CitiMortgage, Inc., honestly and unquestionably represented under Fed. R. Bankr. P. 9011 to the Bankruptcy Court that CitiMortgage, Inc., lacks any enforceable judgment against Petitioner and his real property; hence, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(8)** Because upon the entry of Petitioner's 11/21/2019, Bankruptcy Order of Discharge CitiMortgage, Inc., honestly and unquestionably was not granted a specifically *in rem* foreclosure judgment with a mention *in rem* on its face against Petitioner unmortgaged real property; hence, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts. **(9)** Because Petitioner was granted his 11/21/2019, Bankruptcy Order of Discharge; thereafter, in violation of Petitioner's 11/21/2019, Bankruptcy Order of Discharge CitiMortgage, Inc., enforced automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained retroactively *pre-discharge* and *post-discharge in personam* judgments, which granted Petitioner's discharged personal liabilities to collect more that $222,800.85 that is much higher than the originally alleged amount of $98,452.56 in its September 14, 2010, Foreclosure Complaint on top of admitting to collecting "payments in full from Petitioner" on its mortgage loan account after September 14, 2010; hence, the justices of the U.S. Supreme Court should under Fed. R. Bankr. P. 1001 return or give back to Petitioner his real property prior to January 31, 2024, as a matter of the law and the facts.

Under Fed. R. Bankr. P. 1001 and the inherent power of the U.S. Supreme Court; thus, Petitioner kindly asks the justices of the U.S. Supreme Court, and the Chief Justice of the U.S. Supreme Court John G. Roberts, Jr., and Associate Justice Brett M. Kavanaugh of the 6th Federal Judicial Circuit to expeditiously return or give back to Petitioner his real property prior to January 31, 2024.

CitiMortgage, Inc.'s "Supplemental Final Judicial Report" is lawlessness and invalid and is "not authorized" in today's modern and civilized world and everywhere in all nations on earth, and under the whole of existing American federal and state laws, and the Ohio and the U.S. Constitutions and O.R.C. § 2329.191(B)(7). Using its Supplemental Final Judicial Report to confiscate Petitioner's real property and to cause the death of Petitioner **"IS"** unconstitutional and fraudulent and devastating and grievous and

unlawful and affect the public right to real property ownership, and that CitiMortgage, Inc., enforced automatically void *ab initio* under 11 U.S.C. § 524(a) at anytime obtained *in personam pre-discharge* 11/15/2018, Foreclosure Judgment, which was without a mention *in rem* on its face **(Appendix B-1)** and *in personam post-discharge* July 06, 2022, Confirmation of Sale Order, which was without a mention *in rem* on its face **(Appendix B-19)** and *in personam post-discharge* August 01, 2022, Confirmation of Sale Order, which was without a mention *in rem* on its face **(Appendix B-20)**, all of which are such non enforceable judgments because CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(B)(7) and lacked a perfected certificate of judgment under O.R.C. § 2329.02 against Petitioner's real property in the Franklin County, Ohio Recorder's Office and are judgments based on its invalid and unconstitutional Supplemental Final Judicial Report against Petitioner; hence, Petitioner was grossly affected and "permanently damaged" **(Appendix A-4)** and now Petitioner will imminently be killed by the sheriff officers in the event this writ of certiorari is not granted. Petitioner should not unlawfully and unconstitutionally and fraudulently be killed using void *ab initio* judgments at the time obtained based on an invalid Supplemental Final Judicial Report, without due process of law and without a Capital Case's jury trial before the U.S. Supreme Court. Petitioner's life should be protected. The justices of the U.S. Supreme Court should expeditiously vacate the 10th District Court of Appeals' May 11, 2023, decision **(Appendix A-2)** and May 24, 2023, entry **(Appendix A-5)** and the Ohio Supreme Court's denial of jurisdiction **(Appendix A-3)** and under Fed. R. Bankr. P. 1001 should impartially give back to Petitioner his wholly paid off real property prior to January 31, 2024, as a matter of law and the facts.

The lower Courts had ignored Appellate Courts' precedents enforcing 11 U.S.C. § 524(a)(1) to automatically void *ab initio* under § 524(a)(1) at any time obtained retroactively *pre-discharge in personam* and *post-discharge in personam* judgments, and decided an important question of federal law that has not been, but should be, settled by the U.S. Supreme Court involving using a Supplemental Final Judicial Report to kill Petitioner and to unlawfully and unconstitutionally confiscate Petitioner's wholly satisfied and paid off entirely real property by CitiMortgage, Inc: an unscheduled and unsecured fraudulent creditor; consequently, on May 11, 2023, the Franklin County, Ohio 10th District Court of Appeals entered a conflicting decision **(Appendix A-2)** with its own and other Appellate Courts' precedents on the issue of enforcing 11 U.S.C. § 524(a). The lower Courts did not block the Supplemental Final Judicial Report and left it for the justices of the U.S. Supreme Court to blocking it for being a first impression issue presented before the U.S. Supreme Court; hence, there is a humongous public national importance of having the U.S. Supreme Court decide the question involved of blocking the Supplemental Final Judicial Report, to safeguarding the public rights to real property ownership. In situations of imminent danger of loss of a human life, and in death penalty or capital punishment cases, thus, the justices of the U.S. Supreme Court are praised for granting Petition for a Writ of Certiorari. Never before armed sheriff officers were dispatched to forcibly entering a homeowner's paid off entirely real property against his/her wish to kill a human being and to unconstitutionally confiscating his/her real property in violation of the 5th and 8th and the 14th Amendments to the U.S. Constitution using an invalid and fraudulent and unconstitutional Supplemental Final Judicial Report, which is a *per se* taking.

This first impression Case, which is before the justices of the U.S. Supreme Court shows that only the U.S. Supreme Court is the keeper and enforcer of the U.S. Constitution and American federal and state laws, as the lower Courts extinguished and nullified existing American laws to allow the invalid Supplemental Final Judicial Report being used to kill Petitioner, for wholly paying off entirely his real property and for being granted a Bankruptcy Order of Discharge; hence, the whole of existing American federal and state laws were not available for defense to Petitioner, because of Respondents' need to cause the death of Petitioner. At this last minute in litigation, Petitioner kindly puts his life in the impartiality of the oath of holding office of the current justices of the U.S. Supreme Court. In its judicial history, the U.S.

28

Supreme Court never blocked before a Supplemental Final Judicial Report; hence, this instant Case is of first impression and is of great public interest to protect their rights to real property ownership and their interest in the impartiality of the integrity of the American federal and state judicial system.

The Ohio Legislature and the U.S. Congress and the justices of the U.S. Supreme Court do not know why First American Financial Title Insurance Company designed and provided to CitiMortgage, Inc., its invalid and unconstitutional Supplemental Final Judicial Report and its devastating and powerful impact on Petitioner's secured U.S. constitutional right to real property ownership and right to life and secured due process and the equal protection under the law rights and justice for all right. This Petition for a Writ of Certiorari demands the U.S. Supreme Court to grant to Petitioner his secured due process and the equal protection under the law rights to defend and seek justice or redress and to vindicate in an impartial tribunal and before impartial justices in the highest U.S. Court of last resort or else be killed. First American Financial Title Insurance Company and CitiMortgage, Inc., and Padgett Law Group and respondents' reasoning, judgment, and conducts acted with culpability to fraudulently and unlawfully and unconstitutionally harm and injure and damage the honest but unfortunate Petitioner in a Bankruptcy process to abort Petitioner's Bankruptcy relief for a fresh start in violation of American laws. With no exception, American case laws and Courts' precedents on the enforcement of 11 U.S.C. § 524(a) and the American public and the U.S. Supreme Court and the U.S. Congress and nationwide legislators and scholars and judges and justices are in a settled and established accordance that 11 U.S.C. § 524(a) automatically void *ab initio* at any time obtained retroactively *pre-discharge* and *post-discharge in personam* judgments against a debtor; hence, CitiMortgage, Inc.'s *in personam* judgments against Petitioner and his real property are void *ab initio* under 11 U.S.C. § 524(a).

Without exception, Chief Bankruptcy Judge John E. Hoffman, jr., ignored that American case laws and Courts' precedents on the enforcement of 11 U.S.C. § 524(a) and the American public and the U.S. Supreme Court and the U.S. Congress and nationwide legislators and scholars and judges and justices are in a settled and established accordance that upon the entry of Petitioner's 11/21/2019, Bankruptcy Order of Discharge; consequently, only and specifically *in rem* judgments with a mention *in rem* on their faces can pass through and survive Bankruptcy; hence, Chief Bankruptcy Judge John E. Hoffman, jr., ignored that CitiMortgage, Inc.'s *pre-petition* and *post-petition in personam* judgments against Petitioner and his real property were void *ab initio* at any time obtained under 11 U.S.C. § 524(a)(1). Chief Bankruptcy Judge John E. Hoffman, jr., knew and should have known that CitiMortgage, Inc.'s judgments against Petitioner are *in personam* and did not pass through or survive Bankruptcy.

The United States Court of Appeals for the Sixth Circuit decided in *Hamilton v. Herr* (In *re Hamilton*), 540 F.3d 367, 372 (6th Cir. 2008) as follows:

This case requires us to determine whether 11 U.S.C. § 524(a) makes a state-court judgment void *ab initio* when entered against a debtor whose dischargeable debts had been discharged, or whether the *Rooker-Feldman* doctrine compels federal courts to respect the state-court judgment. we conclude that § 524(a) prevails and state court judgments that modify a discharge order are void *ab initio*.

On March 27, 1998, the bankruptcy court discharged all of the Debtor's "dischargeable debts," and stated that:
*Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor* with respect to any of the following:...
This order enjoined "[a]ll creditors whose debts are discharged by this order and all creditors

29

whose judgments are declared null and void by [the paragraph] above... from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor."... This case requires us to elaborate upon the meaning of 11 U.S.C. § 524(a). That provision states in part that "[a] discharge in a case under this title — . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover... any such debt as a personal liability of the debtor, *whether or no discharge of such debt is waived*" 11 U.S.C. § 524(a) (emphasis added). This provision was designed "to effectuate the discharge and make it unnecessary to assert it as an affirmative defense in a subsequent state court action." 4 COLLIER ON BANKRUPTCY ("COLLIER") ¶ 524.LH[1], at 524-57 (Sept. 2005) (Lawrence P. King ed., 15th ed. rev.).

[S]ection 524(a) declares that any judgment on a discharged debt in any forum other than the bankruptcy court is null and void as it affects the personal liability of the debtor. . . . Accordingly, if a creditor brings a collection suit after discharge, and obtains a judgment against the debtor, the judgment is rendered null and void by section 524(a). The purpose of the provision is to make it absolutely unnecessary for the debtor to do anything at all in the collection action.

*Id.*, at 524-61. And it is for that reason that the Bankruptcy Court of the Northern District of Ohio noted that a debtor need not raise his discharge in bankruptcy as an affirmative defense, because thanks to § 524(a) "such an affirmative defense is unnecessary and has been since 1970." *Braun v. Champion Credit Union (In re Braun)*, 141 B.R. 133, 138 (Bankr.N.D.Ohio 1992)... When made without legal authority, a *374 state-court judgment that modifies the discharge order "is a legal nullity and void *ab initio*." *Id.; see also In re Cruz*, 254 B.R. 801, 811 (Bankr.S.D.N.Y. 2000) (applying *In re Pavelich*).

Pursuant to Fed. R. Bankr. P. 9011 and under Petitioner's penalty of perjury, CitiMortgage, Inc., was not scheduled as a creditor for Petitioner in the Bankruptcy Case No. 2:19-bk-52868 **(Appendix B-15)**, in which CitiMortgage, Inc., pursuant to Fed. R. Bankr. P. 9011 honestly and under the Penalty of Perjury represented to the Bankruptcy Court on July 10, 2019, that CitiMortgage, Inc., **"lacked"** any enforceable 11/15/2018, Foreclosure Judgment against Petitioner and against his wholly paid off real property **(Appendix B-16)**. Based on public Courts' records, the justices of the U.S. Supreme Court should find that the lower Bankruptcy Court lacked the discretion to ignore that CitiMortgage, Inc., was not scheduled as a secured creditor of Petitioner in the Bankruptcy Case No. 2:19-bk-52868 and that on 07/10/2019, CitiMortgage, Inc., pursuant to Fed. R. Bankr. P. 9011, honestly and under the Penalty of Perjury represented to the Bankruptcy Court that CitiMortgage, Inc., **"lacked"** any judiciable controversy against Petitioner and against his wholly paid off real estate **(Appendix B-16)** in corroboration to Petitioner's Bankruptcy Schedule Official Form 108 **(Appendix B-13)**. Based on the evidentiary facts and the Courts' records; thus, it is undisputed that Petitioner's real property is wholly satisfied and paid off entirely; consequently, CitiMortgage, Inc., is "barred" to kill Petitioner and to confiscate Petitioner's wholly paid off real property using its invalid Supplemental Final Judicial Report.

In violation of O.R.C. § 3953.32, First American Financial Title Insurance Company provided to CitiMortgage, Inc., its invalid Supplemental Final Judicial Report; thereafter, CitiMortgage, Inc., use its **"Supplemental Final Judicial Report" (Appendix B-27)** against Petitioner to unconstitutionally kill Petitioner and silence Petitioner for its Supplemental Final Judicial Report to erase and extinguish all the U.S. Supreme Court's precedents on right to real property ownership and to become a damaging and conflicting law of the land in America to unconstitutionally and unlawfully appropriating real properties.

Ohio Revised Code Section 3953.32 **(Appendix D-6)**: Offer of closing or settlement protection to parties provides in pertinent part as follows:

> (A) At the time an order is placed with a title insurance company for issuance of a title insurance policy, the title insurance company or the title insurance agent shall offer closing or settlement protection to the lender, borrower, and seller of the property, and to any applicant for title insurance.

Allowing an invalid Supplemental Final Judicial Report, Respondents developed a swift and active network to counter the U.S. Supreme Court's precedents on rights to real property ownership, for their unlawful and fraudulent and unconstitutional pursuits of financial enrichments, which refuted and ignored the U.S. Supreme Court's precedents on rights to real property ownership, to wholly ascertain that the fundamental property rights, like the right to exclude "can be balanced away" swiftly without any possible impediment, in contradiction to the fact that the Chief Justice of the U.S. Supreme Court John G. Roberts, Jr., recently wrote for the majority as follows, "The right to exclude is one of the most treasured rights of property ownership" and "is universally held to be a fundamental element of the property right," and further said the U.S. Supreme Court has long held that even temporary or intermittent invasions of a private property are still "takings" and that the fundamental property rights, like the right to exclude, "cannot be balanced away," and that moreover, the fact that we live in a complex modern society "only reinforces the importance of safeguarding the basic property rights that preserve individual liberty, as the Founders explained;" hence, this instant Case clearly shows that Respondents wholly disagree with the U.S. Supreme Court on these highly important issues and matters of treasured rights of property ownership and created a network within the American Judicial System to bury and nullify and extinguish existing laws and the judicial power of the Chief Justice of the U.S. Supreme Court John G. Roberts, Jr., and the inherent power of the U.S. Supreme Court and the power of the U.S. Congress, with their confidence that the U.S. Supreme Court rarely grants petitions for a writ of certiorari to unrepresented *pro se* and honest but unfortunate bankrupt debtors.

Petitioner's Bankruptcy Court's records and Injunction Order of Discharge are public records that under O.R.C. § 2329 must be mentioned and shown on his Preliminary and Final Judicial Reports and cannot be concealed to the public as they were mentioned in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 **(Appendix B-9)**; hence, after Petitioner was granted his 11/21/2019, Order of Discharge; hence, in disrespect and ignorance of the American Judicial System and existing laws and the judicial power of the Chief Justice of the U.S. Supreme Court John G. Roberts, Jr., and the justices of the U.S. Supreme Court and the inherent power of the U.S. Supreme Court and the power of the U.S. Congress and the Ohio Legislature and Ohio laws; thus, First American Financial Title Insurance Company provided an invalid and unconstitutional and fraudulent Supplemental Final Judicial Report to CitiMortgage, Inc., to be used against Petitioner to accomplish the concealment of Petitioner's Bankruptcy Court's records in the Bankruptcy Case No. 2:14-bk-55846 and Bankruptcy Case No. 2:19-bk-52868 and Petitioner's November 21, 2019, Bankruptcy Court Injunction Order of Discharge, to allow the *in personam* or not *in rem* taking and appropriation of Petitioner's wholly paid off real property against his wish, in violation of the 5th and 8th and 14th Amendments to the U.S. Constitution and the precedents of appellate Court and the U.S. Supreme Court; consequently, Petitioner was permanently damaged and injured and rendered destitute.

Being an Ohio licensed title insurance company ignoring *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 **(Appendix C-2)**, in which the Order of Discharge was mentioned in a judicial report; thus, in the Bankruptcy Case No. 2:19-bk-52868, First American Financial Title Insurance Company is liable to Petitioner. First American Financial Title Insurance Company knew and fraudulently and maliciously

31

ignored and concealed Petitioner's Bankruptcy Case No. 2:14-bk-55846 record and Bankruptcy Case No. 2:19-bk-52868 record and Petitioner's ex-spouse Consolata Nkurunziza's Bankruptcy Case No. 2:15-bk-52830 and January 21, 2016, and November 21, 2019, Bankruptcy Court Injunction Orders of Discharge and provided an invalid and unconstitutional and fraudulent Supplemental Final Judicial Report to CitiMortgage, Inc., to be used against Petitioner to accomplish Respondents' fraudulent financial wish in a highest sophisticated Respondents' **"conspiracy to kill Petitioner"** for wholly paying off entirely his private residential real property **(Appendix B-13)** and for being granted his November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix B-17)** under 11 U.S.C. § 727(a). First American Financial Title Insurance Company knew and fraudulently and maliciously ignored CitiMortgage, Inc., **"was barred"** to confiscate Petitioner's real property but allowed damages and irreparable harms and injuries to affect Petitioner and to cause the sheriff officers to kill Petitioner.

It is undisputed that the lower Courts lacked the discretion to ignore that CitiMortgage, Inc., **"never"** filed a **Final Judicial Report** under O.R.C. § 2329.191(B)(7) **(Appendix B-21)**; thus, Petitioner's real property should have not been unlawfully and unconstitutionally auctioned on June 10, 2022. *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740; *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.); *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651; hence, the government and the trial Court judge and CitiMortgage, Inc., **"were barred"** to unlawfully and unconstitutionally and fraudulently auctioning Petitioner's wholly paid off real property under existing laws. In observation of *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740; *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, (9th Dist.); thus, the U.S. Supreme Court should follow the State of Ohio, Mahoning County in the Court of Appeals Seventh District, which held in *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651 **(Appendix C-4)** as follows:

> {¶ 11} In the conclusions of law, the magistrate concluded **the corrected preliminary judicial report was not a final judicial report as required by O.R.C. § 2329.131**, finding it did not update the status of title or include a copy of the court's docket. **The magistrate found this deficiency rendered the foreclosure decrees void as there was no foreclosure decree remaining, the order confirming the sale was also declared void**...

Under Ohio law and existing American laws and worldwide in all nations, a Supplemental Final Judicial Report **is not provided** for being lawlessness; hence, it is a patently and unambiguously Ohio Legislature' act and intention in O.R.C. § 2329.191(B)(7) **(Appendix B-22)** that the plain language of O.R.C. § 2329.191(B)(7) reiterates and confirms as follows:

> (7) The name and address of each lienholder and the name and address of each lienholder's attorney, if any, as shown on the recorded lien of the lienholder.

> Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a **Final Judicial Report** that updates the state of the record title to that real estate from the effective date of the **Preliminary Judicial Report** through the date of *lis pendens* and... The cost of the title examination necessary for the preparation of both the **Preliminary Judicial Report** and the **Final Judicial Report**

In order to cause the death of Petitioner, in this instant Case, the Franklin County, Ohio 10th District Court of Appeals lacked the discretion to ignore enforcing O.R.C. § 2329.191(B) and O.R.C. § 2329.02 and 11 U.S.C. § 524(a) in favor of Petitioner and to patently and unambiguously allow the

invalid Supplemental Final Judicial Report to affect Petitioner; thus, in the May 11, 2023, decision
**(Appendix A-2)**, the 10th District Court of Appeals lacked the discretion to ignore following *GMAC Mgt.,
L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.) and *Home Fed. S. & L.
Assn. of Niles v. Keck*, 2016-Ohio-651 and *Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478,
2482 (2005) and *State ex rel. Mager v. State Teachers Retirement Sys.* of Ohio, 123 Ohio St.3d 195,
2009-Ohio4908, 915 N.E.2d 320 and *McClung v. McClung*, 2004-Ohio-240; In *re Pavelich* 229 B.R. 777
(B.A.P. 9th Cir. 1999); *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675; *Hamilton v. Herr* (In re
*Hamilton*), 540 F.3d 367, 373-74 (6th Cir. 2008); and *Riley v. AmTrust Mortg. Corp.* (In re Riley),
Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014) **(Appendix C-
10)** and its own precedent in *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740 **(Appendix C-5)** holding
that a Final Judicial Report must be filed under O.R.C. § 2329.191(B)(7) and not a Supplemental Final
Judicial Report that is not provided under American laws and held as follows:

{¶ **2**} O.R.C. § 2329.191(B) requires the filing of preliminary and final judicial reports in
foreclosure actions. The preliminary report must contain the property's legal description,
address,... and the names and addresses of lienholders. O.R.C. § 2329.191(B)(1) through (7).

{¶ **3**} The statute further provides that:
Prior to submitting any order or judgment entry to a court that would order the sale of the
residential real estate, the party submitting the order or judgment entry shall file with the clerk of
the court of common pleas a **Final Judicial Report** that updates the state of the record title to that
real estate from the effective date of the **Preliminary Judicial Report** through the date of *lis-
pendens* and includes a copy of the court's docket for the case. The cost of the title examination
necessary for the preparation of both the **Preliminary Judicial Report** and the **Final Judicial
Report**... as costs in the case. O.R.C. § 2329.191(B)(1) through (7).

{¶ **4**} The purpose of the **Final Report** is to update the state of the record title to the property at
issue. O.R.C. § 2329.191(B). The legislature's decision to include this mandatory language in the
statute evidences the legislature's understanding of the importance of establishing a definitive
record of title in a foreclosure action prior to the ultimate sale or disposition of the property.
*GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.).

But contrary to the Court's precedent in *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740 and
contrary to O.R.C. § 2329.191(B)(7), in this instant Case, CitiMortgage, Inc., submitted its invalid and
lawless and unconstitutional and unlawful Supplemental Final Judicial Report; hence, Petitioner lacked
any adequate remedy in the ordinary course of the law and lacked any opportunity for an appeal, as the
U.S. Court of Appeals for the Sixth Circuit owed Petitioner a judgment in the pending case before it and
left it for the U.S. Supreme Court to do it.

The lower Courts lacked the discretion to ignore that the filing of a Supplemental Final Judicial
Report is fraud upon the Court and is unlawful. Being a minority-colored man is the reason why justice is
being denied to Petitioner. In this instant Case a Supplemental Final Judicial Report was filed; but to the
contrary, the Court held in *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-
1780, ¶ 22 (9th Dist.) **(Appendix C-6)** as follows:

The final report is to be filed prior to the trial court's entry of judgment. **O.R.C. § 2329.191(B)(7);
Loc. R. 11.03.** Here, GMAC filed a preliminary report with its complaint; however, it did not file
a final report.

{¶ **21**} Assuming without deciding that the trial court may have permissibly ignored its own local rule requiring the filing of a final judicial report, **it did not have discretion to ignore a statute containing that requirement.**

{¶ **22**} O.R.C. § 2329.191 requires the filing of preliminary and final judicial reports in foreclosure actions. The statute provides that "[p]rior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report * * *." O.R.C. § 2329.191(B).

Following in *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.), in this instant Case, the Final Judicial Report was never filed prior to the trial Court's entry of the November 15, 2018, Foreclosure Judgment in a violation of O.R.C. § 2329.191(B)(7) and will never be filed, for Respondent to kill Petitioner; consequently, Petitioner must flee the USA and become an asylum seeker or a refugee in a foreign nation, to remain alive or else be unconstitutionally killed here.

Petitioner was granted a Bankruptcy Court Injunction Order of Discharge on November 21, 2019, **(Appendix B-17)** in his May 01, 2019, Bankruptcy Case No. 2:19-bk-52868. Petitioner's ex-spouse Consolata Nkurunziza was granted a Bankruptcy Court Injunction Order of Discharge on January 21, 2016, **(Appendix B-18)** in her Bankruptcy Case No. 2:15-bk-52830; both of which automatically voided *ab initio* under 11 U.S.C. § 524(a) at any time obtained *in personam pre-discharge* November 15, 2018, Foreclosure Judgment **(Appendix B-1)** and *in personam post-discharge* July 06, 2022, Confirmation of Sale Order **(Appendix B-19)** and *in personam post-discharge* August 01, 2022, Confirmation of Sale Order **(Appendix B-20)**. The Franklin County, Ohio 10th District Court of Appeals and the Ohio Supreme Court and the Franklin County, Ohio Court of Common Pleas and the lower Bankruptcy Court and the U.S. District Court in Columbus, Ohio lacked the discretion to allow the Supplemental Final Judicial Report "contrary" to *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 **(Appendix C-2)**, in which the Order of Discharge was mentioned in a judicial report and to let for the U.S. Supreme Court to block it.

Hence, in this instant Case, following the Franklin County, Ohio 10th District Court of Appeals in Columbus, Ohio, in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, the justices of the U.S. Supreme Court should find that Petitioner's Bankruptcy records are public and should be listed on the Preliminary or/and the Final Judicial Report pursuant to O.R.C. § 2329.191; thus, the U.S. Supreme Court should hold that in judicial foreclosure cases, Debtors' public Bankruptcy records cannot be concealed on judicial reports and should find that in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, First American Financial Title Insurance Company made the judicial report, which listed or mentioned a Bankruptcy Order of Discharge as the 10th District Court of Appeals held in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 **(Appendix C-2)** that:

{¶ **6**} On April 21, 2014, CitiMortgage filed a foreclosure action which also sought "other relief, legal and equitable, as may be proper…" and attached copies of the note, mortgage, and modifications. (Apr. 21, 2014 Compl. at 4.)… However, a preliminary judicial report filed pursuant to Loc.R. 96 of the Franklin County Court of Common Pleas and **O.R.C. § 2329.191 from First American Financial Title Insurance Company** sets forth that Wiley enjoyed a right of survivorship in the property at 7740 Walnut Street.

{¶ **21**} … Insofar as CitiMortgage sought "legal" relief as to Davies' debt on the Note (as separate from "equitable" relief *in rem* as against the real estate), there has been a failure to join necessary parties to the action. However, **Schedule B to the Preliminary Judicial Report lists a Bankruptcy Discharge** for Davies on May 21, 2013, and the record does not show whether or

not, or to what extent if it did, this affected the debt on the Note. While the record is somewhat murky on the effect of the bankruptcy filing on the Note, CitiMortgage may be in the identical position as *Deutsche Bank in Holden*, not able to pursue its remedies concerning the Note and left with only the option of foreclosure *in rem* as against the real estate at 7740 Walnut Street.

The justices of the U.S. Supreme Court in upholding the American homeowners right to real property ownership, should observe in *Cedar Point Nursery v Hassid* **(Appendix C-8)** to make Petitioner whole again. Because of the use of the invalid Supplemental Final Judicial Report against Petitioner; thus, the lower Courts left for the justices of the U.S. Supreme Court to observe in *Cedar Point Nursery v Hassid* and under Rule 1001 to expeditiously give back to Petitioner his real property prior to January 31, 2024, to prevent that Petitioner dies from freezing in the woods.

In *Johnson v. Home State Bank*, 501 U.S. 78 (1991) **(Appendix C-7)**, the U.S. Supreme Court did not state or establish that automatically void *ab initio* under 11 U.S.C. § 524(a)(1) at any time obtained judgments **"can"** be enforced again; hence, in this instant Case, using a Supplemental Final Judicial Report, the trial Court and CitiMortgage, Inc., enforced automatically void *ab initio* under § 524(a)(1) at any time obtained judgments against Petitioner in violation of Rule 9011, to kill Petitioner and to confiscate his wholly satisfied and paid off real property and to fracture Petitioner's left arm.

The Ohio Supreme Court's record **(Appendix C-9)** substantiates that Petitioner filed on September 19, 2023, on the record in the Ohio Supreme Court Case No. 2023-GEN-0771, his notice to justices that 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02 and O.R.C. § 5309.53 and O.R.C. § 5309.55 were violated **(Appendix D-3)**; and filed on September 14, 2023, his notice to justices that Petitioner filed on April 26, 2022, his November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix D-4)** on the record of the Foreclosure Case No. 2010-CV-09-13480; and filed on September 15, 2023, his notice to justices that Petitioner requested compliance to O.R.C. § 2329.191(B) and that CitiMortgage, Inc., never filed a Final Judicial Report under O.R.C. § 2329.191(B) and that CitiMortgage, Inc., filed its Supplemental Final Judicial Report **(Appendix D-5)**. The Ohio Supreme Court denied its jurisdiction and left for the justices of the U.S. Supreme Court to block the invalid and unconstitutional Supplemental Final Judicial Report.

In *Johnson v. Home State Bank*, 501 U.S. 78 (1991) **(Appendix C-7)**, the U.S. Supreme Court did not establish a precedent holding that an invalid Supplemental Final Judicial Report can be used against Debtors to collect Debtors discharged personal liabilities by enforcing automatically void *ab initio* at anytime obtained *in personam pre-discharge* and *post-discharge* judgments. The U.S. Supreme Court should block the use the purely lawless and invalid Supplemental Final Judicial Report.

In this instant Case, the Bankruptcy Court denied enforcing 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and 11 U.S.C. § 362(k) and 11 U.S.C. § 105(a) and Rule 9011 and O.R.C. § 2329.191 and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02 to unlawfully and improperly allowing on May 11, 2023, the Franklin County, Ohio 10th District Court of Appeals to decide an important federal question **(Appendix A-2)** on the issue of enforcing 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and Rule 9011 in a way that conflicted with relevant decisions of the U.S. Supreme Court and its own precedent and other Courts of Appeals' decision on the same issue of 11 U.S.C. § 524(a), and had so far departed from the accepted and usual course of judicial proceedings by allowing the lawless and invalid Supplemental Final Judicial Report and rejecting the whole of existing American federal and state laws; hence, by denying its jurisdiction, the Ohio Supreme Court called for an exercise of the U.S. Supreme Court's supervisory power to establish a precedent permanently blocking the invalid Supplemental Final Judicial Report. The

lower Courts denied enforcing 11 U.S.C. § 524(a)(1) and (a)(2) in favor of Petitioner in this instant Case where Citimortgage, Inc., violated the 5th and 8th and 14th Amendments to the U.S. Constitution.

Respondents allowed CitiMortgage, Inc., to use its Supplemental Final Judicial Report to affect Petitioner and to extinguish and nullify Petitioner's rights to exclude and right to private property ownership on November 29, 2022. In its precedent in *Cedar Point Nursery v Hassid*, the U.S. Supreme Court affirmed that the government cannot "confiscate" Petitioner's entirely and wholly paid off entirely private residential real property against his wish to allow CitiMortgage, Inc., on November 29, 2022, to unconstitutionally and fraudulently and maliciously in bad faith and unlawfully and wrongfully confiscating and permanently depriving Petitioner's wholly paid off entirely residential real property, using its Supplemental Final Judicial Report, which constituted a *per se* physical taking and unconstitutional appropriation under the precedents of the U.S. Supreme Court, which decided as follows:

The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides:

"[N]or shall private property be taken for public use, without just compensation." The Founders recognized that the protection of private property is indispensable to the promotion of individual freedom. As John Adams tersely put it, "[p]roperty must be secured, or liberty cannot exist." Discourses on Davila, in 6 Works of John Adams 280 (C. Adams ed. 1851). This Court agrees, having noted that protection of property rights is "necessary to preserve freedom" and "empowers persons to shape and to plan their own destiny in a world where governments are always eager to do so for them." *Murr* v. *Wisconsin*, 582 U. S. ___, ___ (2017) (slip op., at 8).

When the government physically acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation. *Tahoe-Sierra Preservation Council, Inc.* v. *Tahoe Regional Planning Agency*, 535 U. S. 302, 321 (2002). The Court's physical takings jurisprudence is "as old as the Republic." *Id.*, at 322. The government commits a physical taking when it uses its power of eminent domain to formally condemn property. See *United States* v. *General Motors Corp.*, 323 U. S. 373, 374–375 (1945); *United States ex rel. TVA* v. *Powelson*, 319 U. S. 266, 270–271 (1943). The same is true when the government physically takes possession of property without acquiring title to it. See *United States* v. *Pewee Coal Co.*, 341 U. S. 114, 115–117 (1951) (plurality opinion).

Contrary as the U.S. Supreme Court held in *United States v. Pewee Coal Co.*, 341 U. S. 114, 115–117 (1951) and *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U. S. 302, 321 (2002) and *United States v. General Motors Corp.*, 323 U. S. 373, 374–375 (1945) and *United States ex rel. TVA v. Powelson*, 319 U. S. 266, 270–271 (1943); thus, in this instant Case, unlawfully and unconstitutionally and in violation of O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02 and O.R.C. § 5309.53 and O.R.C. § 5309.55 and 11 U.S.C. § 524(a) and the U.S. Supremacy Clause; thus, the government and CitiMortgage, Inc., physically and unconstitutionally and unlawfully and fraudulently permanently appropriated and acquired Petitioner's private property without just compensation. The parties are properly before the justices of the U.S. Supreme Court to request the U.S. Supreme Court to permanently "blocking" the invalid and unconstitutional and unauthorized CitiMortgage, Inc., July 15, 2020, Supplemental Final Judicial Report **(Appendix B-27)**. In a violation of § 524(a)(1) and (a)(2), the record substantiates that pursuant to Loc. R. 96 of the Franklin County, Ohio Court of Common Pleas, CitiMortgage, Inc., and the Padgett Law Group and its attorneys prepared and were granted an August 01,

36

2022 **(Appendix B-20)**, *in personam* Confirmation of Sale Order against Petitioner in excess of $222,800.85, which is much higher than $98,452.56 as follows:

> And the Court, coming now to distribute the proceeds of said sale, it is hereby ORDERED,
> that the Sheriff, out of his hand pay:

FIRST:      To the Clerk of this Court, the costs of this action in the amount of **$1,488.00**, which includes $1,404.00 from the cost bill and $84.00 for release fees.

SECOND:   To the Sheriff of this County, for poundage in the amount of **$3,466.50.**

THIRD:      To the Treasurer of this County, the amount of **$3,344.65**, which includes real estate taxes due for tax year 2021 and also an estimated portion of the 2022 taxes prorated through June 10, 2022. Grantee takes title subject to all additional taxes, interest, penalties, assessments, and tax lien certificates, if any.

FOURTH:    To the Plaintiff, the balance of said proceeds of sale to apply to its judgment, as a credit to their indebtedness, in the amount of **$222,800.85.**

In a violation of § 524(a)(1) and (a)(2), the record substantiates that pursuant to Loc. R. 96 of the Franklin County, Ohio Court of Common Pleas, CitiMortgage, Inc., and the Padgett Law Group and its attorneys prepared and were granted a July 06, 2022 **(Appendix B-19)**, *in personam* Confirmation of Sale Order against Petitioner in excess of $222,800.85, which is much higher than $98,452.56 as follows:

> And the Court, coming now to distribute the proceeds of said sale, it is hereby ORDERED,
> that the Sheriff, out of his hand pay:

FIRST:      To the Clerk of this Court, the costs of this action in the amount of **$1,488.00**, which includes $1,404.00 from the cost bill and $84.00 for release fees.

SECOND:   To the Sheriff of this County, for poundage in the amount of **$3,466.50.**

THIRD:      To the Treasurer of this County, the amount of **$3,344.65**, which includes real estate taxes due for tax year 2021 and also an estimated portion of the 2022 taxes prorated through June 10, 2022. Grantee takes title subject to all additional taxes, interest, penalties, assessments, and tax lien certificates, if any.

FOURTH:    To the Plaintiff, the balance of said proceeds of sale to apply to its judgment, in the amount of **$222,800.85.**

On November 29, 2022, five heavily armed sheriff officers forcibly stormed and broke into and entered Petitioner's wholly satisfied private residential real property against his wish, to kill Petitioner upon physical contact and to looting Petitioner's valuable and belongings and money and assets and to permanently *per se* taking and confiscating Petitioner's wholly satisfied and paid off real property; thus, Petitioner jumped from the second floor to the ground to escape being killed by the sheriff officers and fractured his left arm **(Appendix A-4)**; consequently, Petitioner was permanently damaged and rendered destitute; consequently, Petitioner cannot pay the filing fees for this action for being confined to live in the wooded jungle away from civilization, as Petitioner became an unfortunate and destitute homeless. Petitioner relies on the U.S. Supreme Court's decisions on contempt proceedings in *Taggart v. Lorenzen*, 2019 U.S. LEXIS 3890, (June 3, 2019).

In Bankruptcy Case No. 2:19-bk-52868, Petitioner filed on 02/14/2023, his "Debtor's Motion for Relief Seeking a Monetary Award Order in Compliance to the Court's Precedent in *Johnson*, 580 B.R. at 802-03 (Bankr. S.D. 2018)" (ECF. Doc. 283); therefore, the Bankruptcy judge denied ruling upon Petitioner's motion and left it for the justices of the U.S. Supreme Court to enter a final judgment. On September 14, 2010, CitiMortgage, Inc., filed its *in personam* and not *in rem* Foreclosure Complaint **(Appendix B-3)** against Petitioner, which was without a mention *in rem* on its face, and which was never amended to become an *in rem* Foreclosure Complaint, and which sought the award of Petitioner's personal liabilities by originally alleging *in personam* and not *in rem* as follows:

> "**COUNT ONE:** ... Plaintiff has declared the debt evidenced by said Note due, and there is due thereon from the Defendants, Leonard Nyamusevya and Consolata Nkurunziza, $98,452.56, together with interest at the rate of 6.250% per year from May 01, 2010... plus Court costs, advances, and other charges, as allowed by law.
> WHEREFORE, **Plaintiff prays for judgment against Defendants, Leonard Nyamusevya (Defendants) and Consolata Nkurunziza, in the amount of $98,452.56, together with interest** at the rate of 6.250% per year from May 01, 2010,... **plus Court costs, advances, and other charges,** as allowed by law.

After CitiMortgage, Inc., admitted having received "payments" after September 14, 2010, on November 15, 2018, CitiMortgage, Inc., was granted an *in personam* Foreclosure Judgment **(Appendix B-1)** against Petitioner, which was without a mention *in rem* on its face and which was in the amount of **$98,452.56**, and which granted the *in personam* award of Petitioner's personal liabilities as follows:

> "Therefore, the Court finds that **there is due from said Defendant, Leonard Nyamusevya, to Plaintiff, the sum of $98,452.56, plus interest thereon at the rate of 6.25% per annum from June 01, 2010, plus advances made by Plaintiff for taxes, insurance, and otherwise to protect the property, and the cost of this action,** the full amount of which may be ascertained, as necessary, after sale judicial of the property... It is therefore Ordered that judgment shall be, and hereby is, rendered in favor of the Plaintiff and **against the Defendant, Leonard Nyamusevya, in the amount of $98,452.56, plus interest thereon at the rate of 6.25% per annum from June 01, 2010, plus advances made by Plaintiff for taxes, insurance,** and otherwise to protect the property, **and the cost** of this action.

On May 01, 2019, Petitioner filed his Chapter 13 Bankruptcy Case No. 2:19-bk-52868, in which CitiMortgage, Inc., **"was not scheduled"** as a creditor of Petitioner at all **(Appendix B-15)**, because Petitioner's wholly satisfied and paid off entirely private residential real property was no longer a mortgaged real property and Petitioner owed $0.00 to CitiMortgage, Inc., **(Appendix B-13)**; hence, in corroboration, on July 10, 2019, pursuant to Fed. R. Bankr. P. 9011, CitiMortgage, Inc., honestly and correctly represented to the Bankruptcy Court that CitiMortgage, Inc., lacked an enforceable November 15, 2018, Foreclosure Judgment **(Appendix B-1)**, for being wholly satisfied and extinguished and for contradicting Petitioner's ex-spouse Consolata Nkurunziza's January 21, 2016, Bankruptcy Court Injunction Order of Discharge **(Appendix B-18)** and Petitioner's November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix B-17)**.

In Foreclosure Case No. 2010-CV-09-13480, on April 03, 2019, Petitioner filed his Motion to Remove his Real Estate on the May 03, 2019, Sheriff Sale **(Appendix C-13)**; and on June 16, 2021, filed his Motion asking compliance to O.R.C. § 2329.191 **(Appendix D-5: Exhibit A)** as mandatory and statutorily required by the Ohio Legislature's act and intention and on April 26, 2022, filed his Motion for

38

his November 21, 2019, Bankruptcy Court Injunction Order of Discharge **(Appendix C-11)** and **(Appendix D-4: Exhibit B)** to making it part of the record and filed on August 11, 2022, his Motion to Claim and to Hold Court's Orders as Invalid and Nullities and Void *Ab Initio* **(Appendix C-12)**. In this instant Case, the lower Courts should have followed other Courts' precedents and in *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240, ¶ 12, citing 11 U.S.C. 524(a) to specifically and correctly decide that Petitioner's 11/21/2019, discharge voided *ab initio* any judgment and Confirmation of Sale Orders at any time obtained, to the extent that those judgments were a determination of Petitioner's discharged personal liabilities under section 727.

## CONCLUSION

This writ of certiorari should issue. To declare the invalid Supplemental Final Judicial Report unconstitutional and to permanently block it from affecting the public and their rights to home ownership and to block the sheriff officers from unconstitutionally killing Petitioner for wholly paying off his real property and for being granted his 11/21/2019, Bankruptcy Injunction Order of Discharge and to uphold the U.S. Constitution and the public interest in the impartiality and integrity of the American federal and state judicial systems and to return and give back to Petitioner his real property and to provide Petitioner's U.S. constitutional due process and the equal protection under the law rights and to improve existing American laws and to settle the conflict in lower Courts on the issue of enforcing 11 U.S.C. § 524(a) and to uphold its precedents on rights to real property ownership and rights to exclude and to permanently block the lawlessness of the invalid Supplemental Final Judicial Report and to vindicate Petitioner's sufferings; thus, the justices of the U.S. Supreme Court should grant the requested writ.

Because Petitioner was discharged on November 21, 2019; hence, the lower Courts should have enforced 11 U.S.C. § 524(a) in favor of Petitioner. Because CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(B)(7); thus, the U.S. Supreme Court should block the unconstitutional *per se* taking of Petitioner real property, which was not in conformity with O.R.C. § 2329. Because to outsmart the U.S. Supreme Court, CitiMortgage, Inc., filed its invalid Supplemental Final Judicial Report against Petitioner; thus, under Rule 1001, the U.S. Supreme Court should return and give back to Petitioner his real property expeditiously prior to January 31, 2024, and should vacate the conflicting May 11, 2023, Franklin County, Ohio 10th District Court of Appeals' decision and all Franklin County, Ohio Court of Common Pleas' judgment and Confirmation of Sale Orders.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Petitioner *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

## CERTIFICATE FOR SERVICE

I hereby certify that on the **19ᵗʰ day of December 2023**, I served a true and accurate copy of this document and all attachments on the following by emails listed with the Court and by regular U.S. Mail, postage prepaid at:

**Chief U.S. Bankruptcy Judge John E. Hoffman, jr.**
U. S. Bankruptcy Court, Southern District of Ohio, Eastern Division
170 North High Street
Columbus, Ohio 43215
Respondent
*offman282@ohsb.uscourts.gov*

**Kara A. Czanik**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Respondent
*kara.czanik@dinsmore.com*

**Chief U.S. District Judge Edmund A. Sargus, Jr.**
85 Marconi Boulevard
Columbus, Ohio 43215
Respondent

**Ellen L. Fornash, esq.**
**Jacqueline M. Wirtz, esq.**
**Bethany L. Suttinger, esq**
Padgett Law Group
8087 Washington Village Drive, Ste 220,
Dayton, Ohio 45458
Respondent
*OHAttorney@padgettlawgroup.com*
*seth.greenhill@padgettlawgroup.com*

**CitiMortgage, Inc.,**
1000 Technology Drive
O'Fallon, MO 63368
Respondent
*kara.czanik@dinsmore.com*

**Padgett Law Group**
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
Respondent.
*seth.greenhill@padgettlawgroup.com*

**First American Title Insurance Company**
Lead Attorney Alexander E. Goetsch, esq.
1 First American Way
Santa Ana, California 92707
Respondent.
*agoetsch@sikoralaw.com*

No other parties are affected by this petition.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Petitioner *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

40